MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

WADE M. RHYNE (CABN 216799)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: wade.rhyne@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> SUSAN XIAO-PING SU, ) <br> ) <br>    Defendant. ) <br> ) <br> _____ ) | No. CR-11-00288 SBA <br><br> **REQUEST FOR AUTHORIZATION TO DISCLOSE CERTAIN GRAND JURY MATERIAL PURSUANT TO FED. R. CRIM. P. 6(e)(3)(E)** |

     The United States requests an order pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E) permitting the United States to disclose certain grand jury materials that are required to be disclosed under normal circumstances pursuant to the Jencks Act, 18 U.S.C. § 3500, et seq.

     Rule 6(e) provides a general rule of grand jury secrecy for "matter[s] occurring before the grand jury," but Rule 6(e)(3)(E) permits disclosure "preliminarily to or in connection with a judicial proceeding" in a manner and subject to any conditions directed by the Court. The United States requests that the Court authorize limited disclosure of grand jury materials to counsel for Defendant and submits the following:

     1.    The Grand Jury returned a thirty-three-count indictment in this matter on April 28, 2011;

REQ. FOR AUTH. TO DISCLOSE GRAND JURY TRANSCRIPTS
No. CR-11-00288 SBA

2. The matter is currently set for status before this Court on July 12, 2011;

3. The United States is in the process of producing voluminous amounts of the documentary and electronic discovery to counsel for Defendant;

4. The United States requests this Court's authorization to disclose to counsel for Defendant certain grand jury material, namely, any transcripts of the testimony of any witness the United States expects to testify at trial, to comply with the Jenks Act; and

5. Due to the procedural posture of this case, allowing limited disclosure of grand jury materials in preparation for or use by the parties at trial would not frustrate the broad societal interest in grand jury secrecy.

DATED: May 27, 2011    Respectfully submitted,

MELINDA HAAG
United States Attorney

WADE M. RHYNE
Assistant United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>    Plaintiff, )<br>  )<br>    v. )<br>  )<br>SUSAN XIAO-PING SU, )<br>  )<br>    Defendant. )<br>  )<br>_____ ) | No. CR-11-00288 SBA<br><br>**[PROPOSED] ORDER GRANTING REQUEST FOR AUTHORIZATION TO DISCLOSE CERTAIN GRAND JURY MATERIAL PURSUANT TO FED. R. CRIM. P. 6(e)(3)(E)** |

    Having considered the United States' Request For Authorization To Disclose Certain Grand Jury Material Pursuant To Fed. R. Crim. P. 6(e)(3)(E) and the applicability of Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, it is hereby ORDERED that:

    1.    The attorneys for the United States may disclose to counsel for Defendant, any grand jury materials that need to be disclosed under normal circumstances pursuant to the Jencks Act, 18 U.S.C. § 3500, et seq.

    2.    Defense counsel shall not make any copies or duplicates of the grand jury material disclosed pursuant to this Order.

///

///

REQ. FOR AUTH. TO DISCLOSE GRAND JURY TRANSCRIPTS
No. CR-11-00288 SBA

3.  Except as permitted by Fed. R. Crim. P. 6(e), this Order, or any other court order, defense counsel shall retain physical possession of, and not disclose, any grand jury materials or the contents thereof to any other person, provided that, for the sole purpose of preparing for trial:

   a. defense counsel may use their knowledge of grand jury materials to interview prospective witnesses;

   b. defense counsel may show a prospective witness, or his or her own counsel, a transcript of that witness' _own_ grand jury testimony; and

   c. defense counsel may allow Defendant, secretaries, clerical workers, paralegals, contract personnel and experts, retained to assist in the preparation of this case for trial, to view grand jury materials solely for the purpose of preparing for the trial of this case.

4. Except as permitted by Fed. R. Crim. P. 6(e), each person to whom grand jury materials have been shown or their contents disclosed pursuant to Paragraph 3 of this Order, shall be informed of his or her responsibilities under this Order by defense counsel and shall not disclose the contents thereof to anyone other than counsel for the parties or his or her own counsel, who shall not be permitted to further disclose such material.

5. Nothing contained herein shall restrict or prevent any party from offering any materials into evidence or citing any materials in papers filed in this case.

6. All grand jury materials disclosed pursuant to this Order shall either be promptly destroyed or returned to the United States after this case is disposed of by trial, appeal, if any, or other resolution of the charges against Defendant.

DATED:_____

HON. SAUNDRA BROWN ARMSTRONG
United States District Judge

REQ. FOR AUTH. TO DISCLOSE GRAND JURY TRANSCRIPTS
No. CR-11-00288 SBA