David Billingsley, CSBN 179068
BONJOUR, THORMAN, BARAY & BILLINGSLEY
24301 Southland Dr., Ste 312
Hayward, Ca. 94545
(510) 785-8400 (phone)
(510) 670-0995 (fax)
david@btbandb.com

Attorneys for Defendant SUSAN SU

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR 11-00288 SBA |
| Plaintiff, | |
| v. | Date: December 12, 2011 |
| SUSAN SU, | Time: 11:00 a.m. |
| Defendants. | Courtroom: Hon. Saundra Armstrong |

_____/

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTS 1-12 OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE**

**INTRODUCTION**

Defendant, Susan Su, was the president and owner of Tri Valley University.  Tri Valley was started in 2008 as an institute of higher education which offered classes at the masters and P.H.D. level.   Tri Valley went through the application process and the U.S. Government gave Tri Valley University permission to issue I-20 forms to facilitate the application for student visas by

foreign nationals.  After receiving approval from the U.S. Government, Tri Valley University began admitting students who were foreign nationals in 2009.  The foreign nationals that were admitted to the school were issued I-20 by the school and obtained student visas from the U.S. Government.  Tri Valley University continued to operate until January 19, 2011 when the Government executed search warrants at the school and at Defendant's residence.

Counts 1-10 of the indictment charge Defendant, Susan Su, with mail fraud.  Counts 11 and 12 charge Defendant, Susan Su, with wire fraud.  In support of the mail and wire fraud charges, the Government alleges facts upon which they are relying to establish  "THE SCHEME TO DEFRAUD" in paragraphs 9-14 of the Indictment.

The Government identifies the United States as the victim of the scheme to defraud. Indictment, Paragraph 9.   The Government alleges that Defendant submitted fraudulent documents to Department of Homeland Security (DHS) in support of Tri Valley University's petition for approval to admit foreign students and after having obtained such approval, fraudulently issued visa-related documents to aliens in exchange for tuition and fees. Indictment, paragraph 9.  The Government also alleges that Defendant made materially false representations and submitted materially false documents to DHS agents, who are routinely tasked with contacting Student Exchange Visitor Program (SEVP) approved schools to verify the F-1 status of non-immigrants in the United States, or seeking to reenter the country. Indictment, paragraph 13.

The indictment does not allege that Defendant sought to defraud the victim, the United States Government, of money or property, a required element of mail and wire fraud.

///

///

1

**ARGUMENT**

2

**I.    COUNTS 1-12 OF THE INDICTMENT FAIL TO STATE AN OFFENSE**
3      **BECAUSE THE INDICTMENT FAILS TO IDENTIFY MONEY OR PROPERTY**
       **OF THE VICTIM THAT WAS THE SUBJECT OF THE DEFENDANT'S**
4      **SCHEME TO DEFRAUD.**

5

6      **A.  LEGAL STANDARD.**

7

        In a pretrial motion to dismiss an indictment for failure to state an offense, the indictment
8
is invalid unless it "allege[s] that the defendant performed acts which [if] proven constituted a
9
violation of the law that he or she is charged with violating." *United States v. Hedaithy*, 392 F.3d
10
580, 589 (3d cir. 2004).
11

12      Moreover, "a charging document fails to state an offense if the specific facts alleged in the

13 charging document fall beyond the scope of the relevant criminal statue, as a matter of statutory

14 interpretation."  *United States v. Panarella*, 277 F.3d 678, 685 (3d cir. 2002).

15      The indictment must be a plain, concise, and definite written statement of the essential

16 facts constituting the offense charged.  Fed. R. Crim. P. 7(c)(1).

17

18      In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the

19 District Court is bound by the four corners of the indictment. *United States v. Jensen*, 93 F.3d 667,

20 669 (th Cir. 1996); *United States v. Caicedo*, 47 F.3d 370, 371 (9th Cir. 1995), *United States v.*

21 *Buckley*, 689 F.2d 893, 897 (9th Cir. 1982).  On a motion to dismiss an indictment for failure to
22
state an offense, the court must accept the truth of the allegations in the indictment in analyzing
23
whether a cognizable offense has been charged. *U.S. v. Jensen, supra* at p. 669.  The indictment
24
either states an offense or it does not, and if not, the indictment or offending counts must be
25
dismissed. *U.S. v. Shipsey*, 363 F.3d 962, 965 (9th Cir. 2004).
26

27

28

**B.    COUNTS 1-12 FAIL TO STATE AN OFFENSE BECAUSE THE INDICTMENT FAILS TO ALLEGE THAT THE OBJECT OF THE SCHEME TO DEFRAUD WAS MONEY OR PROPERTY OF THE VICTIM, A REQUIRED ELEMENT.**

Defendant challenges the indictment as failing to state on an offense under 18 U.S.C. section 1343 (Wire Fraud) and 18 U.S.C. section 1341 (Mail Fraud) in counts 1-12 of the Indictment because the Government fails to make factual allegations that the money or property of the identified victim, the U.S. Government, was the object of the scheme to defraud.

In relevant part, the elements of Wire and Mail Fraud are as follows:

First, the defendant devised a scheme or plan for obtaining money or property by making false promises or statements;

Second, the defendant knew that the promises or statements were false or fraudulent;

Third, the promises or statements were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, the defendant used, or cause to be used, the mails (or interstate wire facilities) to carry out or attempt to carry out an essential part of the scheme. 18 U.S.C. 1341, 18 U.S.C. 1343, 9th Circuit Model Criminal Jury Instructions 8.101 & 8.103.

