AO 257 (Rev. 6/78)

FILED
2011 NOV 10 P 3: 23

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

### OFFENSE CHARGED

See Attachment.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment.

─ DEFENDANT - U.S ─

▶ SUSAN XIAO-PING SU

DISTRICT COURT NUMBER

CR 11-00288 SBA

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Immigration and Customs Enforcement

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)
HARTLEY M.K. WEST, AUSA
WADE M. RHYNE, AUSA

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
}   ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____   Before Judge: _____

Comments:

FILED

# PENALTY SHEET ATTACHMENT
## DEFENDANT SUSAN SU

2011 NOV 10 P 3: 23

COUNTS ONE THROUGH TWELVE:   (18 U.S.C. §§ 1343 & 2 – Wire Fraud; Aiding and Abetting)

PENALTY:   Statutory Penalty Generally:

| | |
|---|---|
| Imprisonment: | Maximum 20 Years |
| Fine: | Maximum $250,000 or an amount equal to twice the amount pecuniary gain or loss. |
| Supervised Release: | Maximum 5 Years |
| Special Assessment: | Mandatory $100 |

COUNTS THIRTEEN AND FOURTEEN:   (18 U.S.C. §§ 1341 & 2 – Mail Fraud; Aiding and Abetting)

PENALTY:   Same as Counts One through Twelve.

COUNT FIFTEEN:   (18 U.S.C. § 371 – Conspiracy to Commit Visa Fraud)

PENALTY:

| | |
|---|---|
| Imprisonment: | Maximum 5 Years |
| Fine: | Maximum $250,000 or an amount equal to twice the amount pecuniary gain or loss. |
| Supervised Release: | Maximum 3 Years |
| Special Assessment: | Mandatory $100 |

COUNT SIXTEEN THROUGH NINETEEN:   (18 U.S.C. §§ 1546(a) & 2 – Visa Fraud; Aiding and Abetting)

PENALTY:

| | |
|---|---|
| Imprisonment: | Maximum 10 Years |
| Fine: | Maximum $250,000 or an amount equal to twice the amount pecuniary gain or loss. |
| Supervised Release: | Maximum 3 Years |
| Special Assessment: | Mandatory $100 |

<u>COUNT TWENTY</u>:   (18 U.S.C. §§ 1001(a)(3) & 2 – Use of False Document; Aiding and
Abetting)

<u>PENALTY</u>:   Imprisonment:          Maximum 5 Years
Fine:                  Maximum $250,000 or an amount equal to
twice the amount pecuniary gain or loss.
Supervised Release:    Maximum 3 Years
Special Assessment:    Mandatory $100


<u>COUNT TWENTY-ONE</u>:   (18 U.S.C. §§ 1001(a)(2) & 2 – False Statements to a Government
Agency; Aiding and Abetting)

<u>PENALTY</u>:   Same as Count Twenty.


<u>COUNTS TWENTY-TWO THROUGH TWENTY-FOUR</u>: (8 U.S.C. §§ 1324(a)(1)(A)(iii),
1324(a)(1)(A)(v)(II),
1324(a)(1)(B)(I) – Alien Harboring)

<u>PENALTY</u>:   Imprisonment:          Maximum 10 Years
Fine:                  Maximum $250,000 or an amount equal to
twice the amount pecuniary gain or loss.
Supervised Release:    Maximum 3 Years
Special Assessment:    Mandatory $100


<u>COUNT TWENTY-FIVE</u>:   (18 U.S.C. §§ 1030(a)(3) & 2 – Unauthorized Access of a
Government Computer; Aiding and Abetting)

<u>PENALTY</u>:   <u>Statutory Penalty Generally</u>:

Imprisonment:          Maximum 1 Year
Fine:                  Maximum $250,000 or an amount equal to
twice the amount pecuniary gain or loss.
Supervised Release:    Maximum 1 Year
Special Assessment:    Mandatory $100

<u>Statutory Penalty if for Financial Gain</u>:

Imprisonment:          Maximum 5 Years
Fine:                  Maximum $250,000 or an amount equal to
twice the amount pecuniary gain or loss.
Supervised Release:    Maximum 3 Years
Special Assessment:    Mandatory $100

FILED

2011 NOV 10  P 3: 23

COUNTS TWENTY-SIX THROUGH THIRTY-FIVE:   (18 U.S.C. §§ 1957(a) & 2 –
Money Laundering; Aiding and
Abetting)

