MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

WADE M. RHYNE  (CABN 216799)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: wade.rhyne@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR-11-00288 SBA |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DISCOVERY |
| SUSAN XIAO-PING SU, | ) | |
| Defendant. | ) | |

      The United States of America, by and through its attorney of record, and defendant Susan SU, by and through her attorney of record, hereby stipulate and ask the Court to find as follows:

      1.    A federal grand jury has returned a 35-count superseding indictment charging the defendant with violations of 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1341 (Mail Fraud);18 U.S.C. § 371 (Conspiracy to Commit Visa Fraud); 18 U.S.C. § 1546(a) (Visa Fraud); 18 U.S.C. § 1001(a)(3) (Use of a False Document); 18 U.S.C. § 1001(a)(2) (False Statement to a Government Agency); 8 U.S.C. § 1324(a)(1)(A) (Alien Harboring); 18 U.S.C. § 1030(a)(3) (Unauthorized Access to a Government Computer); 18 U.S.C. § 1957 (Money Laundering); and 18 U.S.C. § 2 (Aiding and Abetting).

///

STIPULATION & [PROPOSED]
PROTECTIVE ORDER RE:
CONFIDENTIAL DISCOVERY

2. Some of the discovery materials in this case contain the identities or personal information of potential or cooperating witnesses, or information from which those identities may be discovered. The United States believes that the proposed protective order will reduce the risk that individuals, including the defendant, will misuse discovery materials to intimidate or harm potential or cooperating witnesses, including defendants in related cases.

3. The defendant and her attorney deny that any person would be endangered by the defendant's possession of any discovery material in this matter. The parties agree that no inference should be drawn about the defendant's dangerousness because of her agreement to enter into this stipulation and protective order.

4. The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting witnesses, while permitting the defense to obtain discovery required by Federal Rule of Criminal Procedure 16 and the United States Constitution. Accordingly, the parties jointly request that the Court order as follows:

    a. For purposes of this Order, the term "defense team" refers to: (1) the defendant; (2) counsel of record for the defendant; (3) defense investigators assisting the defense team with this case; (3) employees of, or contractors for, defense counsel; and (4) any expert witnesses who may be retained by the defense team or appointed by the court.

    b. The government is authorized to provide the defense team with discovery required by Federal Rule of Criminal Procedure 16 and may, in its discretion, designate any discovery produced as "Confidential Discovery," to be governed by the terms of this protective order, if it may contain the identities or personal information of a potential witnesses or cooperating witness, or information from which those identities may be discovered. "Confidential Discovery" shall include all such discovery previously produced by the government to the defendant's prior defense counsel and marked as CONFIDENTIAL, as set forth below. The government may designate discovery as confidential by marking such discovery as "CONFIDENTIAL" and shall produce such discovery on a document, CD, or DVD marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER. UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

STIPULATION & [PROPOSED]
PROTECTIVE ORDER RE:
CONFIDENTIAL DISCOVERY    2

c. Except as otherwise provided below, the defense team shall not permit anyone who is not a member of the defense team to have physical possession of Confidential Discovery pursuant to this Order. Nor shall the defense team divulge the contents of any Confidential Discovery provided to the defense team pursuant to this Order by the government, or by defendant's prior counsel, to anyone other than the defense team.

d. The defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal control. The defense team may take Confidential Discovery into a custodial facility, but, in that case, the Confidential Discovery must remain in the physical presence of either defense counsel or a defense investigator at all times.

e. The defendant may receive Confidential Discovery, or a copy of the same, to assist in the effective preparation of her defense. The defendant may not further copy the Confidential Discovery and may not distribute the Confidential Discovery, or disseminate information contained in the Confidential Discovery, to any person who is not a member of the defense team. Nor may the defendant use any information contained in or derived from the Confidential Discovery for any purpose other than to assist in the effective preparation of her defense. The defendant also agrees that compliance with this protective order shall become a condition of her pretrial release.

f. Any pleading that references or contains Confidential Discovery, or information derived therefrom, must be filed under seal.

g. The defense team shall return to the government all Confidential Discovery provided pursuant to this Order, if it has not already been destroyed by the defense, within 30 calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against the defendant; the defendant's acquittal by court or jury; the conclusion of any direct appeal; the conclusion of the time for filing a petition for certiorari following a direct appeal; the expiration of the time period for filing a motion pursuant to 28 U.S.C. § 2255; the district court's ruling on any motion filed pursuant to 28 U.S.C. § 2255; any appeal from the district court's ruling on a motion pursuant to 28 U.S.C. § 2255; the conclusion

STIPULATION & [PROPOSED]
PROTECTIVE ORDER RE:
CONFIDENTIAL DISCOVERY         3

of the time for filing a petition for certiorari in the United State Supreme Court following the denial of an appeal from a collateral attack; or the conclusion of any Supreme Court proceedings, or lower court proceedings following a decision by the Supreme Court.  The government agrees to promptly notify defense counsel if it believes that the relevant 30 day period has elapsed, and to give the defense team a reasonable opportunity to return any Confidential Discovery.  In the event that the defense team has made notes or marks on the Confidential Discovery constituting work product, the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT – DESTROY."

      h.    The government may destroy the Confidential Discovery after it is returned by the defense team.

IT IS SO STIPULATED.

DATED:  12/28/11                     Respectfully submitted,

MELINDA HAAG
United States Attorney

    /s/
WADE M. RHYNE
HARTLEY M. K. WEST
Assistant United States Attorneys

DATED: 12/28/11                        /s/
ERIK BABCOCK
Counsel For Defendant

DATED: 12/28/11                        /s/
SUSAN SU
Defendant

### ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:  The government is hereby authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the defense team and may designate discovery to be governed by this protective order as

STIPULATION & [PROPOSED]
PROTECTIVE ORDER RE:
CONFIDENTIAL DISCOVERY        4

Confidential Discovery.   The parties are hereby ordered to comply with the conditions set forth in paragraphs 4(a)-(h) of this stipulation and order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

DATED:  1/3/12

_____
HON. SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT COURT JUDGE