UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-11-00288 SBA |
| Plaintiff, | ) | [PROPOSED] ORDER GRANTING AMENDED STIPULATED REQUEST TO CONTINUE TRIAL DATE TO SEPTEMBER 30, 2013 AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| v. | ) | |
| SUSAN XIAO-PING SU, | ) | |
| Defendant. | ) | |

The above-captioned matter is currently set for trial on May 15, 20132 at 8:30 a.m. The parties have jointly requested that the Court continue to the trial date to September 30, 2013 at 8:30 a.m. and that the Court continue to exclude time under the Speedy Trial Act until September 30, 2013

Defendant was charged on November 10, 2011 in a 35-count superseding indictment charging with violations of 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1341 (Mail Fraud);18 U.S.C. § 371 (Conspiracy to Commit Visa Fraud); 18 U.S.C. § 1546(a) (Visa Fraud); 18 U.S.C. § 1001(a)(3) (Use of a False Document); 18 U.S.C. § 1001(a)(2) (False Statement to a Government Agency); 8 U.S.C. § 1324(a)(1)(A) (Alien Harboring); 18 U.S.C. § 1030(a)(3) (Unauthorized Access to a Government Computer); 18 U.S.C. § 1957 (Money Laundering); and 18 U.S.C. § 2 (Aiding and Abetting).

The parties have jointly requested a continuance of the trial in order for defense counsel to effectively prepare the case for trial. Defense counsel is set for trial in a state homicide on April 8, 2013 and is unable to prepare and file pretrial filings as currently scheduled, to adequately prepare the case for trial, and expects to be unavailable and in trial in state court when this case is currently set for trial. Additionally, counsel for Defendant Su also has various other obligations in the summer that will make it impossible for him to be reasonably prepared

AMENDED STIP. TO CONTINUE TRIAL TO SEPTEMBER 30, 2013
AND TO EXCLUDE TIME; [PROPOSED] ORDER
No. CR-11-00288 SBA

for trial in this case before September 30, 2013. Specifically, defense counsel has to prepare and file two opening briefs in the Ninth Circuit, and an opening brief in the California Court of Appeal. Counsel also has a jury trial in a felony assault case in the Contra Costa Superior Court, as well as two pending murder cases in state court, at least one of which will likely proceed to preliminary hearing in state court in June and is a complicated four defendant case that will require much preparation and court time. Defense counsel also has vacations scheduled this summer which cannot be rescheduled. For all these reasons, counsel therefore stipulate and agree that defense counsel cannot conduct an adequate investigation or preparation for the trial of this case until September 30, 2013 and that the trial should be continued to that date.

The parties agree, and the Court finds, that the extension is not sought for delay. For these stated reasons, the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. Good cause appearing therefor, and pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv),

**IT IS HEREBY ORDERED THAT:**

1. The trial this matter is continued from May 15, 2013 at 8:30 a.m. to **September 30, 2013**, at 8:30 a.m. before this Court, and that time between the date of this Order and September 30, 2013 is excluded under the Speedy Trial Act to allow for the effective preparation of defense counsel, taking into account the exercise of due diligence pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii), and (B)(iv).

2. The pretrial conference is continued from May 7, 2013 to **September 17, 2013** at 11:00 a.m.

3. No less than 35 days prior to the pretrial conference, the parties shall file their pretrial documents and their respective motions in limine and/or objections to evidence. No less than 21 days prior to the pretrial conference, the parties shall file their oppositions to motions in limine and/or objections to evidence. No less than 14 days prior to the pretrial conference, the parties shall file their replies to motions in limine and/or objections to evidence. Prior to filing any motion, including any motions in limine, the parties shall meet and confer in an attempt to

AMENDED STIP. TO CONTINUE TRIAL TO SEPTEMBER 30, 2013
AND TO EXCLUDE TIME; [PROPOSED] ORDER
No. CR-11-00288 SBA

resolve any disputes without judicial intervention.  The parties shall certify in the body of any motion that they have complied with the meet and confer requirement.  All motions in limine submitted by each party shall be set forth *in a single memorandum*, not to exceed fifteen (15) pages in length.  Responses to the motions in limine shall be set forth in a single memorandum, not to exceed fifteen (15) pages in length. Reply briefs shall not exceed ten (10) pages. No motions in limine will be considered unless the parties certify that they met and conferred prior to the filing of such motion.  Any request to exceed the page limit must be submitted prior to the deadline for these briefs and must be supported by a showing of good cause, along with a certification that the applicant has met and conferred with the opposing party.

DATED:_4-2-13_____                    _____
                                                HON. SAUNDRA BROWN ARMSTRONG
                                                United States District Court Judge

AMENDED STIP. TO CONTINUE TRIAL TO SEPTEMBER 30, 2013
AND TO EXCLUDE TIME; [PROPOSED] ORDER
No. CR-11-00288 SBA