MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

HARTLEY M.K. WEST (CABN 191609)
WADE M. RHYNE (CABN 216799)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    hartley.west@usdoj.gov
    wade.rhyne@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-11-00288 SBA |
| Plaintiff, | **UNITED STATES' MOTION IN LIMINE NO. 1** |
| v. | PTC Date: September 17, 2013 |
| SUSAN XIAO-PING SU, | Time: 3:00 p.m. |
| | Judge: Hon. Saundra B. Armstrong |
| Defendant. | Trial: September 30, 2013 |

## INTRODUCTION

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Wade M. Rhyne and Hartley M. K. West, hereby submits this memorandum pursuant Federal Rule of Evidence 104(a) in support of its motion in limine for a preliminary ruling as to the admissibility of certain trial exhibits – constituting certified business records and public records – without live testimony from foundational records custodians. It is well settled in the Ninth Circuit, and elsewhere, that properly certified business records are self-authenticating and admissible when supported by sworn

declarations from qualified records custodians. Fed. R. Evid. 803(6) and 902(11). It is equally well-settled that certified public records that are either certified correct by a custodian, or bear an official seal of the public entity, are also self-authenticating and admissible without live testimony. Fed. R Evid 902(4) and 803(8). Allowing the United States to authenticate and admit the business and public records without live testimony is legally permissible and will streamline the presentation of evidence by obviating the need to call approximately <u>nineteen additional live custodian witnesses</u> who would be called to discuss approximately <u>100 trial exhibits</u>. The United States has previously provided each of these exhibits in the course of discovery, and will re-produce them as part of its trial exhibit list.

## BACKGROUND

The United States has previously produced the proposed records during discovery, and will have re-produced them as part of the pre-trial order. As indicated in the United States' Trial Exhibit List, it has obtained proper custodian certifications for many of the business and public records it intends to offer, and is awaiting receipt of the certifications for others. The United States will timely produce the additional custodian certifications upon receipt. By the time of the Pre-Trial Conference, the United States anticipates having properly executed custodian declarations for all offered records.

To date, the parties are continuing to meet-and-confer regarding the admission of all business and public records. The United States will promptly notify the Court as to any stipulations that would moot any portion of the current motion.

## ARGUMENT

### A. Business Records Are Admissible Without Live Testimony

Rule 803(6) provides that records of regularly conducted business activity are not excluded by the hearsay rule if the proponent can establish a foundation by either "the testimony of the custodian . . . ." or "by a certification that complies with Rule 902(11) . . . ." Fed. R. Evid. 806(3) (emphasis added). In turn, "Federal Rule of Evidence 902(11) provides that such business records that meet the requirements of Rule 803(6), as shown by the certification of a custodian, are self-authenticating." *United States v. Anekwu*, 695 F.3d 967, 976 (9th Cir. 2012) (emphasis added). In fact, Rule 803(6) was amended in 2000 to add that, *in lieu of live testimony*, the foundation for admissibility of a business

record may be established by a written certification. *See United States v. Kahre*, 610 F.Supp.2d 1261, 1263 (D. Ore. 2009) (holding that business records were admissible with custodian certifications over the defendant's objection) (emphasis added.)

The Advisory Committee Notes to that amendment explain that Rule 902(11) "provides that the foundation requirements of Rule 803(6) can be satisfied . . . without the expense and inconvenience of producing time-consuming foundational witnesses." Fed. R. Evid. 803(6), Advisory Committee's Notes; *see also*, *United States v. Johnson*, 297 F.3d 845 (9th Cir. 2002) (bank records and sales orders were properly admitted as business records under Rule 803(6)); *United States v. Lewis*, 594 F.3d 1270, 1278-79 (10th Cir. 2010) (affirming admission of boxes of bank records under Rule 902(11) because defendant had 39 days from the government's notice of its intention to introduce such evidence to inspect them); *United States v. Ali*, 616 F.3d 745, 751-52 (8th Cir. 2010) (affirming admission of bank records that had been certified by bank's custodian under Rules 803(6) and 902(11)).

And finally, the Ninth Circuit has stated that use of Rules 803(6) and 902(11) as a functional equivalent to live witness testimony, does not run afoul to the Sixth Amendment or *Crawford v. Washington*, 541 U.S. 36 (2004). *See Anekwu*, 695 F.3d at 976 (noting that it was not error to admit the records along with the actual certifications into evidence because they authenticated otherwise admissible records) (citing *United States v. Yeley-Davis*, 632 F.3d 673 (10th Cir 2011) (holding that certified business records are not testimonial and therefore do not run afoul to the Sixth Amendment right to confront witnesses)).

