1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    J. DOUGLAS WILSON (DCBN 412811)
3   Chief, Criminal Division

4   HARTLEY M.K. WEST (CABN 191609)
    WADE M. RHYNE (CABN 216799)
5   Assistant United States Attorneys

6       1301 Clay Street, Suite 340S
        Oakland, California 94612
7       Telephone: (510) 637-3680
        FAX: (510) 637-3724
8       hartley.west@usdoj.gov
        wade.rhyne@usdoj.gov
9
    Attorneys for United States of America
10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                        OAKLAND DIVISION

14

15   UNITED STATES OF AMERICA,          )  CASE NO. CR-11-00288 SBA
                                         )
16            Plaintiff,                 )  **JOINTLY PROPOSED JURY INSTRUCTIONS**
                                         )
17        v.                             )  Trial Date:   September 30, 2013
                                         )  Time:         8:30 a.m.
18   SUSAN XIAO-PING SU,                 )  Judge:        Hon. Sandra B. Armstrong
                                         )
19            Defendant.                 )
     _____)

20

21        The United States and Defendant Susan Xiao-Ping Su propose that the Court instruct the jury in

22   accordance with these jointly proposed jury instructions.  Per the Court's pretrial order, these proposed

23   instructions are either adapted from or verbatim copies of the Ninth Circuit Model Jury Instructions

24   ///

25   ///

26   ///

27   ///

28
     JOINTLY PROPOSED JURY INSTRUCTIONS
     NO. CR-11-00288-SBA

whenever possible.  Substantive modifications to the model instructions are noted with **<u>bolded and</u>**
**<u>underlined text.</u>**

DATED: August 14, 2013                         Respectfully submitted,

                                               MELINDA HAAG
                                               United States Attorney

                                               _____/s/_____
                                               HARTLEY M. K. WEST
                                               WADE M. RHYNE
                                               Assistant United States Attorneys

                                               _____/s/_____
                                               ERIK BABCOCK
                                               Attorney for Defendant

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

**TABLE OF CONTENTS**

| Proposed Instruction No. | Model Instruction No. | |
|---|---|---|
| 1 | 1.1 | DUTY OF JURY |
| 2 | 1.2 | THE CHARGES – PRESUMPTION OF INNOCENCE |
| 3 | 1.3 | WHAT IS EVIDENCE |
| 4 | 1.4 | WHAT IS NOT EVIDENCE |
| 5 | 1.5 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 6 | 1.6 | RULING ON OBJECTIONS |
| 7 | 1.7 | CREDIBILITY OF WITNESSES |
| 8 | 1.8 | CONDUCT OF THE JURY |
| 9 | 1.9 | NO TRANSCRIPT AVAILABLE TO JURY |
| 10 | 1.10 | TAKING NOTES |
| 11 | 1.11 | OUTLINE OF TRIAL |
| 12 | 2.1 | CAUTIONARY INSTRUCTION – FIRST RECESS |
| 13 | 2.2 | BENCH CONFERENCES AND RECESSES |
| 14 | 2.3 | STIPULATED TESTIMONY |
| 15 | 2.4 | STIPULATIONS OF FACT |
| 16 | 2.7 | TRANSCRIPT OF A RECORDING IN ENGLISH |
| 17 | 2.8 | TRANSCRIPT OF A RECORDING IN A FOREIGN  LANGUAGE |
| 18 | 2.10 | OTHER CRIMES, WRONGS OR ACTS OF DEFENDANTS |
| 19 | 2.11 | EVIDENCE FOR LIMITED PURPOSE |
| 20 | 3.1 | DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW |
| 21 | 3.2 | CHARGE AGAINST DEFENDANT NOT EVIDENCE PRESUMPTION OF INNOCENCE – BURDEN OF PROOF |
| 22 | 3.3 | DEFENDANT'S DECISION NOT TO TESTIFY |

