UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SUSAN XIAO-PING SU,<br>Defendant. | Case No.  11-cr-00288-JST-1<br><br>**ORDER GRANTING IN PARTY AND DENYING IN PART GOVERNMENT'S REQUEST TO ALLOW CASE AGENTS TO REMAIN PRESENT AT COUNSEL TABLE DURING TRIAL**<br>Re: ECF No. 74 |

The Government requests that the Court allow two investigative agents from the United States Department of Homeland Security to remain present at counsel table during the trial pursuant to Federal Rule of Evidence 615(c). Rule 615 either requires the Court to exclude at a party's request, or allows the Court to exclude *sua sponte*, any witnesses "so that they cannot hear other witnesses' testimony." The rule contains four exceptions. Subsection (c) allows the presence of a person "whose presence a party shows to be essential to presenting the party's claim or defense." The Government argues that the investigative agents' "knowledge of the evidence and facts of the case makes them essential to United States' presentation of its case." ECF No. 74 at 17.

Rule 615 was enacted because "[t]he efficacy of excluding or sequestering witnesses has long been recognized as a means of discouraging and exposing fabrication, inaccuracy, and collusion." Fed. R. Evid. 615 (1972 Adv. Cttee. Notes). The advisory committee notes indicate that the Government's request is properly considered to be made pursuant to subsection (b), which allows the presence of "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." See id. (1974 Adv. Cttee. Notes).

The Court construes the Government's request with regard to one of its case agents as a request pursuant to section 615(b), which request is now GRANTED. The Government will

identify its section 615(b) party representative by name when jury selection commences on March 3, 2014.

As to the second case agent, the Government's request is properly considered as having been made under subsection (c). "When the government wants to have two agent-witnesses in attendance throughout a trial, 'it is always free to designate one agent as its representative under subpart (2) [to Rule 615] and to try to show under subpart (3) that the presence of the second agent is "essential" to the presentation of its case.'" United States v. Phibbs, 999 F.2d 1053, 1072 (6th Cir. 1993) (quoting United States v. Pulley, 922 F.2d 1283, 1286 (6th Cir. 1991)).

The Government has the burden of demonstrating why subsection (c) should be applied. Gov't of Virgin Islands v. Edinborough, 625 F.2d 472, 475 (3d Cir. 1980). "Demonstrating that an additional agent is, in fact, 'essential' is no easy task." Id. at 1073. "To satisfy the exception under [Rule 615(c)], a party must show that the "witness's presence is 'essential' rather than simply desirable." Kozlowski v. Hampton Sch. Bd., 77 Fed. Appx. 133, 153 (4th Cir. 2003) (quoting United States v. Jackson, 60 F.3d 128, 135 (2d Cir. 1995). The existence of voluminous evidence or the need to utilize electronic equipment by themselves will not ordinarily suffice to justify granting such a request. Jackson, 60 F.3d at 135.

While some courts have permitted a second case agent to sit at counsel table during trial, they have done so only after a factual showing of necessity based on the complexity of the case. See, e.g., United States v. Feliciano, CR-08-0932-01PHXDGC, 2009 WL 3353031 (D. Ariz. Oct. 19, 2009). Here, the Government has not made such a showing. While it is clear that the testimony of one of the case agents will be necessary to explain the summary evidence the Government will be offering, see ECF No. 74 at 14, the Government has not explained why a second agent must also be present. Certainly the Court is unable to conclude on this record that the presence of a second case agent would be "essential."

Accordingly, the Government's request that the Court to allow two case agents to remain present at counsel table during the trial is GRANTED IN PART and DENIED IN PART. A single

///

///

1  / / /

2  agent may remain present at counsel table pursuant to Evidence Code section 615(b).  The

3  Government's request for a second agent pursuant to section 615(c) is denied.

**IT IS SO ORDERED.**

Dated:  February 7, 2014

_____
JON S. TIGAR
United States District Judge