MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

HARTLEY M. K. WEST (CABN 191609)
WADE M. RHYNE (CABN 216799)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6747
    FAX: (415) 436-7234
    Hartley.west@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 11-0288 JST |
|     Plaintiff, | ) <br> ) UNITED STATES' MOTION TO RECONSIDER <br> ) COURT'S ORDER REGARDING REFERENCE TO |
|     v. | ) PUNISHMENT IN CLOSING ARGUMENTS <br> ) |
| SUSAN SU, | ) <br> ) |
|     Defendant. | ) <br> ) |

    The United States requests that this Court reconsider its ruling, issued today, permitting defense counsel to argue in closing that forfeiture is a motivating factor of the United States' prosecution. Reference to punishment – including forfeiture – is inappropriate in the guilt phase of a trial.

    First, it is inappropriate for a jury to consider or be informed of the consequences of the verdict. *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992). As explained by the Fifth Circuit:

> To inform a jury that the court may impose minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for parole, or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided.

U.S. MTN. TO RECONSIDER
CR 11-0288 JST

*Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962).

For this reason, it is the practice in the federal courts to instruct juries that they are not to be concerned with the consequences to the defendant of the verdict, except where required by statute. See *Rogers v. United States*, 422 U.S. 35, 40 (1975) (jury should have been admonished that it "had no sentencing function and should reach its verdict without regard to what sentence might be imposed"); *United States v. Reed*, 726 F.2d 570, 579 (9th Cir. 1984) (trial judge properly instructed jury that the "punishment provided by law for the offenses charged in the indictment are matters exclusively within the province of the court. It should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused.").

There is no question that criminal forfeiture is punishment and part of a defendant's sentence. *Libretti v. United States*, 516 U.S. 29, 38-41 (1995). Accordingly, reference to criminal forfeiture is inappropriate as well.

While defense counsel has already inquired into forfeiture in his cross-examination of Special Agent Jason Mackey, allowing argument as to forfeiture in closing will compound the problem. The only purpose in making such comments is to appeal improperly to the emotions of the jurors and plant the seed of a factor that they are expressly prohibited from considering.

DATED: March 18, 2014                     Respectfully submitted,

                                          MELINDA HAAG
                                          United States Attorney

                                              /s/
                                          _____
                                          HARTLEY M. K. WEST
                                          WADE M. RHYNE
                                          Assistant United States Attorneys