UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JON S. TIGAR

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | Volume 12 |
| Plaintiff,   ) | Pages 1908 - 1915 |
| ) | |
| VS.       ) | NO. 11-00288 JST |
| ) | |
| SUSAN XIAO-PING SU,       ) | |
| ) | San Francisco, California |
| Defendant.   ) | Thursday, March 20, 2014 |
| ) | 10:34 a.m. |

**TRANSCRIPT OF COURT PROCEEDINGS**

**APPEARANCES:**

**For Plaintiff:**    MELINDA HAAG
UNITED STATES ATTORNEY
1301 Clay Street, Suite 340S
Oakland, California 94612
**BY:**    **HARTLEY M.K. WEST, ESQ.**
**WADE M. RHYNE, ESQ.**
**ASSISTANT UNITED STATES ATTORNEYS**

**For Defendant:**    Law Offices of Erik G. Babcock
717 Washington Street, Second Floor
Oakland, California 94607
**BY:**    **ERIK G. BABCOCK, ESQ.**
**ATTORNEY AT LAW**

Reported By: James C. Pence, RMR, CRR, CSR No. 13059
Official Court Reporter - U.S. District Court
Computerized Transcription By Case CATalyst

| | |
|---|---|
| 1 | Thursday, March 20, 2014                                    10:34 a.m. |
| 2 | ---oOo-- |
| 3 | (Proceedings heard out of the presence of the jury:) |
| 4 | THE COURT:  Good morning. |
| 5 | MS. WEST:  Good morning, your Honor. |
| 6 | MR. RHYNE:  Good morning. |
| 7 | THE COURT:  We are on the record.  We're outside the |
| 8 | presence of the jury.  The jury is deliberating. |
| 9 | The Court has received a note from the jury.  There's some |
| 10 | confusion about the note number.  The Arabic number 1 is |
| 11 | written.  Also, the word "Two" is written.  This is the second |
| 12 | note from the jury because the first one related to scheduling, |
| 13 | and so that is the reason for that confusion. |
| 14 | The defendant is here.  I'll make a record of that, too. |
| 15 | So counsel have a copy of the note, Note 2.  It asks:  "Was |
| 16 | there a set of instructions in filling out the I-17 form?" |
| 17 | Signed by our presiding juror, Mr. Sockolov. |
| 18 | Have counsel had a chance to talk about an appropriate |
| 19 | answer to this question? |
| 20 | MR. BABCOCK:  We looked at it, and we didn't actually |
| 21 | confer between us, though I'm guessing our proposed responses |
| 22 | would be similar. |
| 23 | THE COURT:  All right. |
| 24 | MR. BABCOCK:  It's -- |
| 25 | THE COURT:  Since you have the microphone, why don't |

1   you start.
2          MR. BABCOCK:  There were in -- the answer is there
3   were instructions online, but neither party put them into
4   evidence.  There was one piece of evidence that's not titled
5   instructions, but there was a document called "How to Prepare
6   for a Site Visit," which I believe was attached to an e-mail
7   that was Exhibit 320.
8          MR. RHYNE:  A.  I think it's 320A.
9          MR. BABCOCK:  Was it A?
10         MR. RHYNE:  I believe so.
11         MR. BABCOCK:  So the answer is one of two things or a
12  combination, which is there were no -- there was no, quote,
13  "set of instructions" entered into evidence, but we could
14  direct them to 320 -- or 320A, which is the close -- which is
15  sort of the part of the set of instructions, but it's not what
16  it's called.
17     I do like to answer their questions and give them direction
18  if we can, and I know that the exhibit doesn't say it's a set
19  of instructions, but it's sort of what it is.
20         THE COURT:  Who will respond for the Government?
21         MR. RHYNE:  I will, your Honor.
22     I mean, I think probably the clearest answer in this case
23  will be something along the lines of "Instructions regarding
24  the site visit and documents required, which include reference
25  to the Form I-17, are in Exhibit 320A.  However, instructions

```
 1    for the I-17 itself are not in evidence."
 2            THE COURT:  I would like to add the sentence -- I
 3    think I'd like to combine your responses, and I'm -- Mr.
 4    Babcock, I'll give you the opportunity to consult with Dr. Su.
 5            THE DEFENDANT:  Why was it not admitted into
 6    evidence?
 7            MR. BABCOCK:  That's a separate question.
 8            THE DEFENDANT:  Admit it into evidence.
 9            THE COURT:  Dr. Su --
10            THE DEFENDANT:  Follow the instruction.
11            THE COURT:  Dr. Su --
12            THE DEFENDANT:  Yeah.
13            THE COURT:  -- please stop talking right now.
14        The -- I'd like to combine these answers so that -- and
15    I've not written this out but something like "Instructions for
16    the I-17 were given online, but the instructions themselves are
17    not admitted into evidence," which is only a slight variation
18    of what Mr. Babcock said, and then to say information that --
19    that -- that Mr. Rhyne just said.
20        And the reason for that is I think the fact of this
21    testimony that there were instructions is probative to the
22    jury's question.
23            MR. BABCOCK:  Was there testimony -- I'm sorry --
24    that there were instructions?
25            MR. RHYNE:  I think --
```

