Pages 1 - 14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jon S. Tigar, Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | NO. CR 11-00288 JST |
| ) | |
| SUSAN XIAO-PING SU, also known ) | |
| as Susan Su, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

San Francisco, California
Tuesday, April 1, 2014

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
                    MELINDA HAAG
                    United States Attorney
                    450 Golden Gate Avenue
                    San Francisco, California  94102
            BY:  **HARTLEY M. K. WEST**
                 **WADE M. RHYNE**
                 **DAVID COUNTRYMAN**
                 **ASSISTANT UNITED STATES ATTORNEYS**


For Defendant:
                    LAW OFFICE OF ERIK G. BABCOCK
                    717 Washington Street - 2nd Floor
                    Oakland, California  94607
            BY:  **ERIK G. BABCOCK**
                 **ATTORNEY AT LAW**


Reported By:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
              Official Reporter

1    **Tuesday - April 1, 2014**                                    **9:35 a.m.**

2                           **P R O C E E D I N G S**

3                               ---oOo---

4        **THE CLERK:**  Calling Criminal Case 11-288,

5    United States of America versus Sue Xiao-Ping Su.

6        Counsel, will you please make your appearances.

7        **MS. WEST:**  Good morning, Your Honor.  Hartley West and

8    Wade Rhyne for the United States.

9        **THE COURT:**  Good morning.

10       **MR. RHYNE:**  Good morning, Your Honor.

11       **MR. BABCOCK:**  Good morning, Your Honor.  Erik Babcock

12   for Ms. Su.

13       **THE COURT:**  Good morning.

14       **MR. BABCOCK:**  Dr. Su.

15       **THE COURT:**  I have on my list to find out what the

16   schedule of the forfeiture proceedings is.  We had left it as

17   an open question last time, whether the defendant wanted to

18   brief her Rule 29 motion.

19       I'm going to ask the Government to pick up their exhibits

20   and retain them so that the court is not put to the expense of

21   shipping them to Oakland, which is the other alternative.

22       Then I want to find out what is on all of your lists.

23   Let's start with the Government.

24       **MR. BABCOCK:**  Actually, I'll actually probably hop in,

25   Your Honor, because I think the Government's aware about it,

1    but there's an issue.

2        I received a voice mail last night, or yesterday

3    afternoon, from Michael Cardoza, who's an attorney in the

4    Walnut Creek area, saying that he'd been retained by Ms. Su's

5    family to represent her.

6            **THE COURT:**  Cardoza with an A?

7            **MR. BABCOCK:**  Yes, I believe so.

8            **THE COURT:**  All right.

9            **MR. BABCOCK:**  I spoke with him briefly this morning on

10   my way to court.  He did say that he's been retained.  I

11   understand from my client that she's not met with him yet.

12       My suggestion would be -- I mean, certainly I think if she

13   wants to seek new counsel, that's her right, and I don't want

14   to stand in the way of that.

15       Mr. Cardoza was on his way to Hayward to start a

16   time-not-waived jury trial in aggravated mayhem this morning,

17   so he's pretty much out-of-pocket, it sounds like, for about

18   the next two weeks.

19       His request to me to convey to the Court was to see if

20   there's a way we could put this over to later in April to allow

21   him to finish his trial and make arrangements to appear here.

22   That's sort of the long and short of it.

23           **MS. WEST:**  And I spoke with Mr. Cardoza yesterday, he

24   gave me a call as well, conveyed the same information to me,

25   asked that we set it out for at least two weeks as he expects

1  his trial will be approximately two weeks.

2      Mr. Rhyne and I are both unavailable the week of the 14th.

3  So if the Court would be available the following week, it

4  sounds like that would work for all parties; but we, I think,

5  can still address some of the issues in terms of forfeiture for

6  the Court today.

7          **THE COURT:**  Okay.  Well, let's take this very

8  important issue of counsel first.

9      I am available the week of the 21st, and my preference

10  would be to set the matter on Friday the 25th with my regular

11  criminal calendar.  I believe that will be here in

12  San Francisco.

13      Mr. Noble; is that right?

14          **THE CLERK:**  Yes, Your Honor.

15          **THE COURT:**  To set the matter for hearing in

16  San Francisco here at 9:30 in the morning.

17      Of course, Ms. Su has the right to counsel of her choice.

18  If her family has retained new counsel, I'll preserve for the

19  record.  I thought Mr. Babcock did a marvelous job in this

20  case.  That's just one man's opinion.

