JOHN J. JORDAN, ESQ.   (State Bar No. 175678)
400 Montgomery Street, Suite 200
San Francisco, CA   94104
(415) 391-4814
(415) 391-4308 (FAX)

Attorney for Defendant
SUSAN XIAO-PING SU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>       Plaintiff,  )<br>  )<br>v.  )<br>  )<br>SUSAN XIAO-PING SU,  )<br>  )<br>  )<br>       Defendant.  )<br>_____ ) | No. CR-11-00288 JST<br><br>**NOTICE OF OBJECTION AND REQUEST FOR A STAY RE GOVERNMENT'S APPLICATION FOR A PRELIMINARY ORDER OF FORFEITURE**<br><br>Date:   October 31, 2014<br>Time:   9:30 a.m.<br>Hon. Jon S. Tigar |

**NOTICE OF OBJECTION AND REQUEST FOR STAY
PURSUANT TO FED. R. CRIM. P. 32.2(b)(1)**

The defendant, Susan Su, through her above-listed counsel, John J. Jordan, files this Notice of Objection and Request for a Stay, pursuant to Fed. R. Crim. P. 32.2(b)(1), in response to the Government's Application for a Preliminary Order of Forfeiture, filed May 1, 2014, in light of the fact that the defendant has now filed a post-verdict motion pursuant to Fed. R. Crim. P. 29(c), for entry of a judgment of acquittal, and a separate motion for a new trial pursuant to Fed. R. Crim. P. 33.

First, the defendant submits that the Application is premature and issuance of a Preliminary Order of Forfeiture is not practical at this point.  Fed. R. Crim. P. 32.3(b)(1)(A) provides that this Court should make a forfeiture determination as soon as practical after a verdict or finding of guilty.  But, while there has been a jury verdict, the defendant has now filed

REQ STAY RE FORFEITURE                            1

both a Rule 29 motion for a judgment of acquittal and a separate Rule 33 motion for a new trial. If either motion is granted, then the government's motion would be moot.

Moreover, even if the Rule 29 motion was only granted in part, there could be an impact on the forfeiture proceedings.  For example, the government alleges in its Application that one theory for the forfeiture is "any property that facilitated the alien harboring."  See Application at p. 3.  However, the defendant's Rule 29 motion makes a strong argument that the harboring charges should be dismissed.

In addition, it appears that there is no threat of loss of any assets here, and therefore no compelling need to proceed forward at this point.  Instead, there appears to be no prejudice to the government to stay these proceedings until a decision has been reached on the Rule 29 and Rule 33 motions.

Thus, it is not practical to grant the government's application until the defendant's motions have been decided, and defendant requests a stay of the forfeiture proceedings until that point.

Second, the defendant Susan Su has informed counsel that she wishes, at this point, to contest the forfeiture, and requests a hearing before this Court to do so.  Accordingly, under Rule 32.2(b)(1)(B), before a preliminary order of forfeiture can be ordered, it appears this Court must hold a hearing.  Again, it appears prudent to stay any such hearing until the defendant's Rule 29 and Rule 33 motions are decided.

## CONCLUSION

The Court should stay the government's Application for a Preliminary Order of Forfeiture until decision on the defendant's Fed. R. Crim. P. 29 and 33 motions.

Dated: August 29, 2014.                           Respectfully submitted,


                                                  /s/ John J. Jordan
                                                  JOHN J. JORDAN
                                                  Attorney for Defendant
                                                  SUSAN XIAO-PING SU

REQ STAY RE FORFEITURE                2