Pages 1 - 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE SAUNDRA BROWN ARMSTRONG, JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CR 11-00288 JST |
| | ) | |
| SUSAN XIAO-PING SU, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

                                              Oakland, California
                                              Tuesday, July 26, 2011

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:        MELINDA L. HAAG, ESQ.
                       United States Attorney
                       1301 Clay Street, #340S
                       Oakland, CA 94612-5207
                  BY: **WADE M. RHYNE**
                       Assistant United States Attorney

For Defendant:       Bonjour, Thorman, Baray and Billingsley
                       24301 Southland Dr #312
                       Hayward, California 94545
                  BY: **DAVID HARRIS BILLINGSLEY, ESQ.**

Reported By:         Leo T. Mankiewicz, CSR 5297, RMR, CRR
                       Pro Tem Reporter

1  <u>Tuesday, July 26, 2011</u>
2                                                      <u>10:40 a.m.</u>
3              (Defendant present in court.)
4          **THE CLERK:** Calling criminal 11-288, United States
5  of America versus Susan Xiao-Ping Su.
6          **MR. RHYNE:** Good morning, your Honor. Wade Rhyne
7  for the United States.
8          **THE COURT:** Good morning, Mr. Rhyne.
9          **MR. BILLINGSLEY:** Good morning, your Honor. David
10 Billingsley appearing with Ms. Su, who's present, out of
11 custody.
12         **THE COURT:** Good morning. The record will so
13 reflect. This is on for status, counsel?
14         **MR. RHYNE:** Yes, your Honor. We were last before
15 you on the 12th of this month, and the parties informed the
16 Court about the backdrop of the charge in this case, which is a
17 33-count indictment alleging wire fraud, mail fraud, visa fraud
18 along with some other counts, including money laundering.
19             It was our intent at that point to kind of keep it
20 on a short schedule and come back today. Between then and now,
21 the parties were continuing to review discovery, and the
22 defense was also going to make an inquiry about whether a
23 mental competency evaluation was appropriate, and as we
24 represented, I think we've done that. We're continuing to
25 review the discovery.

1           On that issue, there's voluminous amounts of
2  discovery.  There were a number of computers seized pursuant to
3  multiple federal search warrants from Tri-Valley University in
4  this case, which is the university that the defendant was the
5  President of.  We are continuing to go through that discovery.
6  We've produced it to the defense, and it's taking some time.
7           So I think there's a basis to set this out,
8  I believe it's the parties' recommendation to September 27th,
9  if the Court is still available on that date.
10              **THE COURT:**  For status?
11              **MR. RHYNE:**  For status.
12              **THE COURT:**  Lisa, is that available?
13              **THE CLERK:**  Yes, your Honor.
14              **THE COURT:**  Is that acceptable?
15              **MR. BILLINGSLEY:**  Yes, your Honor, it is.
16              **MR. RHYNE:**  And I know with respect to the second
17  issue that Mr. Billingsley is prepared to talk about, what he's
18  done since the last appearance, as far as the recommendation --
19  their recommendation to the Court on the mental competency
20  evaluation.
21              **THE COURT:**  Okay, because I don't think you filed
22  anything, did you?
23              **MR. BILLINGSLEY:**  I did not, and as of our last
24  appearance, I'd asked the Court for a couple weeks to give me a
25  chance to review the situation to see whether it would be

|    |    |
|----|----|
| 1  | appropriate for me to request a referral for a mental health |
| 2  | competency. |
| 3  |     **THE COURT:** Okay. |
| 4  |     **MR. BILLINGSLEY:** I've had an opportunity to conduct |
| 5  | that review, and I've concluded that there is not a reasonable |
| 6  | basis for me to ask the Court to have Ms. Su referred for |
| 7  | mental competency evaluation, and that's based upon my |
| 8  | discussions I've had with Ms. Su and also some discussions I've |
| 9  | had with her mental health counselor. |
| 10 |     **THE COURT:** Okay. Okay, that's fine. Thank you. |
| 11 |     So we are continuing this to the 27th, so you all |
| 12 | may continue to exchange discovery. |
| 13 |     **MR. RHYNE:** We are, your Honor. |
| 14 |     **THE COURT:** Okay, so this matter will be continued |
| 15 | to September 27th at 10:00 a.m. for status, and Ms. Su, you're |
| 16 | ordered to return to this court on that date and time, |
| 17 | September 27th at 10:00 a.m., and the time between today and |
| 18 | September 27th will be tolled under 18 U.S.C. Section |
| 19 | 3161(h)(7)(A) and (B)(iv), to allow for adequate preparation of |
| 20 | counsel, taking into account the exercise of due diligence. |
| 21 |     Is there anything further? |
| 22 |     **MR. BILLINGSLEY:** No, your Honor. |
| 23 |     **MR. RHYNE:** No, your Honor. Thank you. |
| 24 |     **MR. RHYNE:** Thank you. |
| 25 | 10:43 a.m. |

**CERTIFICATE OF REPORTER**

   I, LEO T. MANKIEWICZ, a pro tem reporter in the United States Court, Northern District of California, and Certified Shorthand Reporter duly licensed in the State of California, hereby certify that the foregoing proceedings in Case No. CR 11-00288 JST, United States of America v. Susan Xiao-Ping Su, were reported by me, and were thereafter transcribed under my direction into typewriting; that the foregoing is a true record of said proceedings as bound by me at the time of filing.

   The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____

Leo T. Mankiewicz, CSR 5297, RMR, CRR

Monday, September 15, 2014