JOHN J. JORDAN, ESQ. (State Bar No. 175678)
400 Montgomery Street, Suite 200
San Francisco, CA 94104
Tel:  (415) 391-4814
Fax: (415) 391-4308

Counsel for Defendant
SUSAN XIAO-PING SU

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 11-0288 JST |
| | ) | |
| Plaintiff, | ) | **NOTICE OF MOTION AND MOTION TO VACATE THE SENTENCING HEARING PORTION ONLY OF THE HEARING NOW SET FOR OCTOBER 31, 2014.** |
| vs. | ) | |
| | ) | |
| | ) | |
| SUSAN XIAO-PING SU, | ) | |
| | ) | |
| Defendant. | ) | No Hearing Requested |
| | ) | |

**TO:    MELINDA HAAG, UNITED STATES ATTORNEY, TO ASSISTANT UNITED STATES ATTORNEYS HARTLEY M.K. WEST AND WADE M. RHYNE**

PLEASE TAKE NOTICE that as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jon S. Tigar, United States District Judge, the defendant Susan Su, through counsel John J. Jordan, will move and does hereby move this Honorable Court to vacate the sentencing hearing now set for October 31, 2014,  and instead hear the post-verdict motions on that date and re-set the sentencing hearing for December 12, 2014.

December 12, 2014 appears to be an available date for the Court, and is an available date for defense counsel and the U.S. Probation Officer.

This request is made pursuant to the Fifth and Sixth Amendments to the United States Constitution; subsequent case law; the accompanying declaration; and the pleadings and records on file in this matter.

**MOTION**

The defendant Susan Su, through counsel John J. Jordan, hereby moves this Court to vacate the sentencing hearing portion of the hearing now set for October 31, 2014, while maintaining the date for a hearing on the Fed. R. Crim. P. 29/33 motions already filed.

On September 16, 2014, the government informed counsel that it would not agree to any continuance of the sentencing hearing. Accordingly, the defense now moves by motion to do so. While the defense submits this motion on the papers, counsel is available for a hearing on the motion on September 26, 2014 or October 3, 2014, if the Court orders a hearing on this motion.

1. The defendant has been convicted, after a jury trial, of 12 counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (counts 1 through 12); two counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2 (counts 13 and 14); one count of conspiracy to commit visa fraud, in violation of 18 U.S.C. § 371 (count 15); four counts of visa fraud, in violation of 18 U.S.C. §§ 1546(a) and 2 (counts 16 through 19); one count of using a false document, in violation of 18 U.S.C. §§ 1001(a)(3) and 2 (count 20); one count of false statements, in violation of 18 U.S.C. §§ 1001(a)(2) (count 21); two counts of alien harboring, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 2 (counts 22 and 24); one count of unauthorized access of a government computer, in violation of 18 U.S.C. §§ 1030(a)(3) and 2 (count 25); and seven counts of money laundering, in violation of 18 U.S.C. §§ 1957(a) and 2  (counts 26, 27, 29, 31, 32, 34 and 35). The defendant faces a significant sentence in this case. The defendant now seeks to continue the sentencing hearing portion of the motions/possible sentencing hearing set for October 31, 2014, on several grounds.

2. First, the defendant and counsel have been engaged in the process of completing preparation of post-verdict motions. While the opening motions have been filed, that process is not fully complete, as counsel and the defendant will have to work on reply motions after the government has filed its oppositions. Counsel believes the motions raise substantial grounds, and the reply briefs will require significant work, which will take away time from preparing for

sentencing. Given the issues involved in the post-verdict motions, and the significant exposure the defendant faces if the motions are denied, the defense requests the motions be first resolved at the hearing on October 31, 2014, and then the defense be given sufficient time to prepare for sentencing.

3. Second, a hearing on the motions already filed may also simplify or eliminate the sentencing issues. If the Rule 33 motion for a new trial is granted, then there would be no sentencing hearing. In addition, the court's ruling on the Rule 29 motions may impact the guidelines calculations and potential sentence faced by the defendant. A change in the guidelines calculation could significantly impact the arguments regarding the appropriate sentence to be imposed. Given the potential sentence faced by the defendant, counsel and the defendant would benefit from greater clarity as to the final guideline calculations before filing a sentencing memorandum.

4. Third, consultation between the defendant and counsel is affected by the defendant's pre-sentencing detention. Counsel must work with the schedule at the Santa Rita jail, which limits the time available to consult with the defendant. Given the fact that the defendant is incarcerated, there seems to be no prejudice to the government in granting the defense time to consult, particularly in light of the potential jail sentence the defendant faces.

5. Fourth, the defendant has informed counsel that she has been fully occupied with the post-verdict motions, and has not had sufficient time to confer with counsel regarding purely sentencing issues. In addition, the circumstance of a combined motions and sentencing hearing appears to be causing considerable stress to the defendant. In light of the extremely serious penalties faced by the defendant, counsel joins in this particular portion of the motion, so that the defendant will have sufficient time to adjust to the rulings at the motions hearing before confronting sentencing issues.

Earlier in the case, counsel recommended holding a combined hearing. Now, however, after meeting with the defendant, counsel believes it would be prudent to uncouple the combined

1  hearing, so that the defendant can focus on one issue at a time.

2      6. Counsel believes there is good cause for granting this motion. Significant progress has
3  been made in the case with the filing of counsel's post-verdict motions. On October 31, 2014,
4  counsel expects to be prepared to argue the post-sentence motions already timely filed in this
5  case.

6      7. Counsel's check of the Court's website appears to indicate that December 12, 2014 is
7  an available date. Counsel spoke with U.S. Probation Officer Goldsberry, who informed counsel
8  that she is available on that date. As indicated above, the government has informed counsel it
9  opposes any continuance of the sentencing date.

10      Accordingly, the defendant moves to vacate the sentencing portion of the hearing now
11  scheduled for October 31, 2014, and re-set the sentencing hearing for December 12, 2014.

12  Dated: September 16, 2014.          Respectfully submitted,

14                                          /s/ John J. Jordan
                                          JOHN J. JORDAN
                                          Attorney for Defendant

JOHN J. JORDAN, ESQ.   (Cal. State Bar No. 175678)
400 Montgomery Street
Suite 200
San Francisco, CA   94104
(415) 391-4814
(415) 391-4308 (FAX)

Attorney for Defendant
SUSAN XIAO-PING SU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                             )<br>               Plaintiff,                      )<br>                                                             )<br>      V.                                              )<br>                                                             )<br> SUSAN XIAO-PING SU,                )<br>                                                             )<br>               Defendant.                   )<br>_____) | No.   CR-11-0288 JST<br><br>**DECLARATION IN SUPPORT OF MOTION TO VACATE SENTENCING HEARING** |

**DECLARATION OF COUNSEL IN SUPPORT OF MOTION:**

I, JOHN J. JORDAN, am an attorney licensed to practice in the State of California and do hereby declare under the penalty of perjury as follows:

1. I am an attorney-at-law duly authorized to practice before the Courts of the State of California, and the attorney of record for Defendant Susan Xiao-Ping Su.  I have reviewed the attached Motion, and I believe the factual statements made therein are true and correct to the best of my information and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: September 16, 2014.           /s/ John J. Jordan
                                                            JOHN J. JORDAN
                                                            Attorney for SUSAN XIAO-PING SU

Mtn To Vacate Sentencing Hearing                    1