MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412822)
Chief, Criminal Division

HARTLEY M.K. WEST (CABN 191609)
WADE M. RHYNE (CABN 216799)
Assistant United States Attorneys

    450 Golden Gate Ave., 11th Floor
    San Francisco, CA 94102
    Telephone: (415) 436-6747
    FAX: (415) 436-7234
    E-Mail: hartley.west@usdoj.gov
             wade.rhyne@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) NO. CR-11-0288 JST |
|---|---|
| Plaintiff, | ) **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO VACATE SENTENCING DATE** |
| v. | ) |
| SUSAN XIAO-PING SU, | ) |
| Defendant. | ) |

      The United States opposes defendant Susan Xiao-Ping Su's motion to vacate the sentencing date, currently set for the day of the post-trial motions hearing, October 31, 2014. A jury convicted defendant of 31 counts of fraud, money laundering, and other charges on March 24, 2014, more than seven months before the now-scheduled sentencing date. The defense has had ample time, already extended by this Court, to prepare its motions and also prepare for sentencing. The Court should deny defendant's request to continue it again.

      Defendant has filed a motion for judgment of acquittal alleging insufficiency of the evidence under Federal Rule of Criminal Procedure 29, and a motion for new trial under Rule 33 based on

U.S. OPP. TO DEFT'S MTN. TO VACATE SENTENCING DATE
CR 11-0288 JST

purported newly discovered evidence of a mental impairment. With regard to the former, the Court can ably rule on defendant's motion and proceed directly to sentencing.  Even were the Court to agree with defendant's arguments, the Probation Officer could amend the Presentence Report, if necessary, following the sentencing hearing.

With regard to the Rule 33 motion, defendant has submitted psychiatrist's evaluation to support her claim she lacked the ability to form a specific intent to defraud at the time of her offense conduct, several years ago; that she lacked the ability to understand the proceedings during trial; and that she required expert psychiatrist testimony to explain her inappropriate conduct to the jury.  As the government will argue in its opposition to the motion, due next week, such arguments boil down to a claim that trial counsel provided ineffective assistance and are not properly raised in a Rule 33 motion. The Court must deny the motion for this reason alone.  In the unlikely event this Court disagrees and orders a new trial, it can vacate the sentencing hearing at that time.

On the day defense counsel filed his motion to continue the sentencing, he advised government counsel that he believes defendant is currently competent to be sentenced.  The government is nonetheless concerned that defendant may fake symptoms of incompetence if the sentencing date is continued.  This concern is realistic: the psychiatrist's evaluation specifically recognizes that defendant is malingering – manufacturing symptoms – because she believes it will get her convictions overturned. Indeed, she appears to have been studying brain defects for this purpose.  Once this Court denies her Rule 29 and Rule 33 motions, defendant may well turn her attention to manufacturing signs of current, rather than merely historical, incompentence.

For these reasons, the United States asks that the sentencing hearing proceed as scheduled.

DATED:  September 17, 2014                    Respectfully submitted,

                                              MELINDA HAAG
                                              United States Attorney

                                               /s/
                                              HARTLEY M. K. WEST
                                              Assistant United States Attorney