1    JOHN J. JORDAN, ESQ.   (Cal. State Bar No. 175678)
     400 Montgomery Street, Ste. 200
2    San Francisco, CA   94104
     (415) 391-4814
3    (415) 391-4308 (FAX)

4    Attorney for Defendant
     SUSAN XIAO-PING SU

5

6                       UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8                       SAN FRANCISCO DIVISION

9    UNITED STATES OF AMERICA,      )     No. CR-11-00288 JST
                                    )
10             Plaintiff,          )     **REPLY BRIEF IN SUPPORT**
                                    )     **OF MOTION PURSUANT TO**
11    v.                             )     **FED. R. CRIM. P. 33**
                                    )
12    SUSAN XIAO-PING SU,        )
                        .         )     Date:    October 31, 2014
13             Defendant.        )     Time:   9:30 a.m.
   _____ )     Hon. Jon S. Tigar

14

15                              **INTRODUCTION**

16       The defendant, Susan Su, through her above-listed counsel, John J. Jordan, files this reply

17    brief in support of her motion for a new trial pursuant to Fed. R. Crim. P. 33.

18       Su has moved for a new trial on the ground that the defendant is and was suffering from

19    an unrecognized mental impairment, relying for support on the report of Dr. Amanda Gregory.

20    Su contends that a new trial is warranted because the jury did not hear crucial evidence on the

21    defendant's inability to form the requisite mens rea;  the jury was exposed to her behavior at trial,

22    yet did not hear any testimony regarding Su's mental health that would have explained her

23    behavior and mitigated its impact on the jury; and Su's ability to decide whether to testify on her

24    own behalf was affected by her untreated mental illness.

25       The government has now filed a brief in opposition, arguing that the motion should be

26    summarily denied.   Su disagrees, and asks this Court to grant the motion.

27

28    DEF RULE 33 REPLY                     1

1

**ARGUMENT**

2   **I.      This Court Should Grant a New Trial Pursuant to Fed. R. Crim. P. 33**

3          The defendant Susan Su moves for a new trial pursuant to Fed. R. Crim. P. 33, on the

4   ground that the jury did not hear crucial evidence on the defendant's inability to form the

5   requisite mens rea, required to find her guilty.  In addition, the defendant did not receive a fair

6   trial, because the jury was exposed to her behavior at trial, yet did not hear any testimony

7   regarding Su's mental health, that would have explained her behavior and mitigated its impact on

8   the jury.  Finally, Su's ability to decide whether to testify on her own behalf was affected by her

9   untreated mental illness.

10  **A.      This Court Should Grant a New Trial in the Interest of Justice**

11  **1.      Su's Motion is Timely**

12         The government first argues that Su's Rule 33 motion in the interest of justice is

13  untimely, because it was filed more than 14 days after the jury verdict, citing Fed. R. Crim. P.

14  33(b)(2).

15         However, the time limits in Rule 33 "must be read in conjunction with Federal Rule of

16  Criminal Procedure 45, which provides that "[w]hen an act must or may be done within a

17  specified period, the court . . . may extend the time . . . on a party's motion made . . . after the

18  time expires if the party failed to act because of excusable neglect." *United States v. Munoz,* 605

19  F.3d 359, 367 (6th Cir. 2010),  quoting Fed. R. Crim. P. 45(b), citing Advisory Comm. Notes to

20  2005 Amendments of Rule 33 ("[U]nder Rule 45(b)(1)(B), if for some reason the defendant fails

21  to file the underlying motion for new trial within the specified time, the court may nonetheless

22  consider that untimely underlying motion if the court determines that the failure to file it on time

23  was the result of excusable neglect.") and *United States v. Robinson*, 430 F.3d 537, 541 (2d Cir.

24  2005) ("The time limitations specified in Rule 33 are read in conjunction with Rule 45, which

25  establishes how to compute and extend time.").

26         This court granted the request of the defense to brief post-verdict motions.  This court has

27

28  DEF RULE 33 REPLY                              2

1   great discretion to do so.   Rule 33 "affords judges great flexibility to set a new due date." *United*

2   *States v. Hall,* 370 F.3d 1204, 1206 (D.C. Cir. 2004), citing *United States v. Marquez*, 351 U.S.