In *McNally v. United States*, 483 U.S. 350, 360 (1987), the Supreme Court held that the federal mail fraud statute is "limited in scope to the protection of property rights."  Subsequent to *McNally*, Congress amended the law specifically to cover "the intangible right of honest services." 18 U.S.C. section 1346.  The Supreme Court then ruled in *Skilling v. U.S.,* 130 S.Ct. 2896 (2010) that "honest services fraud" applies only to bribes and kickbacks. The Indictment in the present case makes no mention of bribes or kickbacks and alleges no facts consistent with such a theory.

The Government thus appears to rely on the theory that the fraudulent scheme sought to deprive the victim, the U.S. Government, of money or property. Yet, the Indictment fails to allege facts sufficient to establish this element under sections 1341 and 1343.

In *Cleveland v. U.S. 531* U.S.12 (2000), the Supreme Court further clarified section 1341 by explaining that the property being protected is property of the victim. In *Cleveland v. United States*, 531 U.S. 12 (2000), the defendant was accused of mail fraud for allegedly making false statements in applying to the Louisiana State Police for licenses to operate video poker machines. Among the issues the Supreme Court addressed was whether the money or property that is the object of the scheme needed to be possessed by the victim. The Government argued that even if the license was not "property" in the hands of the State, it became property in the hands of the licensee (defendant) and therefore would still satisfy the element of a scheme to obtain money or property. *Id*. at 25-26. The Supreme Court rejected that argument. The Supreme Court stated, "[i]t does not suffice, we clarify, that the object of the fraud may become property in the recipient's hands; for purposes of the mail fraud statute, the thing obtained must be property in the hands of the victim." *Id.* at 15.

The Indictment against Defendant in the present case does not contain any factual allegations that Defendant sought to defraud the United States Government of money or property. The facts alleged in the Indictment regarding the fraud against the United States related to two areas: (1)  fraud by the Defendant in order to receive the approval and permission of the United States Government to issue student visas (I-20's) to aliens; and (2) material false representations and the submission of materially false documents by the Defendant to Government agents concerning aliens to whom Defendant had issued student visas. None of the allegations mention any money or property of the United States Government which the fraud was intended to reach.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The only facts alleged by the Government in the Indictment related to money are the Government's allegations that Defendant received money from students for tuition and fees.  But it is the United States Government, not the students, whom the Prosecution alleges is the victim in this case and the one to whom Defendant made false representations.  As in *Cleveland*, The Indictment in this case fails to state a offense in counts 1 - 12 because facts alleged do not support a finding that the object of the scheme to defraud was money or property of the victim.

### C.   GOVERNMENT'S INTEREST IN MAINTAINING THE INTEGRITY OF THE VISA PROCESS IS A REGULATORY INTEREST, NOT A PROPERTY INTEREST.

The allegations in the Indictment described a scheme to defraud the U.S. Government with respect to its ability to regulate and control entry of foreign nationals in the U.S. and to keep track of them once they enter the country.   Although the Government has an important regulatory interest regarding the admittance and behavior of foreign nationals within its borders, that interest is not a property interest for purposes of sections 1341 and 1343.

In *Cleveland v. United States*, *supra*, the Supreme Court addressed whether a license issued by the State was "property" under section 1341.  As explained above, the defendant in *Cleveland* was charged with mail fraud for allegedly making false statements in applying to the Louisiana State Police for licenses to operate video poker machines.  The Supreme Court held that such a permit or license did not qualify as "property" under section 1341.  *Id.* at 15.  In reaching that conclusion the Supreme Court found it significant that the State's primary concern regarding the licenses was a regulatory one which reflected an exercise of the government's police power.

The Court stated, "[t]o begin with, we think it beyond genuine dispute that whatever interests Louisiana might be said to have in its video poker licenses, the States's core concern is *regulatory*." *Id.* at 20.   With respect to the licenses issued by Louisiana, the Court went on to say,

"[i]t licenses subject to certain conditions, engagement in pursuits that private actors may not undertake without official authorization.  In this regard, it resembles other licensing schemes long characterized by this Court as exercises of state police powers." *Id.* at 21 (citations omitted). "Equating issuance of licenses or permits with deprivation of property would subject to federal mail fraud prosecution a wide range of conduct traditionally regulated by state and local authorities." *Id.* at 24.

The U.S. Government's control over foreign nationals entering its borders is precisely the type of exercise of state police power to engage in regulatory action as was addressed in *Cleveland.*  As in *Cleveland*, the approval granted by the United States Government to Defendant and Tri Valley University to issue I-20's and admit foreign nationals as students was a grant of permission to engage in ". . . pursuits that private actors may not undertake without official authorization." *Id.* at 21.  The facts alleged in the Indictment fail to support a conclusion that the object of the scheme to defraud was money or property of the victim, the U.S. Government.  For that reason, the Indictment concerning Defendant Susan Su fails to state an offense in counts 1 - 12.

**CONCLUSION**

For the foregoing reasons, Defendant Susan Sue, requests that the Court dismiss counts 1 - 12 of the Indictment for failing to state an offense.

DATED: October 17, 2011                                  Respectfully submitted,

                                                                    _____/S/_____
                                                                    David Billingsley
                                                                    Attorney for Defendant Susan Su

Motion of Dismiss Indictment
CR - 11- 00288 SBA                                    7