PENALTY:   Imprisonment:          Maximum 10 Years
           Fine:                  Maximum $250,000, or an amount equal to
                                  twice the amount pecuniary gain or loss, or
                                  twice the amount of the criminally derived
                                  property involved in the transaction.
           Supervised Release:    Maximum 3 Years
           Special Assessment:    Mandatory $100

# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

CR 11-00288 SBA    VENUE: Oakland

FILED
2011 NOV 10 P 3: 23

UNITED STATES OF AMERICA,

## V.

SUSAN XIAO-PING SU,

### DEFENDANT.

---

## SUPERSEDING INDICTMENT

18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1341 – Mail Fraud;18 U.S.C. § 371 – Conspiracy to Commit Visa Fraud; 18 U.S.C. § 1546(a) – Visa Fraud; 18 U.S.C. § 1001(a)(3) – Use of a False Document; 18 U.S.C. § 1001(a)(2) – False Statement to a Government Agency; 8 U.S.C. § 1324(a)(1)(A) – Alien Harboring; 18 U.S.C. § 1030(a)(3) – Unauthorized Access to a Government Computer; 18 U.S.C. § 1957 – Money Laundering; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 982(a)(6)(A)(ii) – Visa Fraud Forfeiture; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Mail Fraud, Wire Fraud, and Alien Harboring Forfeiture; 18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture

---

A true bill.

_____ Foreman

---

Filed in open court this 10 day of
Nov 2011

Kristen ___ Clerk

Bail, $ _____

Timothy J. Bommer
United States Magistrate Judge

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3                                                              FILED
4                                                        2011 NOV 10 P 3: 23
5
6
7
8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                       OAKLAND DIVISION

11

12                                    )  No. CR 11-00288 SBA
                                      )
13  UNITED STATES OF AMERICA,         )  VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud;
                                      )  18 U.S.C. § 1341 – Mail Fraud;18 U.S.C. § 371
14         Plaintiff,                 )  – Conspiracy to Commit Visa Fraud; 18 U.S.C.
                                      )  § 1546(a) – Visa Fraud; 18 U.S.C. § 1001(a)(3)
15                                    )  – Use of a False Document; 18 U.S.C.
        v.                            )  § 1001(a)(2) – False Statement to a Government
16                                    )  Agency; 8 U.S.C. § 1324(a)(1)(A) – Alien
                                      )  Harboring; 18 U.S.C. § 1030(a)(3) –
17  SUSAN XIAO-PING SU,               )  Unauthorized Access to a Government
                                      )  Computer; 18 U.S.C. § 1957 – Money
18         Defendant.                 )  Laundering; 18 U.S.C. § 2 – Aiding and
                                      )  Abetting; 18 U.S.C. § 982(a)(6)(A)(ii) – Visa
19                                    )  Fraud Forfeiture; 18 U.S.C. § 981(a)(1)(C) and
                                      )  28 U.S.C. § 2461(c) – Mail Fraud, Wire Fraud,
20                                    )  and Alien Harboring Forfeiture; 18 U.S.C.
                                      )  § 982(a)(1) – Money Laundering Forfeiture
21                                    )
   _____)  OAKLAND VENUE
22

23              S U P E R S E D I N G   I N D I C T M E N T

24  The Grand Jury charges:

25                          BACKGROUND

26         At all times relevant to this Superseding Indictment:

27         1.      Defendant SUSAN XIAO-PING SU was the founder, Chief Executive Officer,

28  and President of Tri-Valley University (TVU), located at 4455 Stoneridge Drive, and then at 405

   SUPERSEDING INDICTMENT
   CR 11-00288 SBA

1  Boulder Court, Suites 700 and 800, both in Pleasanton, California. SU also resided in

2  Pleasanton, California.

3       2.     TVU's course catalog described the school as "a Christian higher education

4  institution aiming to offer quality higher education in Engineering, Business and Ministry." SU

5  established a bank account for TVU at Wells Fargo Bank, account number ending -0454, and

6  maintained signature authority over that account.

7       3.     SU established a web domain name, trivalleyuniversity.org, and email accounts

8  for TVU using the trivalleyuniversity.org domain, through a web hosting provider called

9  HostMonster located in East Provo, Utah. All emails to and from this domain name route

10 through a server in East Provo, Utah.