In this case, the United States has met and conferred with the defense regarding notice of its intent to offer the following business records without live testimony. The current status for each exhibit, as of the date of filing this motion, is as follows:

1. **Well Fargo Bank Records** – Exhibit Nos. 500-509, 520, 531-535, 560, 570, 580-591, 600-608 (certifications produced);

2. **CitiBank Records** – Exhibits Nos. 510-513a, 609 (certifications produced);

3. **PayPal Records** – Exhibit Nos. 514-515 (awaiting certification);

4. **Global Payment Inc**. **Records** – Exhibit No 416 (awaiting certification);

5. **American Express Records** – Exhibit No. 519 (awaiting certification);

6. **Mercedes Benz of Pleasanton Records** – Exhibit No. 700 (awaiting certification);

7. **Fidelity National Title Co. Records** – Exhibit No. 701 (certifications produced);

8. **Chicago Title Co. Records** – Exhibit No. 702 (certification produced);

9. **Placer Title Co. Records** – Exhibit No. 704 (certifications produced);

10. **Prominent Escrow Services Records** – Exhibit No. 705 (certifications produced);

11. **Comcast Records** – Exhibit No. 707 (awaiting certification); and

12. **Equity Residential Records** – Exhibit No. 709 (awaiting certification).

As noted above each exhibit is either currently supported by, or awaiting receipt of, a sworn declaration of a business record custodian. Because the United States will have satisfied the requirements to admit these records without live testimony by the date of the pre-trial conference, the Court should preliminarily admit each of these exhibits ahead of trial and save the time, travel, and expense associated with calling unnecessary witnesses.

### B. Public Records Are Admissible Without Live Testimony

Certified public records that are either certified by a custodian, or bear an official seal of the public entity or department, are also self-authenticating and admissible without live testimony. Fed. R. Evid. 902(4) and 803(8). Rule 803(8) provides that public records are not excluded by the hearsay rule. Fed. R. Evid. 803(8). In turn, Rule 902(4) states that such documents are self-authenticating when they are certified correct by: (A) a custodian who makes a certification; or (B) a certificate that bears a seal of the U.S., any state, district, political subdivision of any such entity, or a department, agency or officer of any such entity as required by Rule 902(1). *See e.g.*, *United States v. Orellana-Blanco*, 294 F.3d 1143, 1150 (9th Cir. 2002) ("[Rule 803(8)] developed to admit . . . public documents for which no serious controversy ordinarily arises about their truth and it would be a great waste of time to have the person who created them come to court and testify, such as birth certificates, death certificates, judgments, licenses, and the like."); *United States v. Huffhines*, 967 F.2d 314, 320 (9th Cir. 1992) (copies of judgments certified by proper custodian of records were admissible under Rule 902(4)); *United States v. Bellucci*, 995 F.2d 157, 161 (9th Cir. 1993) ("Because the certificate of insurance is not hearsay, no

special showing is required under the Confrontation Clause before it may be admitted in place of testimony by a representative from the FDIC."); *United States v. Weiland*, 420 F.3d 1062, 1072 (9th Cir. 2005) (certified records of conviction were self-authenticating under Rules 902(4) and 902(2) and public records under Rule 803(8)).

In this case, the United States has met and conferred with the defense regarding notice of its intent to offer the following public records without live testimony. The current status for each exhibit, as of the date of filing this motion, is as follows:

1. **SEVIS/SEVP Records** – Exhibits Nos. 1-6, 10-11, 30-31, 50-51, 60-61, 70-71, 80-81, 106, 420-440 (awaiting certification);

2. **U.S. District Court for the Northern District of California** – Exhibit Nos. 450, 451, 452, and 453 (stamp certified);

3. **Federal Deposit Insurance Corporation Certificates** – Exhibit Nos. 610-611 (awaiting certification);

4. **Alameda County Recorder's Office** – Exhibit Nos. 701a, 702a, 704a, 705a (seal certified; but awaiting certification for additional clarity);

5. **U.C. Berkeley** – Exhibit No. 706 (awaiting certification); and

6. **Secretary of State for State of California** – Exhibit No. 708 (awaiting certification).

Because each of these certified public records has met, or will meet, the requirements for admission without live testimony by the date of the pre-trial conference, the Court should preliminarily admit each of these exhibits ahead of trial and save the time, travel, and expense associated with calling unnecessary witnesses.

///
///
///
///
///
///

U.S. MOT. IN LIMINE NO. 1
NO. CR-11-00288 SBA

## CONCLUSION

For the reasons stated above, the United States respectfully requests the Court grant its motion for a preliminary ruling of admissibility as to each certified business record and public record, all without the need for live testimony from each foundational custodian.

DATED: August 14, 2013                    Respectfully submitted,

                                          MELINDA HAAG
                                          United States Attorney


                                          _____/s/_____
                                          HARTLEY M. K. WEST
                                          WADE M. RHYNE
                                          Assistant United States Attorneys