*or*

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

| 23 | 3.4 | DEFENDANT'S DECISION TO TESTIFY |
| 24 | 3.5 | REASONABLE DOUBT – DEFINED |
| 25 | 3.6 | WHAT IS EVIDENCE? |
| 26 | 3.7 | WHAT IS NOT EVIDENCE? |
| 27 | 3.8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 28 | 3.9 | CREDIBILITY OF WITNESSES |
| 29 | 3.10 | ACTIVITIES NOT CHARGED |
| 30 | 3.11 | SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT |
| 31 | 3.16 | INTENT TO DEFRAUD – DEFINED |
| 32 | 4.1 | STATEMENTS BY DEFENDANT |
| 33 | 4.3 | OTHER CRIMES, WRONGS OR ACTS OF DEFENDANTS |
| 34 | 4.8 | IMPEACHMENT EVIDENCE – WITNESS |
| 35 | 4.9 | TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY, BENEFITS, ACCOMPLICE, PLEA |
| 36 | 4.10 | GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS |
| 37 | 4.14 | OPINION EVIDENCE, EXPERT WITNESS |
| 38 | 4.16 | CHARTS AND SUMMARIES IN EVIDENCE |
| 39 | 5.1 | AIDING AND ABETTING – GENERALLY |
| 40 | 5.6 | KNOWINGLY |
| 41 | 7.1 | DUTY TO DELIBERATE |
| 42 | 7.2 | CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY |
| 43 | 7.3 | USE OF NOTES |
| 44 | 7.4 | JURY CONSIDERATION OF PUNISHMENT |
| 45 | 7.5 | VERDICT FORM |
| 46 | 7.6 | COMMUNICATION WITH COURT |

| | | |
|---|---|---|
| 47 | 8.121, 8.124 | WIRE FRAUD – SCHEME TO DEFRAUD OR TO OBTAIN MONEY OR PROPERTY BY FALSE PROMISES (COUNT ONE – COUNT TWELVE) |
| 48 | 8.121 | MAIL FRAUD – SCHEME TO DEFRAUD OR TO OBTAIN MONEY OR PROPERTY BY FALSE PROMISES (COUNT THIRTEEN – COUNT FOURTEEN) |
| 49 | 8.20 | CONSPIRACY TO COMMIT VISA FRAUD (COUNT FIFTEEN) |
| 50 | 8.132, 8.133 | VISA FRAUD – FORGED, COUNTERFEITED, ALTERED OR FALSELY MADE IMMIGRATION DOCUMENT (COUNT SIXTEEN – COUNT NINETEEN) |
| 51 | 8.73 | USE OF FALSE DOCUMENT (COUNT TWENTY) |
| 52 | 8.73 | FALSE STATEMENT TO GOVERNMENT AGENCY (COUNT TWENTY-ONE) |
| 53 | 9.3 | ALIEN HARBORING (COUNT TWENTY-TWO – COUNT TWENTY-FOUR) |
| 54 | 8.98 | UNAUTHORIZED ACCESS OF A GOVERNMENT COMPUTER (COUNT TWENTY-FIVE) |
| 55 | 8.150 | MONEY LAUNDERING (COUNT TWENTY-SIX – COUNT THIRTY-FIVE) |
| 56 | 8.23 | CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS |
| 57 | 8.122 | SCHEME TO DEFRAUD—VICARIOUS LIABILITY |

*NINTH CIRCUIT MODEL JURY INSTRUCTIONS (2010) where applicable.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 1

DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.1.

2

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 2

THE CHARGES—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government.  The government charges the defendants as follows:

- In <u>Count One through Count Twelve</u>, Defendant Susan Xiao-Ping Su is charged with committing Wire Fraud on September 15, 2008 (Count One), February 21, 2009 (Count Two), January 10, 2010 (Count Three), January 27, 2010 (Count Four), July 27, 2010 (Count Five), July 27, 2010 (Count Six), August 31, 2010 (Count Seven), September 7, 2010 (Count Eight), September 20, 2010 (Count Nine), September 24, 2010 (Count Ten), January 7, 2011 (Count Eleven), and January 7, 2011 (Count Twelve), each in violation of 18 U.S.C. § 1343.

- In <u>Count Thirteen and Count Fourteen</u>, Defendant Su is charged with committing Mail Fraud on December 23, 2008 (Count Thirteen) and February 10, 2009 (Count Fourteen), each in violation of 18 U.S.C. § 1341.