1    MS. WEST:  I don't think there was.
2    MR. RHYNE:  I don't think there was.
3    THE COURT:  Ah.
4    MR. RHYNE:  And I think another concern is there
5 are -- the instructions are online now.  Our case agent just
6 looked at them.  I don't know for sure whether they were at the
7 time.
8    THE COURT:  Yes.  And --
9    MS. WEST:  Well, we have confirmed that they were at
10 the time --
11    THE COURT:  Yeah.
12    MS. WEST:  -- but I think that doesn't matter given
13 that there was no evidence about them.  So I think we can't --
14    THE COURT:  And if you're all -- and I'll defer to --
15 I'm hearing clearly that the collective memory of counsel is
16 that there wasn't this testimony, and so I'll take that part
17 back.  Then in that -- in that event, I'm prepared to answer
18 the question as Mr. Rhyne just described.
19      Mr. Babcock, any objection?
20    MR. BABCOCK:  I'm sorry.  Can you just read that for
21 me one more time?
22    MR. RHYNE:  "Instructions regarding the site visit
23 and documents required, which include reference to the Form
24 I-17, are in Exhibit 320A.  However, instructions for the I-17
25 itself are not in evidence."

```
1                THE DEFENDANT:  Can I speak to --
2                MR. BABCOCK:  No, you can't, please.  Let me think.
3                THE DEFENDANT:  The instruction said the --
4                THE COURT:  Dr. Su, you're disrupting this
5     proceeding.  I told you to stop talking.  I apologize for the
6     somewhat curt nature of my reference to you, but I am -- I'm --
7     you're exhausting my patience.
8                THE DEFENDANT:  Well, this is so important, your
9     Honor.  There were -- they decide this --
10               MR. BABCOCK:  I think that's fine.
11               THE COURT:  I hope counsel will find my cadence with
12    Dr. Su was not in any way my reflection of the nature of the
13    proceeding or counsel.
14               MR. RHYNE:  None taken, your Honor.
15               THE COURT:  Mr. Babcock, any objection to what Mr.
16    Rhyne just read?
17               MR. BABCOCK:  No.
18               THE COURT:  May I have that piece of paper?
19         And what I typically do with regard to jury questions is if
20    there's enough room on their note, I just write the answer on
21    their note and then initial it, and if there's not, I attach a
22    piece of paper and initial that.  And that's what I propose to
23    do here consistent with the stipulation that you all reached
24    yesterday.
25               MR. BABCOCK:  Okay.  Perfect.
```

| | |
|---|---|
| 1 | MR. RHYNE:  It's an amalgamation of Ms. West and my |
| 2 | writing. |
| 3 | MS. WEST:  Mr. Rhyne is the legible part. |
| 4 | THE COURT:  All right.  Very good. |
| 5 | And -- all right.  May I ask you just to remain there |
| 6 | because it's also my practice once it's written on the note to |
| 7 | show it one more time to counsel before it goes back into the |
| 8 | jury room.  That's what I'll do here.  So you'll know exactly |
| 9 | what's going back. |
| 10 | MR. RHYNE:  We should probably confirm with Mr. Noble |
| 11 | that 320A is in evidence; is that correct?  It's one of the |
| 12 | last ones I think I specially authored. |
| 13 | MR. BABCOCK:  320? |
| 14 | THE COURT:  Never any harm in checking. |
| 15 | THE CLERK:  Exhibit 320A was admitted on March 10th. |
| 16 | THE COURT:  Very good. |
| 17 | Thank you, Mr. Noble. |
| 18 | THE CLERK:  A? |
| 19 | MR. RHYNE:  A. |
| 20 | THE COURT:  Mr. Noble, I'm handing you the Court's |
| 21 | written response, which is written on a photocopy of this note. |
| 22 | Would you hand that to counsel? |
| 23 | And then would counsel just say on the record -- excuse me. |
| 24 | Would counsel just confirm on the record that that response |
| 25 | is -- is agreeable to you? |

| | |
|---|---|
| 1 | MR. BABCOCK:  Looks good. |
| 2 | MS. WEST:  Yes. |
| 3 | THE COURT:  All right.  Very good.  Thank you. |
| 4 | The Court is in recess. |
| 5 | MR. RHYNE:  Your Honor -- |
| 6 | THE COURT:  Good morning, Mr. Pence. |
| 7 | THE REPORTER:  Good morning, your Honor. |
| 8 | MR. RHYNE:  -- can we have just one other issue |
| 9 | before we go off the record? |
| 10 | THE COURT:  Yes. |
| 11 | MR. RHYNE:  We just wanted to clarify with you. |
| 12 | Would you like Government counsel here at 8:30 when -- |
| 13 | THE COURT:  Yes, I would -- |
| 14 | MR. RHYNE:  Okay. |
| 15 | THE COURT:  -- because it has -- it has occasionally |
| 16 | been the case at the beginning of the day that there are |
| 17 | matters that require the Court's attention. |
| 18 | MR. RHYNE:  Very good, your Honor. |
| 19 | THE COURT:  Thank you. |
| 20 | THE CLERK:  All rise. |
| 21 | Court is in recess. |
| 22 | (Proceedings adjourned at 10:45 a.m.) |
| 23 | |
| 24 | |
| 25 | |

```
1                    CERTIFICATE OF OFFICIAL REPORTER
2
3
4
5          I, James C. Pence, Federal Official Realtime Court
6   Reporter, in and for the United States District Court for the
7   Northern District of California, do hereby certify that
8   pursuant to Section 753, Title 28, United States Code that the
9   foregoing is a true and correct transcript of the
10  stenographically reported proceedings held in the
11  above-entitled matter and that the transcript page format is in
12  conformance with the regulations of the Judicial Conference of
13  the United States.
14
                          Dated this 27th day of June, 2014.
15
16
17                        _____
                          JAMES C. PENCE, RMR, CRR, CSR NO. 13059
18                        FEDERAL OFFICIAL COURT REPORTER
```