21          **MR. BABCOCK:**  I don't take these things personally one

22  way or the other, Your Honor.  It comes with the territory.

23          **THE COURT:**  Understood.

24          **MR. BABCOCK:**  I am not available the 25th.  As long

25  as -- Mr. Cardoza said either if the -- I told him that you

1  were on Fridays, and that might be your preference.  He said

2  any of the later Fridays in April would work.

3         THE COURT:  My question for the parties would be is:

4  If he's beginning the trial in Hayward today, two weeks from

5  this Friday would have him in trial almost three weeks.  So if

6  the parties were available on Friday the 18th in Oakland, we

7  could do that also.

8         MR. BABCOCK:  I'm not available that week, but --

9         THE COURT:  You're not available that week?

10         MR. BABCOCK:  Right.

11         THE COURT:  I see.

12         MR. BABCOCK:  I think all of us --

13         MS. WEST:  Neither are Mr. Rhyne --

14         THE COURT:  Okay.  I'm not paying attention to the

15  information you already gave me.

16         MR. BABCOCK:  That's okay.

17     I think the 25th is --

18         THE COURT:  Oh, you were about to say?  I'm sorry?

19         MR. BABCOCK:  What I started to say is I'm sure the

20  25th works for Mr. Cardoza.  It doesn't work for me, I don't

21  think.  I have a misdemeanor trial.

22         THE COURT:  I'm not going to have a situation -- I

23  think it's best for the Court to avoid a situation in which I

24  release lawyer one but I haven't seen lawyer two.  So my

25  suggestion would be that we specially set this on Monday,

1   April 21st, if that is available for the parties, here in

2   San Francisco just as we've specially set this morning's

3   proceeding.

4                    (Pause in proceedings.)

5        MR. BABCOCK:  That's a complicated day, Your Honor.  I

6   have a trial set in --

7            THE COURT:  Is April the 22nd simpler?

8        MR. BABCOCK:  Much better.  Thank you.

9            THE COURT:  How about the morning of April 22nd at

10  9:30?

11           MR. RHYNE:  That will be fine.

12           THE COURT:  Mr. Noble, are there other conflicts on

13  that day that I'm not seeing?

14                (Court and clerk conferring.)

15       THE COURT:  The Court will set this matter for hearing

16  on April 22nd, 2014, in the San Francisco courthouse at

17  9:30 a.m.

18      Ms. Su, you're ordered to be personally present on that

19  date and at that time in this location.

20      Forfeiture.

21       MS. WEST:  We invite David Countryman to present his

22  expertise to the Court.

23           MR. COUNTRYMAN:  Good morning, Your Honor.

24           THE COURT:  Good morning, Mr. Countryman.

25           MR. COUNTRYMAN:  The Government is going through the

1    assets that are to be seized and calculated for the money

2    judgment it seeks to ask for.  If the Court -- if it's amenable

3    to the Court, we could have that ready in 30 days.

4          **THE COURT:**  I don't have any idea what the customary

5    schedule for these things is.  It's my first time at this

6    particular rodeo.

7          I never know whether it's a good idea for a brand new

8    federal judge to admit the things he doesn't know, but I do it

9    all the time.

10         If 30 days is how you like to do it, and if no one says

11   there's any objection, that's fine with the Court.

12         Is there any objection?

13         **MR. BABCOCK:**  No objection.

14         **THE COURT:**  All right.

15         **THE DEFENDANT:**  I ask for a jury trial on forfeiture.

16         **THE COURT:**  I can hear from the defendant's table that

17   Dr. Su is asking for a jury trial on the question of

18   forfeiture.

19         **THE DEFENDANT:**  Yes, I did, Your Honor.

20         **MR. COUNTRYMAN:**  Your Honor, if I may respond to that.

21   The defendant has the right to a jury trial, but that right

22   must be exercised before the jury is impaneled because you have

23   the right --

24         **THE COURT:**  Yes.  I believe the question of forfeiture

25   was waived on the record with Dr. Su's consent.

1    **THE DEFENDANT:**  I did not --

2    **THE COURT:**  In this court, Dr. Su, you will not talk

3 while I'm talking.  Let me be very plain with you, very plain.

4    **THE DEFENDANT:**  Yes, Your Honor.