3   App. D.C. 373, 291 F.3d 23, 28 (D.C. Cir. 2002), see also *United States v. Acosta,* 2012 U.S.

4   Dist. LEXIS 10383 (N.D. CA January 30, 2012), unpublished.

5        Moreover, at the hearing on May 9, 2014, the defense recalls that this Court

6   acknowledged that the post-trial motions included both Rule 29 and Rule 33 motions.

7   **2.        Defendant is Not Raising an Ineffective Assistance of Counsel Argument**

8        The government, in its opposition, spends considerable space arguing that the defense is

9   really raising an habeas corpus/ineffective assistance of counsel argument in the guise of a Rule

10  33 motion, perhaps for the reason that such a petition would be untimely.  Not so.  The defendant

11  is making its arguments here solely under Fed. R. Crim. P. 33, as a motion for a new trial.  See

12  *United States v. Gutierrez,* 783 F. Supp.1538 (Dist. P.R. 1991).  It is incumbent on counsel to

13  bring this information to the Court at the earliest possible moment, hence this motion.

14  **3.        Defendant is Not Raising a Competency Argument**

15       The government also spends considerable space in its opposition arguing that Su is

16  competent to stand trial.  However, the Rule 33 motion is not a competency motion.

17  **4.        Dr. Gregory's testimony would provide the jury with an accurate and relevant**
18  **         description of Su's mental condition**

19       The argument that the defense did make in its motion is that this Court should order a

20  new trial, in the interest of justice, so that the jury can hear testimony regarding the defendant's

21  mental capacity to form the criminal intent, an element of the crimes charged in the indictment.

22  Dr. Gregory can offer expert testimony directly relevant to the issues of whether Su had a

23  diminished capacity to form the specific intent or the knowing and intentional conduct that are

24  elements in most, if not all, the charges in the indictment.

25       In its brief response to this argument, the government argues that no expert testimony was

26  necessary to challenge defendant's mens rea to the underlying criminal conduct.  Opp. at 10.

27

28  DEF RULE 33 REPLY                        3

1   The government wrongly minimizes the importance of expert testimony on a complex subject, a

2   subject that courts repeatedly recognize is appropriate for allowing expert testimony.

3        As cited in Su's opening brief, in *United States v. Christian*, 749 F.3d 806 (9th Cir.

4   2014), the Ninth Circuit vacated a conviction for  transmitting email communications containing

5   threats to injure  another, in a case in which the defendant argued that the district court should

6   have allowed his expert, a psychologist who had earlier examined him for competency to stand

7   trial, to testify regarding his diminished capacity defense.  Instead of finding that such testimony

8   was unnecessary, or that the expert could only give limited testimony, the Ninth Circuit held  the

9   district court abused its discretion (a high hurdle to establish on appeal) by excluding the

10  defendant's expert.  This is directly contrary to the government's view of the importance of

11  expert testimony on mental state.

12       Similarly, in *United States v. Pohlot*, 827 F.2d 889, 890 (3d Cir. 1987),  *cert. denied*, 484

13  U.S. 1011 (1988), the Third Circuit recognized the admissibility of expert evidence of

14  diminished capacity when offered to negate the intent element of an offense.

15       Finally, in a case very similar to this one, the district court in *United States v. Gutierrez,*

16  783 F. Supp.1538 (Dist. P.R. 1991), considered the same situation, where it was determined,

17  post-trial, that the defendant was suffering from an impairment in intellectual functioning.   The

18  court pointed out that the defendant "had been convicted by a jury who had not had the

19  opportunity to hear any evidence as to defendant's mental condition." *Id*., at 1542.  After holding

20  a hearing on the matter and considering the psychiatric testimony, the district court granted a new

21  trial under Rule 33.  The court found that the defendant's mental condition went "to the element

22  of mens rea, that is, defendant's ability  to form the requisite criminal intent to commit the

23  offense." *Id.*, at 1545.   The court ordered a new trial, holding that evidence of defendant's

24  mental condition  should be placed before the jury in order to determine whether he could form

25  the necessary mens rea to commit the offense.   The court found that "Failure to give defendant

26  an opportunity to present this testimony may implicate his constitutional rights to due process

27

28  DEF RULE 33 REPLY                    4

1    and to offer testimony in his own defense." *Id.*, at 1549, citing *Rock v. Arkansas*, 483 U.S. 44

2    (1987).   This decision was later affirmed by the First Circuit.  See *United States v. Gutierrez,*

3    1992 U.S. App. LEXIS 5610 (1st Cir. 1992).