11                          STUDENT VISA PROGRAM

12      4.     The Immigration and Nationality Act, Title 8, United States Code, Section 1101,

13 identifies several categories of foreign nationals who may be admitted to the United States for

14 nonimmigrant purposes. One such category, designated "F-1" based on the applicable statutory

15 subsection, comprises bona fide students coming temporarily to study at an approved school.

16      5.     Students entering the United States on a F-1 visa are admitted for a temporary

17 period called "duration of status," which federal regulations define as the time during which the

18 student is pursuing a full course of study at an approved school. When a student stops pursuing a

19 full course of study, the duration of status ends and the temporary period for which the individual

20 was admitted expires.

21      6.     A school seeking approval to admit foreign students must submit a Petition for

22 Approval of School for Attendance by Nonimmigrant Student, also called a Form I-17, to the

23 United States Department of Homeland Security (DHS), Student and Exchange Visitor Program

24 (SEVP) in Washington, DC. Through the I-17, the school must establish that (1) it is a bona fide

25 school; (2) it is an established institution of learning; (3) it has the necessary facilities, personnel,

26 and finances to instruct recognized courses; and (4) it actually is engaged in instructing those

27 courses. An unaccredited school must also provide "articulation agreements" establishing that its

28 courses have been and are unconditionally accepted to at least three accredited institutions of

SUPERSEDING INDICTMENT
CR 11-00288 SBA                              2

1 | higher learning.

2 | 7. The school's I-17 must identify "Designated School Officials" (DSOs), who
3 | certify their knowledge of and intent to comply with student immigration laws and regulations.
4 | Once a school is approved, its DSOs are issued login IDs and passwords enabling them to access
5 | the Student and Exchange Visitor Information System (SEVIS). SEVIS is a nonpublic computer
6 | system located in Rockville, Maryland, which is used by the United States government and
7 | operated through SEVP for the purpose of collecting nonimmigrant student information from
8 | approved schools and monitoring such aliens' status. Upon login, a pop-up warning banner
9 | advises the user that SEVIS is a Privacy Act system of records for authorized users only, and that
10 | use evidencing possible criminal activity may be reported to law enforcement.

11 | 8. To enter the United States on a student visa, a foreign national must present a
12 | Certificate of Eligibility for Nonimmigrant (F-1) Student Status, also known as a Form I-20,
13 | which is printed from SEVIS. An "initial I-20" certifies that the student has been accepted for
14 | enrollment in a full course of study, and is signed by a DSO. The school activates the student's
15 | SEVIS record and prints an "active I-20" after the student arrives and begins making normal
16 | progress toward a full course of study, with physical attendance as an element. The school's
17 | DSOs are required to report in SEVIS within 21 days the failure of any student to maintain active
18 | status.

19 | THE SCHEME TO DEFRAUD

20 | 9. From in or about September 2008 through on or about January 19, 2011, in the
21 | Northern District of California and elsewhere, defendant

22 | SUSAN XIAO-PING SU

23 | and others engaged in an illegal scheme to defraud non-immigrant aliens of money and property,
24 | specifically tuition and other fees.

25 | 10. In furtherance of this scheme to defraud, SU and others caused TVU to submit a
26 | Form I-17 to admit foreign students, along with revisions, supplements, and attachments, to
27 | SEVP in Washington, DC. These submissions contained materially false representations
28 | regarding TVU's administrators, instructors, and articulation agreements, as well as materially

SUPERSEDING INDICTMENT
CR 11-00288 SBA                    3

1    false promises by TVU's DSOs to comply with all federal regulations regarding nonimmigrant

2    students.

3            11.    As a further part of the scheme to defraud, after TVU received SEVP approval to

4    admit F-1 students, SU and others recruited and admitted aliens as TVU students without regard

5    to their academic qualifications and intent to pursue a full course of study.

6            12.    As a further part of the scheme to defraud, SU and others caused TVU student-

7    employees to access DSOs' SEVIS accounts to enter data concerning TVU students, and to

8    create SEVIS entries according to SU's instructions.  Many of these SEVIS entries contained

9    materially false representations regarding the applicant's residence, means of support, course of

10   study, and purpose of entry, among other things.  SU then signed the printed I-20s from SEVIS,

11   sometimes forging the signature of the DSO from whose account the form was printed.

12           13.    As a further part of the scheme to defraud, SU and others collected tuition and

13   other payments from aliens in exchange for maintaining them in active F-1 status.  SU paid a

14   percentage of these fees to recruiters as commissions for referrals of new alien students.