- In <u>Count Fifteen</u>, Defendant Su is charged with committing Conspiracy to Commit Visa Fraud in or about February 2009 through January 19, 2011, in violation of 18 U.S.C. § 371.

- In <u>Count Sixteen through Count Nineteen</u>, Defendant Su is charged with committing Visa Fraud on July 27, 2010 (Count Sixteen), on July 27, 2010 (Count Seventeen), on August 31, 2010 (Count Eighteen), and on September 7, 2010 (Count Nineteen), in violation of 18 U.S.C. § 1546.

- In <u>Count Twenty</u>, Defendant Su is charged with Using a False Document on September 24, 2010, in violation of 18 U.S.C. § 1001(a)(3).

- In <u>Count Twenty-One</u>, Defendant Su is charged with making a False Statement to a

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

3

1           Government Agency on January 7, 2011, in violation of 18 U.S.C. § 1001(a)(2).

2      •    In <u>Count Twenty-Two</u> through Count Twenty-Four, Defendant Su is charged with

3          committing Alien Harboring in or about February 2009 through January 19, 2011, in

4          violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(A)(v)(II), (a)(1)(B)(I).

5      •    In <u>Count Twenty-Five</u>, Defendant Su is charged with committing Unauthorized Access of

6          a Government Computer in or about February 2009 through January 19, 2011, in

7          violation of 18 U.S.C. § 1030(a)(3).

8      •    In <u>Count Twenty-Six through Count Thirty-Five</u>, Defendant Su is charged with Money

9          Laundering on November 28, 2009 (Count Twenty-Six), February 25, 2010 (Count

10         Twenty-Seven), April 2, 2010 (Count Twenty-Eight), April 9, 2010 (Count Twenty-

11         Nine), June 10, 2010 (Count Thirty), July 8, 2010 (Count Thirty-One), July 20, 2010

12         (Count Thirty-Two), July 20, 2010 (Count Thirty-Three), December 15, 2010 (Count

13         Thirty-Four), and December 15, 2010 (Count Thirty-Five), each in violation of 18 U.S.C.

14         § 1957(a).

15  The charges against the defendant are contained in the indictment.  The indictment simply describes the

16  charges the government brings against the defendant.  The indictment is not evidence and does not prove

17  anything.

18       The defendant has pleaded not guilty to the charges and are presumed innocent unless and until

19  the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has

20  the right to remain silent and never have to prove innocence or to present any evidence.

21

22                          **Authority**

23  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.2.

24

25

26

27  JOINTLY PROPOSED JURY INSTRUCTIONS
     NO. CR-11-00288-SBA

28

PROPOSED INSTRUCTION No. 3

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.3.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 4

WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.4.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

6

PROPOSED INSTRUCTION No. 5

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.5.

7

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 6

RULING ON OBJECTIONS


There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.6.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 7

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.7.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 8

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

10

1  evidence that each party has had an opportunity to address.  A juror who violates these restrictions

2  jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please

3  notify the court immediately.

4

5  **Authority**

6  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.8.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  JOINTLY PROPOSED JURY INSTRUCTIONS

NO. CR-11-00288-SBA

28

11

PROPOSED INSTRUCTION No. 9

NO TRANSCRIPT AVAILABLE TO JURY


At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.9.

12

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 10

TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.10.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

13

PROPOSED INSTRUCTION No. 11

OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendants may cross-examine.  Then, if the defendants choose to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.11.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 12

CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.1.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

15

PROPOSED INSTRUCTION No. 13

BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.2.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

16

PROPOSED INSTRUCTION No. 14

STIPULATED TESTIMONY

The parties have agreed what [name of witness] testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.3.

This instruction shall only be used if triggering evidence is introduced.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 15

STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.4.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 16

TRANSCRIPT OF A RECORDING IN ENGLISH

You are about to hear a recording that has been received in evidence.  A transcript of the recording is being provided to help you identify speakers and to help you decide what the speakers say.  Remember that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  Listen carefully; the transcript will not be available during your deliberations.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.7.

19

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 17

TRANSCRIPT OF A RECORDING IN A FOREIGN LANGUAGE

You are about to hear a recording in the [specify the foreign language] language.  A transcript of the recording has been admitted into evidence.  The transcript is an official English-language translation of the recording.