5    **THE COURT:**  I have done everything I can in this trial

6 to accommodate the fact that trial must be very stressful for

7 you.  I know this morning's proceedings are very stressful for

8 you, but I also need to enforce the rules of the courtroom.

9    One rule is that only one person can talk.  When I'm

10 talking, I'm that person.  That's not just a rule of decorum;

11 it's a rule of courtroom administration.  It is impossible for

12 the court reporter to take down more than one person at a time,

13 and it's very important to have a clear record.

14    Also, as you and I have previously discussed, right now

15 you're represented by counsel.  If, in fact, Mr. Babcock is

16 relieved as your attorney in this case because Mr. Cardoza

17 comes in, you'll still be represented by counsel.  Because

18 you're represented by counsel, you speak to the Court through

19 counsel.

20    I made a note on the record, in other words, I said on the

21 record just a moment ago that you were asserting your right to

22 a jury trial because, although I remember that you had waived

23 your right already, I simply wanted to have a complete record.

24 But that doesn't take away from two things that I just said:

25 First, you need to address the Court through counsel; and,

1  secondly, only one person at a time can talk.

2      Do we need to set a hearing on the question of forfeiture?

3  When you say 30 days, what does that mean?

4      **MR. COUNTRYMAN:**  Your Honor, the statute says that we

5  should do it sufficiently in advance of sentencing to allow the

6  parties to modify the order or correct errors if necessary.

7      **THE COURT:**  Yes.  And sentencing is set for June?

8      **MR. BABCOCK:**  20th.

9      **THE COURT:**  June 20th.  Thank you.

10      **MR. COUNTRYMAN:**  So it's up to the Court how

11  sufficiently in advance of sentencing it would like to have a

12  preliminary order of forfeiture presented to it.

13      **THE COURT:**  Well, when you say 30 days, that's the

14  Government will file a brief of some kind?

15      **MR. COUNTRYMAN:**  The Government will file an

16  application for a preliminary order of forfeiture.

17      **THE COURT:**  30 days from today is May 1st, 2014.

18  We're going to have new counsel come into the case just about

19  nine days before that, I believe, or eight.

20      Well, what I'll do is set a tentative schedule now; and

21  then if new Defense counsel does come in and they feel the

22  schedule is unreasonable, they can move the Court for a

23  continuance after discussing the matter with the

24  U.S. Attorney's Office.

25      So anticipating that you will file something on the 1st,

1    Mr. Babcock, if you were still in the case at that time, what

2    would you think is a reasonable amount of time to respond to

3    that?

4          **MR. BABCOCK:**  30 days, Your Honor.  I think primarily

5    I would expect -- yeah, by the end of May would be plenty of

6    time.

7          **THE COURT:**  So if we have the Government's

8    presentation on May 1st and the defendant has until May

9    the 30th to respond, does the Government typically file a reply

10   brief in these things?

11         **MR. COUNTRYMAN:**  They don't happen often.  The

12   Government has in the past.  In this case, the Government

13   intends to rely a lot on --

14         **THE COURT:**  I'm not looking for one.

15         **MR. COUNTRYMAN:**  Only if novel issues are raised,

16   Your Honor.  We believe that the record deals with this issue

17   adequately.

18         **THE COURT:**  All right.  Well, I'll set a hearing in

19   the spirit of optimism that there won't be any novel issues.

20   So why don't we put the matter on for a hearing on....

21                    (Pause in proceedings.)

22         **MR. COUNTRYMAN:**  If you'd like me to walk you through

23   the procedure, I can, so you can figure out what time is

24   necessary.

25         **THE COURT:**  Sure.  That will be helpful.

1    **MR. COUNTRYMAN:**  The Government is supposed to enter

2    a -- submit an application for preliminary order of forfeiture,

3    which the Court then should rule on sufficiently in advance of

4    sentencing to work out any of the kinks.

5        Defendant has the right to a hearing to submit additional

6    evidence, but the Court can rely on evidence already in the

7    record.  It can rely on hearsay.  It can -- you know, this is a

8    part of sentencing so the rules of sentencing apply.

9        At that point, at sentencing the order becomes final as to

10   the defendant; and then the Government will provide notice to

11   the rest of the world through Internet publication and the

12   mailing of notice to, let's say, mortgage holders on real

13   property, that they can say that they have an interest in the

14   property the Government is seeking to forfeit.

15           **THE COURT:**  Yes.