4         The government fails to discuss any of the three cases cited by the defense.  It also fails to

5    cite a single case in support of its own argument that no expert testimony is necessary to

6    challenge defendant's mens rea.

7         Here, as in *Gutierrez,* a psychologist's report reveals that Su suffers from a mental defect

8    that might affect her ability to appreciate the nature and quality of the criminal conduct for which

9    she was convicted.  Dr. Gregory's report details that Su's symptoms are consistent with a

10   diagnosis of Schizoaffective Disorder, Bipolar Type, and that other diagnoses to be considered

11   include Bipolar Disorder with Psychotic Features and Schizophrenia.  Report at 11.  Dr. Gregory

12   reports that these disorders are all considered to be major mental illnesses.  Report at 11.  Dr.

13   Gregory concludes that Su's grandiose delusional thinking and unstable mood may also have

14   played a role in her behavior that resulted in her charges.  Report at 12.   While Dr. Gregory

15   candidly discusses Su's personal actions in self-researching her mental illness, this in no way

16   changes Dr. Gregory's conclusion that Su is suffering from a mental disorder.

17        In addition, as detailed in Dr. Gregory's report, Su suffered from earlier, documented,

18   episodes, well before the allegations in this case surfaced, strongly cutting against any argument

19   that Su is now malingering.

20        And here, as in *Gutierrez,* Su has been convicted by a jury who had not had the

21   opportunity to hear any evidence as to defendant's mental condition.  As pointed out in Su's

22   opening memorandum, the underlying charges all involve a mens rea or intentional element.

23        Thus, Su's delusional thinking process is directly relevant to her inability to form the

24   requisite intent that is an element of the crimes charged in the indictment, but the jury did not

25   have any expert testimony to guide its deliberations on this issue.

26

27

28   DEF RULE 33 REPLY                               5

1   **B.      This Court Should Grant a New Trial for Newly Discovered Evidence**

2           Alternatively, this Court may grant a new trial on the grounds of newly discovered

3   evidence.

4           As argued in Su's opening memorandum, the proffered testimony of Dr. Gregory also

5   qualifies as newly discovered evidence.  See *United States v. Hinkson*, 585 F.3d 1247, 1257 (9th

6   Cir. 2009 ) (en banc), modified, 611 F.3d 1098 (9th Cir. 2010), *cert. denied,* 131 S.Ct. 2096

7   (2011), citing *United States v. Harrington,* 410 F.3d 598 (9th Cir. 2005), *cert. denied,* 546 U.S.

8   1115 (2006).

9           First, contrary to the government's position, the report of Dr. Gregory is newly

10  discovered.  No such detailed report was done earlier, and there was certainly no prior in-depth

11  analysis, equal to that done by Dr. Gregory.  Su's behavior appeared to be more balanced prior to

12  the stress of the trial, a circumstance that is consistent with the findings of Dr. Gregory.   But, by

13  the last day of trial, the defendant's mental health issues had come to the surface and been

14  recognized.

15          Second, the failure to discover the evidence was not the result of the defendant's lack of

16  due diligence.  The earlier therapy ordered by the magistrate did not disclose the extent of Su's

17  mental condition.  Counsel for the defense believed an earlier event had been a nervous

18  breakdown.  TR 1934.  Again, the stress of the trial exposed the depth of the problem, and now

19  Dr. Gregory's report describes the issue in detail.  If the defendant had been acting throughout the

20  case as she did at trial, the situation would be different.

21          Third, Dr. Gregory's testimony is material to the issue of intent.

22          Fourth, Dr. Gregory's proffered testimony is in no way cumulative or merely impeaching.

23          Here, as in *Gutierrez,* a psychologist's report reveals that Su suffers from a mental defect

24  that might affect her ability to appreciate the nature and quality of the criminal conduct for which

25  she was convicted.  At the same time, she had been convicted by a jury that did not hear any

26  evidence as to her mental condition.  Dr. Gregory's testimony should be heard by a jury, so that

27

28  DEF RULE 33 REPLY                              6

1  the jury could have all the relevant evidence it needs to determine if Su had the requisite intent

2  and mens rea required by the elements of the crimes charged in the indictment.

3  **CONCLUSION**

4      The Court should grant defendant's motion.

5  Dated: October, 2014.                  Respectfully submitted,

6                                     /s/ John J. Jordan
JOHN J. JORDAN

7                                     Attorney for Defendant
SUSAN XIAO-PING SU

8

...

28  DEF RULE 33 REPLY                7