15           14.    As a further part of the scheme to defraud, SU and others made materially false

16   representations and submitted materially false documents to DHS agents, who are routinely

17   tasked with contacting SEVP-approved schools to verify the F-1 status of nonimmigrants in the

18   United States or seeking to reenter the country.  In response to such requests for verification, SU

19   and others repeatedly provided materially false I-20s, letters of good standing, transcripts, and

20   attendance records.  Similarly, during DHS site visits, SU made materially false representations

21   regarding TVU's classes, instructors, DSOs, office staff, and school policies.

22

23   COUNTS ONE THROUGH TWELVE: (18 U.S.C. §§ 1343 & 2 – Wire Fraud; Aiding and
                                        Abetting)

24

25           15.    Paragraphs 1 through 14 of this Superseding Indictment are hereby re-alleged and

26   incorporated by reference as if set forth in full herein.

27           16.    From in or about September 2008 through on or about January 19, 2011, in the

28   Northern District of California and elsewhere, for the purpose of executing a scheme and artifice

SUPERSEDING INDICTMENT
CR 11-00288 SBA                          4

to defraud as to a material matter, and for obtaining money and property by means of materially

false and fraudulent pretenses, representations, promises, and omissions, defendant

SUSAN XIAO-PING SU

did knowingly cause to be transmitted the following wire communications in interstate and

foreign commerce:

| Count | Approx. Date | From | To | Description of Wire |
|-------|-------------|------|-----|---------------------|
| 1 | 9/15/08 | Pleasanton, CA | SEVIS | Electronic submission of original Form I-17 |
| 2 | 2/21/09 | TVU | HostMonster | Email from SU re: recruiting Indian students |
| 3 | 1/10/10 | TVU | SEVIS | SEVIS entry for B.C. |
| 4 | 1/27/10 | TVU | SEVIS | SEVIS entry for K.C. |
| 5 | 7/27/10 | TVU | SEVIS | SEVIS entry for S.A. |
| 6 | 7/27/10 | TVU | SEVIS | SEVIS entry for K.D. |
| 7 | 8/31/10 | TVU | SEVIS | SEVIS entry for M.R. |
| 8 | 9/7/10 | TVU | SEVIS | SEVIS entry for R.B. |
| 9 | 9/20/10 | TVU | HostMonster | Email from SU containing I-20, transcripts, and letter of good standing for S.A. |
| 10 | 9/24/10 | TVU | HostMonster | Email from SU containing I-20, transcripts, and letter of good standing for K.D. |
| 11 | 1/7/11 | TVU | HostMonster | Email from SU containing I-20, transcript, and enrollment verification for M.R. |
| 12 | 1/7/11 | TVU | HostMonster | Email from SU containing I-20, transcript, attendance sheets, and enrollment verification for R.B. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

/ / /

/ / /

/ / /

/ / /

SUPERSEDING INDICTMENT
CR 11-00288 SBA                                    5

COUNTS THIRTEEN AND FOURTEEN: (18 U.S.C. §§ 1341 & 2 – Mail Fraud; Aiding and Abetting)

17.     Paragraphs 1 through 14 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

18.     From in or about September 2008 through on or about January 19, 2011, in the Northern District of California and elsewhere, for the purpose of executing a scheme and artifice to defraud as to a material matter, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, defendant

SUSAN XIAO-PING SU

did knowingly cause the following items to be delivered by mail according to the directions thereon:

| Count | Approx. Date | Description of Mailing |
|-------|--------------|------------------------|
| 13 | 12/23/08 | Revised Form I-17 and accompanying documents, including DSO verification letter, from SU to SEVP |
| 14 | 2/10/09 | Three articulation agreements in support of TVU's Form I-17 from SU to SEVP |

All in violation of Title 18, United States Code, Sections 1341 and 2.