Although some of you may know the [specify the foreign language] language, it is important that all jurors consider the same evidence.  Therefore, you must accept the English translation contained in the transcript even if you would translate it differently.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.8.

20

PROPOSED INSTRUCTION No. 18

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANTS

You are about to hear evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendants are now on trial.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.10.

This instruction shall only be used if triggering evidence is introduced.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

21

PROPOSED INSTRUCTION No. 19

EVIDENCE FOR LIMITED PURPOSE

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.11.

This instruction shall only be used if triggering evidence is introduced.

22

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 20

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.1.

23

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

1

<u>PROPOSED INSTRUCTION No. 21</u>

2

CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF
INNOCENCE—BURDEN OF PROOF

3

4

The indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The

5

defendants are presumed to be innocent unless and until the government proves the defendant guilty

6

beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence to

7

prove innocence.  The government has the burden of proving every element of the charges beyond a

8

reasonable doubt.

9

10

**Authority**

11

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.2.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

28

24

PROPOSED INSTRUCTION No. 22

DEFENDANT'S DECISION NOT TO TESTIFY


A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.3.

This instruction shall only be used if the defendant does not testify.

25

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

1

<u>PROPOSED INSTRUCTION No. 23</u>

2

DEFENDANT'S DECISION TO TESTIFY

3

4      The defendant has testified. You should treat this testimony just as you would the testimony of

5 any other witness.

6

7                              **Authority**

8 NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.4.

9                      This instruction shall only be used if the defendant elects to testify.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 JOINTLY PROPOSED JURY INSTRUCTIONS
   NO. CR-11-00288-SBA

28

PROPOSED INSTRUCTION No. 24

REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.5.

27

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 25

WHAT IS EVIDENCE?

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.6.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 26

WHAT IS NOT EVIDENCE?

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

(1)     Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

(3)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Authority**

Ninth Circuit Model Jury Instruction (2010) No. 3.7.

29

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 27

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2003) No. 3.8.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

30

PROPOSED INSTRUCTION No. 28

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2003) No. 3.9.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 29

ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.10.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROPOSED INSTRUCTION No. 30</u>

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
SINGLE DEFENDANT

A separate crime is charged against the defendant in each count.  You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.11.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 31

INTENT TO DEFRAUD—DEFINED

An intent to defraud is an intent to deceive or cheat.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.16.

34

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 32

STATEMENTS BY DEFENDANT


You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendants may have made it.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.1.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 33

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT


You are about to hear evidence that the defendants committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendants' intent, motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendants are now on trial.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.3.

This instruction shall only be used if triggering evidence is introduced.

36

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 34

IMPEACHMENT EVIDENCE—WITNESS

You have heard evidence that [name of witness], a witness, [specify basis for impeachment]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.8.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

1

2

3

<u>PROPOSED INSTRUCTION No. 35</u>

TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES –
IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

4

5

6

    You have heard testimony from **<u>witnesses</u>** who received immunity.  That testimony was given in exchange for a promise by the government that the testimony will not be used in any case against the witness;

7

8

    You have **<u>also</u>** heard testimony from **<u>witnesses</u>** who received benefits from the government in connection with this case;

9

10

11

    You have **<u>also</u>** heard testimony from **<u>witnesses</u>** who pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

12

13

14

    For these reasons, in evaluating the testimony of **<u>these witnesses</u>**, you should consider the extent to which or whether **<u>their</u>** testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of **<u>these witnesses</u>** with greater caution than that of other witnesses.

15

16

**Authority**

17

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.9.

18

19

20

21

22

23

24

25

26

27

28

38

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 36

GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

You have heard testimony from an undercover agent **and** informants who **were** involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.10.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

1

PROPOSED INSTRUCTION No. 37

2

OPINION EVIDENCE, EXPERT WITNESS

3

4          You have heard testimony from persons who, because of education or experience, were

5    permitted to state opinions and the reasons for their opinions.

6          Such opinion testimony should be judged like any other testimony.  You may accept it or reject

7    it, and give it as much weight as you think it deserves, considering the witness's education and

8    experience, the reasons given for the opinion, and all the other evidence in the case.