16       **MR. COUNTRYMAN:**  In this situation the Government is

17   going to be seeking a money judgment for which no ancillary

18   proceeding is necessary, because it's an *in personam* money

19   judgment against the defendant, for approximately $5.6 million.

20       It will also be seeking actual direct forfeiture of all of

21   the property listed in the Indictment and the Bill of

22   Particulars, and there may be third-party interests in that

23   property.

24       So as to the money judgment, the Government feels that,

25   you know, in large part, the testimony of Special Agent Mackey

1   dealt with that at length.

2       Also, as for money judgment -- or, I should say, as to

3   money laundering counts, the Government is entitled to any

4   property involved in the money laundering transaction, which

5   would include the entirety of the real property.

6       So after the final order of forfeiture becomes final at

7   sentencing, the Government will publish.  If it is unable to

8   work out the third-party interests, there can be an ancillary

9   hearing.  The Government doesn't anticipate that.

10      So once the third-party interests are resolved, the

11  Government will issue an application for final order of

12  forfeiture, which the Court can sign.

13      After the preliminary order of forfeiture, the defendant

14  has no right to challenge that ancillary process because his

15  rights are determined finally at the preliminary-order-of-

16  forfeiture stage.

17          **THE COURT:**  Is June 6th available on the parties'

18  calendars?  That would be in Oakland at 9:30.

19          **MR. COUNTRYMAN:**  Yes, Your Honor.

20          **MR. BABCOCK:**  That's fine.

21          **THE COURT:**  Okay.  So we'll set a hearing on the

22  preliminary application -- application for preliminary order of

23  forfeiture on June 6, 2014, at 9:30 a.m. in the Oakland

24  courthouse.

25          **MR. BABCOCK:**  Sorry.  The clerk said the 22nd is here;

1   right?

2        **THE COURT:**  Yes, that's true.  Frankly, I'd rather set

3   that hearing on the 13th, but I want to make sure I've left

4   enough time before the sentencing.  So that's what I have to

5   say.

6                      (Pause in proceedings.)

7        **THE COURT:**  Thank you, Mr. Countryman.

8        **MR. COUNTRYMAN:**  Thank you, Your Honor.

9        **THE COURT:**  Mr. Babcock, Rule 29 motion.  I understand

10  that there's some issues maybe with your --

11       **MR. BABCOCK:**  Well, my suggestion would be this:  I

12  was thinking about that.  I would like to brief some of the

13  issues; but rather than file it, I will either give it to

14  Mr. Cardoza when he's available or bring it on the 22nd; and if

15  he comes in, he can decide what to do with it, or I can argue

16  it then if he prefers.  He obviously wasn't here during trial

17  and is at a disadvantage to argue a sufficiency claim, which is

18  what this is.

19       **THE COURT:**  Yes.

20       **MR. BABCOCK:**  So I think he might want my view on the

21  sufficiency arguments, and he can look at the briefing and

22  decide.  He's obviously not going to be -- the other way to do

23  it, I suppose, was if he ordered a transcript and did it from

24  the paper record.  I don't know if he's planning to do that.  I

25  didn't have that conversation with him.

1    **THE COURT:** Let me set a backstop. If this issue has

2 not been resolved, obviously, before sentencing, I'll just rule

3 on the motion before I sentence the defendant --

4    **MR. BABCOCK:** Fair enough.

5    **THE COURT:** -- whether or not briefing has been filed,

6 the motion. I stated on the record the motion is pending, so

7 I'll issue a ruling on it based on my own recollection of the

8 evidence if nothing further has happened before I sentence

9 Dr. Su.

10    **MR. BABCOCK:** If he doesn't pursue it, I do intend to

11 follow it through.

12    **THE COURT:** All right.

13    **MR. BABCOCK:** So one way or another.

14    **THE COURT:** Very good.

15    We will address -- the minutes should reflect we will

16 address that issue again when we convene on April 22nd.

17    Anything further on the parties' to-do lists?

18    **MR. BABCOCK:** I don't think so.

19    **MS. WEST:** Not for the Government.

20    **THE COURT:** All right. Thank you.

21        (Proceedings adjourned at 9:52 a.m.)

22            ---oOo---

23

24

25

1

2

### CERTIFICATE OF REPORTER

3

4          I certify that the foregoing is a correct transcript

5     from the record of proceedings in the above-entitled matter.

6

7     DATE:   Monday, August 11, 2014

8

9

10

11     _____

12          Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
                   U.S. Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25