COUNT FIFTEEN: (18 U.S.C. § 371 – Conspiracy to Commit Visa Fraud)

19.     Paragraphs 1 through 14 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

20.     Beginning in or about February 2009 and continuing through on or about January 19, 2011, in the Northern District of California and elsewhere, defendant

SUSAN XIAO-PING SU

and others did knowingly and willfully conspire to execute and attempt to execute a material scheme to commit offenses against the United States, namely forging and falsely making documents prescribed by statute and regulation for entry into and as evidence of authorized stay in the United States, specifically, Forms I-20, in violation of Title 18, United States Code,

1  Section 1546(a).

2                                    OVERT ACTS

3        21.     In furtherance of the conspiracy and to effect the objects of that conspiracy, in the

4  Northern District of California and elsewhere, SU and others committed the acts alleged in

5  Paragraphs 1 through 14 of this Superseding Indictment, and the following additional overt acts,

6  among others:

7              a.     On or about February 21, 2009, SU sent an email to an unindicted co-

8  conspirator regarding recruiting students from India.

9              b.     On or about April 30, 2010, TVU issued a $945 check, drawn on TVU's

10  Wells Fargo Bank account -0454, as a commission payment to an unindicted co-conspirator for

11  recruiting an alien student.

12             c.     On or about July 27, 2010, SU falsely signed another DSO's name on a

13  Form I-20 for S.A.

14             d.     On or about July 27, 2010, SU falsely signed another DSO's name on a

15  Form I-20 for K.D.

16             e.     On or about September 7, 2010, SU falsely signed another DSO's name on

17  a Form I-20 for R.B.

18             f.     On or about January 7, 2011, SU falsely told a DHS agent that M.R.

19  attended a TVU class that she taught.

20        All in violation of Title 18, United States Code, Section 371.

21

22  COUNT SIXTEEN THROUGH NINETEEN: (18 U.S.C. §§ 1546(a) & 2 – Visa Fraud;
                                        Aiding and Abetting)
23

24        22.     Paragraphs 1 through 14 of this Superseding Indictment are hereby re-alleged and

25  incorporated by reference as if set forth in full herein.

26        23.     Between in or about February 2009 and on or about January 19, 2011, in the

27  Northern District of California and elsewhere, defendant

28                              SUSAN XIAO-PING SU

SUPERSEDING INDICTMENT
CR 11-00288 SBA                          7

did knowingly forge and falsely make a document prescribed by statute and regulation for entry into and as evidence of an authorized stay in the United States, specifically a Form I-20 for the following individuals, and did knowingly use, attempt to use, possess, obtain, and receive such document, knowing it to be forged, falsely made, and procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained:

| Count | Approx. Date | Name |
|-------|--------------|------|
| 16 | 7/27/10 | S.A. |
| 17 | 7/27/10 | K.D. |
| 18 | 8/31/10 | M.R. |
| 19 | 9/7/10 | R.B. |

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

COUNT TWENTY: (18 U.S.C. §§ 1001(a)(3) & 2 – Use of False Document; Aiding and Abetting)

24.     Paragraphs 1 through 14 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

25.     On or about September 24, 2010, in the Northern District of California and elsewhere, defendant

SUSAN XIAO-PING SU

did knowingly make and use a false document knowing it to contain a materially false, fictitious, and fraudulent statement, in a matter within the jurisdiction of the executive branch of the United States, by emailing three false documents to a DHS Special Agent, while in the course of the agent's duties, including a materially false TVU transcript for K.D., in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

/ / /

/ / /

/ / /

/ / /

SUPERSEDING INDICTMENT
CR 11-00288 SBA                                          8

1    COUNT TWENTY-ONE: (18 U.S.C. §§ 1001(a)(2) & 2 – False Statements to a Government
2                             Agency; Aiding and Abetting)

3         26.     Paragraphs 1 through 14 of this Superseding Indictment are hereby re-alleged and

4    incorporated by reference as if set forth in full herein.

5         27.     On or about January 7, 2011, in the Northern District of California and elsewhere,

6    defendant

7                        SUSAN XIAO-PING SU

8    did knowingly and willfully make a materially false, fictitious, and fraudulent statement in a

9    matter within the jurisdiction of the executive branch of the United States, by stating to a DHS

10    Special Agent, while in the course of the agent's duties, that M.R. had attended a class that SU

11    had taught at Tri-Valley University, despite knowing that M.R. had never attended such class, in

12    violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

13

14    COUNTS TWENTY-TWO THROUGH TWENTY-FOUR: (8 U.S.C. § 1324(a)(1)(A)(iii),
                                     (a)(1)(A)(v)(II), (a)(1)(B)(i) –
15                                        Alien Harboring)

16         28.     Paragraphs 1 through 14 of this Superseding Indictment are hereby re-alleged and

17    incorporated by reference as if set forth in full herein.