9

10                                        **Authority**

11   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.14.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   JOINTLY PROPOSED JURY INSTRUCTIONS
                                              40
     NO. CR-11-00288-SBA

28

1          PROPOSED INSTRUCTION No. 38

2          CHARTS AND SUMMARIES IN EVIDENCE

3

4          Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as

5   good as the underlying supporting material. You should, therefore, give them only such weight as you

6   think the underlying material deserves.

7

8                              **Authority**

9   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.16.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                    41
27  JOINTLY PROPOSED JURY INSTRUCTIONS
    NO. CR-11-00288-SBA
28

PROPOSED INSTRUCTION No. 39

AIDING AND ABETTING—GENERALLY

A defendant may be found guilty **of Wire Fraud, Mail Fraud, Visa Fraud, Using a False Document, Making a False Statement to a Government Agency, Alien Harboring, Unauthorized Access of a Government Computer, and/or Money Laundering** even if the defendant personally did not commit the act or acts constituting the **particular** crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, **the particular crime** was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of **the particular crime**; and

Third, the defendant acted before the crime was completed. It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit wire fraud.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 5.1.

Modified where **bolded and underlined**.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

42

PROPOSED INSTRUCTION No. 40

KNOWINGLY


An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 5.6.

43

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 41

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.1.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

44

PROPOSED INSTRUCTION No. 42

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.2.

45

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 43

USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.3.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

46

PROPOSED INSTRUCTION No. 44

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.4.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

47

PROPOSED INSTRUCTION No. 45

VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.5.

48

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 46

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.6.

49

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 47

WIRE FRAUD – SCHEME TO DEFRAUD OR TO OBTAIN MONEY OR PROPERTY BY FALSE PROMISES
(COUNT ONE – COUNT TWELVE)

The defendant is charged in Count One through Count Twelve of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat;

Fourth, the defendant used, or caused to be used, the wires to carry out or attempt to carry out an essential part of the scheme; **and**

**Fifth, the wire communication traveled in interstate commerce.**

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

**An email, fax, or internet communication from one state to another may constitute a wire transmission in interstate commerce.**  A **wire** is caused when one knows that the wires will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the material sent by **wire** was itself false or deceptive so long as the **wires** were used as a part of the

///

50

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

scheme, nor does it matter whether the scheme was successful or that any money or property was obtained.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) Nos. 8.121, and 8.124.

United States v. Green, 592 F.3d 1057, 1071 (9th Cir. 2010) (affirming wire fraud conviction based on emails and faxes); United States v. Johnson, 297 F.3d 845, 870-71 (9th Cir. 2002) (affirming wire fraud conviction based on telephone calls).

Modified where **bolded and underlined.**

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

<u>PROPOSED INSTRUCTION No. 48</u>

MAIL FRAUD – SCHEME TO DEFRAUD OR TO OBTAIN MONEY OR PROPERTY BY FALSE
PROMISES
(COUNT THIRTEEN AND COUNT FOURTEEN)

The defendant is charged in Count Thirteen and Count Fourteen the indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, the mails **namely anything to be sent or delivered by the Postal Service or by any private or commercial interstate carrier**, to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

52

1                                    **Authority**

2   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.121.

3   Modified where **<u>bolded and underlined.</u>**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                      53
27   JOINTLY PROPOSED JURY INSTRUCTIONS
     NO. CR-11-00288-SBA
28

1

PROPOSED INSTRUCTION No. 49

2

CONSPIRACY TO COMMIT VISA FRAUD
(COUNT FIFTEEN)

3

4

The defendant is charged in Count Fifteen of the indictment with conspiring to commit visa

5

fraud in violation of Section 371 of Title 18 of the United States Code.  In order for the defendant to be

6

found guilty of that charge, the government must prove each of the following elements beyond a

7

reasonable doubt:

8

First, beginning on or about February 2009, and **continuing through on or about** January 19,

9

2011, there was an agreement between two or more persons to commit at least one crime as charged in

10

the indictment;

11

Second, the defendant became a member of the conspiracy knowing of at least one of its objects

12

and intending to help accomplish it; and

13

Third, one of the members of the conspiracy performed at least one overt act in or after February

14

2009 for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act

15

that you find was committed.