18         29.     Between in or about February 2009 and on or about January 19, 2011, in the

19    Northern District of California and elsewhere, defendant

20                        SUSAN XIAO-PING SU

21    knowingly and in reckless disregard of the fact that the following aliens had unlawfully come to,

22    entered, and remained in the United States, did conceal, harbor, and shield such aliens from

23    detection, and attempt to conceal, harbor, and shield such aliens from detection, through

24    employment at TVU for the purpose of commercial advantage and private financial gain:

25    / / /

26    / / /

27    / / /

28    / / /

SUPERSEDING INDICTMENT
CR 11-00288 SBA              9

| Count | Name |
|-------|------|
| 22 | V.D. |
| 23 | T.T. |
| 24 | A.D. |

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).

COUNT TWENTY-FIVE: (18 U.S.C. §§ 1030(a)(3) & 2 – Unauthorized Access of a Government Computer; Aiding and Abetting)

30.     Paragraphs 1 through 14 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

31.     Between in or about February 2009 and on or about January 19, 2011, in the Northern District of California and elsewhere, defendant

SUSAN XIAO-PING SU

did knowingly, intentionally, and without authorization, access a nonpublic computer of a department and agency of the United States, specifically DHS's SEVIS, which is used by and for the Government of the United States and such conduct affects that use by and for the Government of the United States, in violation of Title 18, United States Code, Sections 1030(a)(3) and 2.

COUNTS TWENTY-SIX THROUGH THIRTY-FIVE: (18 U.S.C. §§ 1957(a) & 2 – Money Laundering; Aiding and Abetting)

32.     Paragraphs 1 through 14 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

/ / /

/ / /

/ / /

1     33.   Between in or about November 2009 and in or about December 2010, in the

2 Northern District of California and elsewhere, defendant

3 SUSAN XIAO-PING SU

4 did knowingly engage in the following monetary transactions, in and affecting interstate

5 commerce, in criminally derived property of a value greater than $10,000, that was derived from

6 specified unlawful activity, namely visa fraud in violation of Title 18, United States Code,

7 Section 1546(a), and did aid and abet the same.

| Count | Approx. Date | Description of Transaction |
|---|---|---|
| 26 | 11/28/09 | $36,783.61 check (#1037) drawn on Wells Fargo Bank account -0454 used to purchase 2009 Mercedes Benz (VIN: WDDGF54X79R073026) |
| 27 | 2/25/10 | $78,700 wire transfer from Wells Fargo Bank account -0454 to Fidelity National Title Escrow for purchase of 1087 Murrieta Boulevard, #133, in Livermore, CA |
| 28 | 4/2/10 | $50,000 check (#1144) drawn on Wells Fargo Bank account -0454 paid to Chicago Title Company escrow account for purchase of 405 Boulder Court, Suite 800, in Pleasanton, CA |
| 29 | 4/9/10 | $160,986.87 cashier's check purchased with funds from Wells Fargo Bank account -0454, paid to Chicago Title Company escrow account for purchase of 405 Boulder Court, Suite 800, in Pleasanton, CA |
| 30 | 6/10/10 | $50,000 check (#1014) drawn on Wells Fargo Bank account -0454 paid to Chicago Title Company escrow account for purchase of 405 Boulder Court, Suite 700, in Pleasanton, CA |
| 31 | 7/8/10 | $261,307.49 cashier's check purchased with funds from Wells Fargo Bank account -0454, paid to Chicago Title Company escrow account for purchase of 405 Boulder Court, Suite 700, in Pleasanton, CA |
| 32 | 7/20/10 | $700,000 cashier's check purchased with funds from Wells Fargo Bank account -3640, paid to Placer Title Company escrow account for purchase of 2890 Victoria Ridge Court in Pleasanton, CA |
| 33 | 7/20/10 | $122,990.90 cashier's check purchased with funds from Wells Fargo Bank accounts -4780 and -0454, paid to Placer Title Company escrow account for purchase of 2890 Victoria Ridge Court in Pleasanton, CA |
| 34 | 12/15/10 | $600,000 wire transfer from Wells Fargo Bank account -4780 to Prominent Escrow Services, Inc. for purchase of 1371 Germano Way in Pleasanton, CA |

| 35 | 12/15/10 | $1,200,000 wire transfer from CitiBank account -3045 to Prominent Escrow Services, Inc. for purchase of 1371 Germano Way in Pleasanton, CA |
|---|---|---|