16

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit

17

one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not

18

matter whether the crime agreed upon was committed.

19

For a conspiracy to have existed, it is not necessary that the conspirators made a formal

20

agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they

21

simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.

22

You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an

23

object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed

24

to commit.

25

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the

26

27

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

28

54

1  intent to advance or further some object or purpose of the conspiracy, even though the person does not

2  have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an

3  existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no

4  knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the

5  conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator

6  merely by associating with one or more persons who are conspirators, nor merely by knowing that a

7  conspiracy exists.

8      An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy

9  if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove

10  that the defendant personally did one of the overt acts.

11

12                                   **Authority**

13  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.20.

14  Modified where **bolded and underlined.**

15

16

17

18

19

20

21

22

23

24

25

26

27  JOINTLY PROPOSED JURY INSTRUCTIONS
    NO. CR-11-00288-SBA

28

55

PROPOSED INSTRUCTION No. 50

VISA FRAUD – FORGED, COUNTERFEITED, ALTERED OR FALSELY MADE
IMMIGRATION DOCUMENT
(COUNT SIXTEEN – COUNT NINETEEN)

The defendant is charged in Count Sixteen through Count Nineteen of the indictment with fraud in the use of an immigration document in violation of Section 1546(a) of Title 18 of the United States Code. **The government can prove this crime was committed in either of two ways.** In order for the defendant to be found guilty of **the** charge **in either way**, the government must prove each of the elements beyond a reasonable doubt.

**The elements that the government must prove for the first way this crime can be committed are:**

First, the defendant forged or falsely made a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, **namely a Form I-20 for the following individuals (identified by initials) on the following dates:**

        (1)    For S.A. on July 27, 2010 (Count Sixteen);

        (2)    For K.D. on July 27, 2010 (Count Seventeen);

        (3)    For M.R. on August 31, 2010 (Count Eighteen); and

        (4)    For R.B. on September 7, 2010 (Count Nineteen);

and

Second, the defendant acted knowingly.

**The elements that the government must prove for the second way this crime can be committed are:**

First, the defendant knowingly used, attempted to use, possessed, obtained, or received a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, **namely a Form I-20 for the following individuals (identified by**

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

56

**initials) on the following dates:**

        (1)     For S.A. on July 27, 2010 (Count Sixteen);

        (2)     For K.D. on July 27, 2010 (Count Seventeen);

        (3)     For M.R. on August 31, 2010 (Count Eighteen); and

        (4)     For R.B. on September 7, 2010 (Count Nineteen);

and

Second, the defendant knew the document to be forged, falsely made, or procured by fraud or unlawfully obtained.

## Authority

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) Nos. 8.132, and 133.

Modified where **bolded and underlined.**

57

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 51

USE OF FALSE DOCUMENT
(COUNT TWENTY)


The defendant is charged in Count Twenty of the indictment with knowingly and willfully **making or** using a document containing a false statement in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant **made or** used a writing which contained a false statement in a matter within the jurisdiction of the Executive Branch of the United States, namely the Department of Homeland Security;

Second, the defendant acted willfully; that is, deliberately and with knowledge that the statement was untrue; and

Third, the statement was material to the activities or decisions of the Department of Homeland Security; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.73.

Modified where **bolded and underlined.**

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 52

FALSE STATEMENT TO GOVERNMENT AGENCY
(COUNT TWENTY-ONE)

The defendant is charged in Count Twenty-One of the indictment with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement in a matter within the jurisdiction of the Executive Branch of the United States, namely the Department of Homeland Security;

Second, the defendant acted willfully; that is, deliberately and with knowledge that the statement was untrue; and

Third, the statement was material to the activities or decisions of the Department of Homeland Security; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.73.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 53

ALIEN HARBORING
(COUNT TWENTY-TWO – TWENTY-FOUR)

The defendant is charged in Count Twenty-Two through Count Twenty-Four of the indictment with harboring of an alien in violation of Section 1324(a)(1)(A)(iii) of Title 8 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**For Count Twenty-Two:**

First, V.D. was an alien;