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

FIRST FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(6)(A)(ii) – Visa Fraud Forfeiture)

      34.    Paragraphs 1 through 14 and 19 through 23 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii).

      35.    Upon conviction of an offense set forth in Counts 15 through 19 of this Superseding Indictment, a violation of Title 18, United States Code, Section 1546(a) or conspiracy to violate the same, defendant

SUSAN XIAO-PING SU

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii), any property, real or personal (I) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction; or (II) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of conviction. The property to be forfeited includes, but is not limited to, the following:

      a.    approximately $63,317.59 from Wells Fargo account ending in 9937;

      b.    approximately $3,000.18 from Wells Fargo account ending in 6782;

      c.    approximately $100.00 from Wells Fargo account ending in 2773;

      d.    approximately $7,526.98 from Citibank account ending in 3045;

      e.    approximately $934,058.04 from PayPal account ending in 1921;

      f.    approximately $15,184.71 from Wells Fargo account ending in 3640;

      g.    approximately $338,319.07 from Wells Fargo account ending in 4780;

      h.    approximately $227,439.98 from Wells Fargo account ending in 0454;

      i.    approximately $30,000.00 from Citibank account ending in 5029;

1          j.      approximately $30,000.00 from Citibank account ending in 3045;

2          k.      405 Boulder Court, Suite 700 (APN 946-4547-296) and Suite 800 (APN

3                  946-4547-297), Pleasanton, California;

4          l.      2890 Victoria Ridge Court, Pleasanton, California (APN 946-4580-018);

5          m.      1371 Germano Way in Pleasanton, California (APN 950-29-18);

6          n.      1087 Murrieta Boulevard #133, Livermore, California (APN

7                  097-0085-132); and

8          o.      2009 Mercedes Benz (VIN: WDDGF54X79R073026).

9      36.     If any of the property described above, as a result of any act or omission of the

10     defendant:

11         a.      cannot be located upon the exercise of due diligence;

12         b.      has been transferred or sold to, or deposited with, a third party;

13         c.      has been placed beyond the jurisdiction of the court;

14         d.      has been substantially diminished in value; or

15         e.      has been commingled with other property which cannot be divided

16                 without difficulty,

17     the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United

18     States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

19         All pursuant to 18 U.S.C. § 982(a)(6)(A)(ii).

20

21     SECOND FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) –
                                            Wire and Mail Fraud Forfeiture)

22

23     37.     Paragraphs 1 through 18 of this Superseding Indictment are hereby realleged and

24     incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States

25     Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

26     ///

27     ///

28     ///

SUPERSEDING INDICTMENT
CR 11-00288 SBA                              13

1    38.    Upon conviction of an offense set forth in Counts 1 through 14 of this

2  Superseding Indictment, a violation of Title 18, United States Code, Sections 1341 and 1343,

3  defendant

4                              SUSAN XIAO-PING SU

5  shall forfeit to the United States, pursuant to Title 18, United States Code, Section § 981(a)(1)(C)

6  and Title 28, United States Code, Section § 2461(c), any property, real or personal that

7  constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from

8  the commission of the offense of conviction.  The property to be forfeited includes, but is not

9  limited to, the following:

10              a.    approximately $63,317.59 from Wells Fargo account ending in 9937;

11              b.    approximately $3,000.18 from Wells Fargo account ending 6782;

12              c.    approximately $100.00 from Wells Fargo account ending in 2773;

13              d.    approximately $7,526.98 from Citibank account ending in 3045;

14              e.    approximately $934,058.04 from PayPal account ending in 1921;

15              f.    approximately $15,184.71 from Wells Fargo account ending in 3640;

16              g.    approximately $338,319.07 from Wells Fargo account ending in 4780;

17              h.    approximately $227,439.98 from Wells Fargo account ending in 0454;

18              i.    approximately $30,000.00 from Citibank account ending in 5029;

19              j.    approximately $30,000.00 from Citibank account ending in 3045;

20              k.    405 Boulder Court, Suite 700 (APN 946-4547-296) and Suite 800 (APN

21                    946-4547-297), Pleasanton, California;

22              l.    2890 Victoria Ridge Court, Pleasanton, California (APN 946-4580-018);

23              m.    1371 Germano Way in Pleasanton, California (APN 950-29-18);

24              n.    1087 Murrieta Boulevard #133, Livermore, California (APN

25                    097-0085-132); and

26              o.    2009 Mercedes Benz (VIN: WDDGF54X79R073026).