Second, V.D. was not lawfully in the United States;

Third, the defendant knew or acted in reckless disregard of the fact that V.D. was not lawfully in the United States;

Fourth, the defendant:

(a)     harbored, concealed, or shielded from detection V.D. for the purpose of avoiding his detection by immigration authorities **or**

(b)     attempted to harbor, conceal, or shield from detection V.D. for the purpose of avoiding his detection by immigration authorities and did something that was a substantial step toward committing the crime; and

**Fifth, the defendant acted for the purpose of commercial advantage or private financial gain.**

**For Count Twenty-Three:**

First, T.T. was an alien;

Second, T.T. was not lawfully in the United States;

Third, the defendant knew or acted in reckless disregard of the fact that T.T. was not

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

60

1    lawfully in the United States;

2        Fourth, the defendant:

3            (a)    harbored, concealed, or shielded from detection T.T. for the purpose of

4    avoiding his detection by immigration authorities **or**

5            (b)    attempted to harbor, conceal, or shield from detection T.T. for the purpose

6    of avoiding his detection by immigration authorities and did something that was a substantial step

7    toward committing the crime; and

8        **Fifth, the defendant acted for the purpose of commercial advantage or private**

9    **financial gain.**

10

11       **For Count Twenty-Four:**

12       First, A.D. was an alien;

13       Second, A.D. was not lawfully in the United States;

14       Third, the defendant knew or acted in reckless disregard of the fact that A.D. was not

15   lawfully in the United States;

16       Fourth, the defendant:

17           (a)    harbored, concealed, or shielded from detection A.D. for the purpose of

18   avoiding his detection by immigration authorities **or**

19           (b)    attempted to harbor, conceal, or shield from detection A.D. for the purpose

20   of avoiding his detection by immigration authorities and did something that was a substantial step

21   toward committing the crime; and

22       **Fifth, the defendant acted for the purpose of commercial advantage or private**

23   **financial gain.**

24

25       Mere preparation is not a substantial step toward committing the crime.  To constitute a

26

27   JOINTLY PROPOSED JURY INSTRUCTIONS
     NO. CR-11-00288-SBA

28

61

1    substantial step, a defendant's act or actions must demonstrate that the crime will take place unless

2    interrupted by independent circumstances.

3         An alien is a person who is not a natural-born or naturalized citizen of the United States.

4    An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer.

5

6                         **Authority**

7    NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 9.3.

8    8 U.S.C. § 1324(a)(1)(B)(i).

9    Modified where **<u>bolded and underlined.</u>**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                         62

27    JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

28

PROPOSED INSTRUCTION No. 54

UNAUTHORIZED ACCESS OF A GOVERNMENT COMPUTER
(COUNT TWENTY-FIVE)

The defendant is charged in Count Twenty-Five of the indictment with unlawfully accessing a computer in violation of Section 1030(a)(3) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intentionally accessed a nonpublic computer of **the Department of Homeland Security, Student and Exchange Visitor Information System, also known as "SEVIS"**;

Second, the defendant accessed that computer without authorization; and

Third, the computer accessed by the defendant was used nonexclusively by or for the United States government, but the defendant's conduct affected that computer's use by or for the United States government.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.98.

Modified where **bolded and underlined.**

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 55

MONEY LAUNDERING
(COUNTS TWENTY-SIX – THIRTY-FIVE)

The defendant is charged in Count Twenty-Six through Count Thirty-Five of the indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from visa fraud;

and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

**The term "financial institution" includes an insured bank by the Federal Deposit Insurance Corporation.**

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense.  The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense.  The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of the conspiracy charged in Count One.

64

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

Although the government must prove that, of the property at issue more than $10,000 was criminally derived, the government does not have to prove that all of the property at issue was criminally derived.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.150.

18 U.S.C. § 1956(c)(6)(A); 31 U.S.C. § 5312(a)(2)(A).

Modified where **bolded and underlined.**

65

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

PROPOSED INSTRUCTION No. 56

CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1)    the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2)    the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3)    the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.23.

66

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 57

SCHEME TO DEFRAUD – VICARIOUS LIABILITY


If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.122.

67

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-11-00288-SBA