27  ///

28  ///

39. If any of the property described above, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

THIRD FORFEITURE ALLEGATION: (18 U.S.C. § 982(6)(A)(ii) and/or 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Alien Harboring Forfeiture)

40. Paragraphs 1 through 14, 28, and 29 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(6)(A)(ii) and/or Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

41. Upon conviction of an offense set forth in Counts 22 through 24 of this Superseding Indictment, a violation of Title 8, United States Code, Section 1324, defendant

SUSAN XIAO-PING SU

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(6)(A)(ii) and/or Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section § 2461(c), any property, real or personal, (I) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction; or (II) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of conviction. The property to be forfeited includes, but is not limited to, the following:

SUPERSEDING INDICTMENT
CR 11-00288 SBA           15

a.   approximately $63,317.59 from Wells Fargo account ending in 9937;

b.   approximately $3,000.18 from Wells Fargo account ending in 6782;

c.   approximately $100.00 from Wells Fargo account ending in 2773;

d.   approximately $7,526.98 from Citibank account ending in 3045;

e.   approximately $934,058.04 from PayPal account ending in 1921;

f.   approximately $15,184.71 from Wells Fargo account ending in 3640;

g.   approximately $338,319.07 from Wells Fargo account ending in 4780;

h.   approximately $227,439.98 from Wells Fargo account ending in 0454;

i.   approximately $30,000.00 from Citibank account ending in 5029;

j.   approximately $30,000.00 from Citibank account ending in 3045;

k.   405 Boulder Court, Suite 700 (APN 946-4547-296) and Suite 800 (APN 946-4547-297), Pleasanton, California;

l.   2890 Victoria Ridge Court, Pleasanton, California (APN 946-4580-018);

m.   1371 Germano Way in Pleasanton, California (APN 950-29-18);

n.   1087 Murrieta Boulevard #133, Livermore, California (APN 097-0085-132); and

o.   2009 Mercedes Benz (VIN: WDDGF54X79R073026).

42.   If any of the property described above, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

///

SUPERSEDING INDICTMENT
CR 11-00288 SBA                    16

1   All pursuant to 18 U.S.C. § 982(a)(6)(A)(ii) and/or 18 U.S.C. § 981(a)(1)(C) and 28

2   U.S.C. § 2461(c).

3

4   FOURTH FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(1) – Money Laundering
                                       Forfeiture)

5

6   43.   Paragraphs 1 through 14, 32, and 33 of this Superseding Indictment are hereby

7   realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18,

8   United States Code, Section 982(a)(1).

9   44.   Upon conviction of an offense set forth in Counts 26 through 35 of this

10  Superseding Indictment, a violation of Title 18, United States Code, Section 1957, defendant

11                                  SUSAN XIAO-PING SU

12  shall forfeit to the United States, pursuant to Title 18, United States Code, Section § 982(a)(1),

13  any property, real or personal, involved in such offense, or any property traceable to such

14  property.  The property to be forfeited includes, but is not limited to, the following:

15          a.   405 Boulder Court, Suite 700 (APN 946-4547-296) and Suite 800 (APN

16               946-4547-297), Pleasanton, California;

17          b.   2890 Victoria Ridge Court, Pleasanton, California (APN 946-4580-018);

18          c.   1371 Germano Way in Pleasanton, California (APN 950-29-18);

19          d.   1087 Murrieta Boulevard #133, Livermore, California (APN

20               097-0085-132); and

21          e.   2009 Mercedes Benz (VIN: WDDGF54X79R073026).

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

SUPERSEDING INDICTMENT
CR 11-00288 SBA                        17

45.    If any of the property described above, as a result of any act or omission of the defendant:

       a.     cannot be located upon the exercise of due diligence;

       b.     has been transferred or sold to, or deposited with, a third party;

       c.     has been placed beyond the jurisdiction of the court;

       d.     has been substantially diminished in value; or

       e.     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to 18 U.S.C. § 982(a)(1).

DATED: November 10, 2011                 A TRUE BILL.


FOREPERSON


MELINDA HAAG
United States Attorney


MIRANDA KANE
Chief, Criminal Division

(Approved as to form:
AUSAs WEST/RHYNE

SUPERSEDING INDICTMENT
CR 11-00288 SBA        18