UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA  **ORIGINAL**

BEFORE THE HONORABLE JON S. TIGAR, JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | STATUS CONFERENCE |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | NO. CR 11-00288JST |
| | ) | |
| SUSAN XIAO-PING SU, | ) | PAGES 1 – 17 |
| | ) | |
| DEFENDANT. | ) | OAKLAND, CALIFORNIA |
| _____ | ) | FRIDAY, DECEMBER 20, 2013 |

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

FOR PLAINTIFF:           MELINDA L. HAAG, ESQ.
                         UNITED STATES ATTORNEY
                         1301 CLAY STREET, SUITE 340S
                         OAKLAND, CALIFORNIA 94612
                    BY:  WADE M. RHYNE,
                         HARLEY M.K. WEST,
                         ASSISTANT UNITED STATES ATTORNEYS


FOR DEFENDANT:           LAW OFFICE OF ERIK BABCOK
                         717 WASHINGTON STREET, SECOND FLOOR
                         OAKLAND, CALIFORNIA 94607
                    BY:  ERIK G. BABCOK, ATTORNEY AT LAW

                         ALANNA D. COOPERSMITH, ATTORNEY AT LAW
                         717 WASHINGTON STREET, SECOND FLOOR
                         OAKLAND, CALIFORNIA 94607



REPORTED BY:             RAYNEE H. MERCADO
                         CSR. NO. 8258

   PROCEEDINGS REPORTED BY ELECTRONIC/MECHANICAL STENOGRAPHY;
TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

| | |
|---|---|
| 1 | FRIDAY, DECEMBER 20, 2013                                2:15 P.M. |
| 2 | P R O C E E D I N G S |
| 3 | **THE CLERK:** CALLING CRIMINAL CASE -- CALLING CRIMINAL |
| 4 | CASE 11-288, UNITED STATES OF AMERICA VERSUS SUSAN SU. |
| 5 | COUNSEL, WILL YOU PLEASE MAKE YOUR APPEARANCE FOR THE |
| 6 | RECORD. |
| 7 | **MS. WEST:** GOOD AFTERNOON YOUR HONOR.  HARTLEY WEST |
| 8 | FOR THE UNITED STATES. |
| 9 | **MR. RHYNE:** GOOD AFTERNOON, YOUR HONOR.  WADE RHYNE |
| 10 | FOR THE UNITED STATES. |
| 11 | **MR. BABCOCK:** GOOD AFTERNOON, YOUR HONOR.  ERIK |
| 12 | BABCOCK FOR MS. SU, WHO'S PRESENT BEHIND ME HERE SOMEWHERE OUT |
| 13 | OF CUSTODY.  AND ALSO ALANNA COOPERSMITH ON BEHALF OF MS. SU. |
| 14 | **MS. COOPERSMITH:**  GOOD AFTERNOON. |
| 15 | **THE COURT:**  WELCOME TO ALL OF YOU, ALSO TO MS. SU. |
| 16 | THIS IS A STATUS CONFERENCE.  I'M PREPARED TO TAKE AS MUCH |
| 17 | TIME AS PEOPLE NEED.  WE HAVE TO DEAL WITH THE MATTER OF |
| 18 | SCHEDULING.  I CAN'T GIVE YOU EXACTLY THE TRIAL DATE YOU HAVE |
| 19 | NOW, BUT I CAN COME VERY, VERY CLOSE, SO I'M OPTIMISTIC ABOUT |
| 20 | THAT.  BUT BEYOND THE SCHEDULING WHICH WE'LL GET TO IN A |
| 21 | SECOND, I DON'T HAVE ANYTHING IN PARTICULAR ON MY AGENDA. |
| 22 | I REALLY WANT TO LEARN FROM YOU WHAT THE OPEN ISSUES IN |
| 23 | THE CASE ARE AND FIGURE OUT WHAT DECISIONS HAVE TO BE MADE |
| 24 | BEFORE THE TRIAL CAN GET UNDER WAY. |
| 25 | AND -- AND SINCE IT MAY HAVE SOME IMPACT ON SCHEDULE, |

1  PERHAPS I SHOULD START BY FINDING OUT FROM YOU WHAT THOSE
2  ISSUES MIGHT BE.
3     MS. WEST?  MR. RHYNE.
4        **MR. RHYNE:** YES, YOUR HONOR.  I THINK THAT FROM THE
5  GOVERNMENT'S STANDPOINT, WE'RE ANTICIPATING OUR
6  CASE-IN-CHIEF -- I THINK WE CAN GET IN OUR EVIDENCE IN ABOUT
7  12 DAYS, SO 3 -- 3 TRIAL WEEKS.
8     RIGHT NOW, WE HAVE APPROXIMATELY 60 WITNESSES.  I THINK
9  THAT'S GOING TO BE TRIMMED DOWN SIGNIFICANTLY.
10        **THE COURT:** SIX ZERO?
11        **MR. RHYNE:** YES.
12        **THE COURT:** ALL RIGHT.
13        **MR. RHYNE:** AND I THINK THAT'S GOING TO BE TRIMMED
14  DOWN SIGNIFICANTLY, PRIMARILY BASED ON OUR PENDING MOTION IN
15  LIMINE, WHICH AT THIS POINT I'M NOT SURE IT'S EVEN GOING TO BE
16  CONTESTED, BUT IT HAS TO DO WITH ADMITTING WHAT WILL AMOUNT TO
17  VOLUMINOUS BUSINESS RECORDS WITHOUT A CUSTODIAN -- WITHOUT A
18  LIVE WITNESS CUSTODIAN.
19     WE'VE PROVIDED THE CASE LAW FOR YOUR HONOR AND AN UPDATE
20  AS TO WHICH CUSTODIANS HAVE PROVIDED CERTIFICATIONS.  I THINK
21  WE'RE OPTIMISTIC WE'RE GOING TO HAVE ALL OF THOSE PREPARED
22  PRIOR TO TRIAL, IF WE DON'T ALREADY.  THERE MIGHT BE ONE
23  THAT'S OUTSTANDING AS I STAND HERE TODAY.
24        **THE COURT:** MR. RHYNE, WOULD YOU REFRESH MY
25  RECOLLECTION AS TO THE NUMBER OF MOTIONS IN LIMINE THAT ARE

1    PENDING THAT HAVE NOT BEEN DECIDED?

2         **MR. RHYNE:** IT'S JUST ONE, AND IT'S NOT REALLY A

3    SUBSTANTIVE MOTION. I MEAN, IT'S THIS MOTION THAT WE'VE

4    BROUGHT UNDER 104(B) OR 104(A) TO PRELIMINARILY ADMIT THESE

5    EXHIBITS, SO I DON'T THINK THAT MOTION IN AND OF ITSELF WOULD

6    TOLL THE SPEEDY TRIAL CLOCK. I THINK IT WOULD HAVE TO BE DONE

7    BASED ON EFFECTIVE PREPARATION OF BOTH COUNSEL GOING FORWARD.

8         **THE COURT:** OH, I'M JUST GOING TO DECIDE IT. I MEAN,

9    I SAW -- ANYWAY, I SAW THAT THE MOTIONS WERE PENDING. THE

10    PENDENCY OF THOSE MOTIONS WAS A TOPIC OF AN ORDER TOLLING TIME

11    THAT JUDGE ARMSTRONG ENTERED AT SOME POINT. I REMEMBER HAVING

12    SEEN THAT.

13     ONCE WE SET A TRIAL DATE, I'D LIKE TO SET AN INTERVENING

14    DATE SO THAT I CAN HAVE A SERIOUS PRETRIAL CONFERENCE AND

15    DECIDE THE MOTIONS IN LIMINE AND OTHERWISE GET THE CASE READY.

16     SO BEYOND THE -- DECIDING THAT MOTION, WHAT OTHER MATTERS

17    DO YOU THINK NEED TO BE DECIDED BY THE COURT BEFORE JURY

18    SELECTION?

19         **MS. WEST:** NOTHING.

20         **MR. RHYNE:** I THINK WE'RE VERY WELL POSTURED. I

21    THINK WE'VE SUBMITTED JOINT JURY INSTRUCTIONS. I DON'T

22    BELIEVE THEY'RE CONTESTED JURY INSTRUCTIONS.

23         **THE COURT:** THEY'RE NOT. THEY WERE JOINTLY

24    SUBMITTED. I READ THEM EARLIER THIS MORNING.

25         **MR. RHYNE:** I THINK WE'RE -- I THINK WE'RE VERY

1  PREPARED TO MOVE FORWARD.
2  **THE COURT:** OKAY. MR. BABCOCK.
3  **MR. BABCOCK:** AFTERNOON, YOUR HONOR.
4  **THE COURT:** GOOD AFTERNOON. FROM THE DEFENDANT'S
5  POINT OF VIEW, WHAT MATTERS NEED TO BE DECIDED BEFORE WE CAN
6  SELECT A JURY IN THIS CASE?
7  **MR. BABCOCK:** I -- I DON'T THINK THAT AS FAR AS
8  PRETRIAL RULINGS, FROM MY PERSPECTIVE, THERE'S ANYTHING --
9  THERE'S THE ISSUE THAT THAT'S ALREADY BEEN ADDRESSED. BUT
10 NONE OTHERS THAT ARE -- I'M AWARE OF AT THIS POINT. IT'S JUST
11 A MATTER OF GETTING READY FOR TRIAL --
12 **THE COURT:** OKAY.
13 **MR. BABCOCK:** -- FACTUALLY AND WITNESS PREPARATION
14 AND THE LIKE.
15 **THE COURT:** VERY WELL. SO LET'S TALK ABOUT
16 SCHEDULING.
17 **MR. BABCOCK:** UM-HMM.
18 **THE COURT:** I WILL BE GONE THE WEEK OF FEBRUARY THAT
19 YOUR TRIAL IS CURRENTLY SET. CURRENTLY YOU'RE ON FOR FEBRUARY
20 24.
21 **MR. BABCOCK:** RIGHT.
22 **THE COURT:** AND I'M OUT -- I'M AWAY FROM THE COURT
23 THE WEEK PRIOR TO THAT AND THAT WEEK RETURNING MONDAY MARCH
24 THE 3RD.
25 MY PROPOSAL WOULD BE JUST TO MOVE YOU BACK A WEEK AND A

1  DAY SO THAT JURY SELECTION WOULD COMMENCE ON TUESDAY MARCH THE
2  4TH.  I DON'T LIKE TO BE GONE FROM THE COURT FOR TWO WEEKS AND
3  THEN PICK A JURY MY FIRST DAY BACK.  I'VE DONE THAT A FEW
4  TIMES, AND IT'S JUST NOT A GOOD IDEA JUST BECAUSE LAST-MINUTE
5  THINGS MAY HAVE COME UP FOR ONE OR BOTH SIDES, AND I LIKE TO
6  AVOID INCONVENIENCING A JURY.
7       ALSO I SHOULD TELL YOU THAT I HAVE EXPERIMENTED NOW ON THE
8  FEDERAL BENCH WITH HAVING A TRIAL DAY THAT GOES FROM 8:30 TO
9  1:30 WITH NO LUNCH BREAK, JUST TWO 15-MINUTE BREAKS, AND I
10 HAVE TO SAY I HAVE FOUND THAT I GIVE UP VERY LITTLE TOTAL
11 WITNESS TESTIMONY TIME RELATIVE TO A FULL DAY TRIAL.  IT TURNS
12 OUT TO BE MUCH MORE EFFICIENT.  AND GIVEN THE DEMANDS ON MY
13 TIME FROM NON-TRIAL CASES, FRANKLY, IT'S REALLY THE ONLY WAY I
14 CAN DO IT BECAUSE I JUST HAVE SO MANY OTHER THINGS ON THE
15 CALENDAR.
16      SO YOUR TRIAL WILL PROCEED ON THAT BASIS.  AND WHEN YOU'RE
17 FIGURING OUT WITNESS PREPARATION AND OTHER THINGS, YOU SHOULD
18 BEAR THAT IN MIND.
19      HAVING BEEN A TRIAL LAWYER ON THAT SCHEDULE, I WILL SAY IT
20 MAKES IT MUCH EASIER TO DEAL WITH MOTIONS AND WITNESS
21 PREPARATION AND THINGS THAT COME UP DURING THE DAY BECAUSE
22 YOU'RE ACTUALLY IN YOUR OFFICE AT 2:00 O'CLOCK AND 3:00
23 O'CLOCK AND 4:00 O'CLOCK.  AND YOU'RE NOT DEALING WITH THINGS
24 AT 10:00 O'CLOCK AT NIGHT.  BUT THAT IS -- THAT IS HOW WE WILL
25 SCHEDULE IT.

1      ARE THE PARTIES AVAILABLE TO BEGIN A TRIAL ON TUESDAY,
2  MARCH THE 4TH?
3           **MS. WEST:**  I THINK THAT'S FINE FOR THE GOVERNMENT,
4  YOUR HONOR.
5           **THE COURT:**  MR. BABCOCK?
6                    (PAUSE IN THE PROCEEDINGS.)
7           **MR. BABCOCK:**  IT WORKS WELL ENOUGH FOR ME, YOUR
8  HONOR.  MS. COOPERSMITH IS SUPPOSED TO BE OUT OF TOWN ON A
9  SORT OF A LONG WEEKEND THE 6TH, 7TH, AND 10TH.  I DON'T KNOW
10 WHAT THE COURT'S SCHEDULE IS FOR STARTING IT MAYBE A LITTLE
11 LATER OR -- OR DOING SORT OF --
12          **THE COURT:**  IS THE PROPOSAL --
13          **MR. BABCOCK:**  -- FIRST WEEK AND COMING STRAIGHT BACK
14 AND DOING WITNESSES THE NEXT WEEK.  I DON'T KNOW.  I'M
15 FLEXIBLE.
16          **THE COURT:**  I THINK SO AM I.  I'M NOT QUITE SURE WHAT
17 MY -- I HAVEN'T ASKED THE DEFENDANT TO GIVE ME SOME INPUT ON
18 HOW LONG THEY THINK THE DEFENSE CASE WILL TAKE, IF THERE WILL
19 BE ONE.  AND I'VE NOT LOOKED AT MY OWN APRIL SCHEDULE OR
20 THOUGHT ABOUT IT MUCH.
21          **MR. BABCOCK:**  UM-HMM.
22          **THE COURT:**  BUT --
23          **MR. RHYNE:**  YOUR HONOR --
24          **THE COURT:**  YES.
25          **MR. RHYNE:**  YOUR HONOR, THAT MAY POSE A PROBLEM FOR

1 THE GOVERNMENT IN THAT I HAVE A TRIAL THAT IS SET ON APRIL 7TH
2 THAT I TRIED TO SET OUT FAR ENOUGH IN ADVANCE.  THIS WAS
3 BEFORE THE CASE WAS TRANSFERRED TO YOU --
4       **THE COURT:**  YES.
5       **MR. RHYNE:**  -- RELYING ON THE 24TH DATE OF FEBRUARY.
6 SO IF WE WERE TO MOVE ANY FURTHER INTO MARCH, I THINK THAT
7 COULD POSE A PROBLEM CONTINUITY-WISE.  I KNOW ONE OF THE OTHER
8 OPTIONS THAT WE HAD DISCUSSED -- AND, OBVIOUSLY, IT WOULD BE
9 YOUR DECISION -- IS -- IS LOOKING AT SOMETHING IN MAY IF WE
10 WERE NOT ABLE TO PRESERVE THE FEBRUARY, SLASH, MARCH -- EARLY
11 MARCH TIME FRAME.
12       **THE COURT:**  I'M VERY INTERESTED IN STARTING THIS CASE
13 AS SOON AS I CAN.
14       **MR. RHYNE:**  VERY GOOD.
15       **THE COURT:**  SO I -- BEFORE I DEFAULT TO MAY, I WANT
16 TO KEEP WORKING ON THIS.
17       **MR. RHYNE:**  YEAH, I WOULD PREFER --
18       **THE COURT:**  I -- I KNOW EITHER DIRECTLY OR BY
19 REPUTATION ALL THE LAWYERS ON THE THIS CASE.  I'M REALLY
20 LOOKING FORWARD TO TRYING THIS CASE WITH YOU, SO WE'RE GOING
21 TO -- AND WE'RE GOING TO -- GOING TO TRY TO GET YOU AS CLOSE
22 TO THE SCHEDULE YOU USED TO HAVE AS POSSIBLE.
23   LET ME FIND OUT FROM DEFENDANT, MR. BABCOCK, HOW LONG --
24 IF THE DEFENDANT PUTS ON A CASE, ANY ESTIMATE AS TO HOW LONG
25 THAT WILL BE?

1    **MR. BABCOCK:** I WOULD SAY IT WOULD BE LESS THAN A
2    WEEK, SO --
3              (OFF-THE-RECORD DISCUSSION.)
4    **THE COURT:** WE'RE STILL LOOKING AT APPROXIMATELY A
5    FOUR-WEEK TRIAL, THOUGH.
6    **MR. BABCOCK:** I WOULD SAY --
7    **THE COURT:** BASED ON WHAT I'VE HEARD FROM MR. RHYNE.
8    **MR. BABCOCK:** -- THINK THE COURT SHOULD ESTIMATE
9    ABOUT A MONTH, YEAH.
10   **THE COURT:** YEAH.
11   **MR. RHYNE:** I CAN -- I CAN LOOK INTO FILING A
12   STIPULATION WITH JUDGE HAMILTON AND SEEING IF WE COULD MOVE
13   OUR TRIAL OUT A WEEK AS WELL.
14   **THE COURT:** LET'S DO -- HERE'S WHAT LET'S DO.  LET'S
15   PROVISIONALLY PUT -- MR. BABCOCK, DID YOU SAY MS. COOPERSMITH
16   WILL BE GONE THE 6TH?
17   **MR. BABCOCK:** 6TH THROUGH THE 10TH.
18   **THE COURT:** THROUGH THE 10TH.
19   **MR. BABCOCK:** YEAH.
20   **THE COURT:** SO HAVING NOT YET PICKED A JURY IN A
21   FEDERAL CRIMINAL CASE, HOW LONG IS THAT GOING TO TAKE IN A
22   CASE LIKE THIS?
23   **MS. WEST:** HALF DAY, ONE TRIAL DAY.
24   **THE COURT:** YEAH.
25   **MR. BABCOCK:** WE CAN DO IT CERTAINLY THE 4TH AND THE

1     5TH IF NECESSARY.

2         **THE COURT:** SO THAT'S MY QUESTION IS IF -- DOES IT

3 MAKE SENSE, GIVEN THE TIGHTNESS OF EVERYBODY'S SCHEDULES, TO

4 PICK A JURY, LET MS. COOPERSMITH DO HER WEEKEND AND TELL THE

5 JURORS GO TAKE A LONG WEEKEND, COME BACK, AND WE'LL START THIS

6 TRIAL?

7         **MS. WEST:** THAT'S FINE FOR THE GOVERNMENT AND --

8         **MR. RHYNE:** WHICH WOULD BE WHAT --

9         **MS. WEST:** SO THEN WE WOULD RECONVENE -- START WITH

10 OPENINGS ON THE 11TH.

11         **THE COURT:** CORRECT. WE WOULD PICK A JURY ON THE

12 FOURTH AND 5TH, AND THEN WE WOULD TAKE -- WE WOULD DO OPENING

13 STATEMENTS ON THE 11TH.

14     DOES THAT WORK FOR THE GOVERNMENT?

15         **MS. WEST:** IT DOES ON MY END. MR. RHYNE WILL TAKE

16 STEPS TO SEE IF HE CAN MOVE HIS TRIAL DATE.

17         **MR. RHYNE:** I WILL TRY TO MOVE THE APRIL 7TH TRIAL

18 DATE IN THAT OTHER CASE. IT'S A 922(G) GUN CASE BEFORE JUDGE

19 HAMILTON, AND I WILL IMMEDIATELY START MEETING AND CONFERRING

20 WITH DEFENSE COUNSEL IN THAT CASE, WHO I'M OPTIMISTIC THAT WE

21 WOULD AT LEAST BE ABLE TO REACH A STIPULATION. WHETHER SHE'LL

22 SIGN IT OR NOT IS OBVIOUSLY A DIFFERENT ISSUE, BUT --

23         **THE COURT:** ALL RIGHT. WELL, I APPRECIATE THAT. AND

24 IF WE DO THAT, THE -- THE RECORD IS CLEAR THAT WE WOULD BE

25 DOING THAT TO ACCOMMODATE MS. COOPERSMITH'S SCHEDULE. IF WE

1 DO THAT, DOES THAT ACCOMMODATE THAT SCHEDULE AND COULD WE THEN

2 SET JURY SELECTION ON THE 4TH AND OPENING STATEMENTS ON THE

3 11TH, MR. BABCOCK?

4       **MR. BABCOCK:** I THINK SO.

5       **MS. COOPERSMITH:** YES. THAT'S FINE FOR ME. THANK

6 YOU, YOUR HONOR.

7       **THE COURT:** OKAY. SO ORDERED.

8 SO LET'S FIGURE OUT A DATE TO COME BACK, HAVE A FURTHER

9 CHECK-IN AND FOR ME TO DECIDE THE ONLY PENDING MOTION IN

10 LIMINE. HOW FAR IN ADVANCE OF THE TRIAL DATE SHOULD WE DO

11 THAT?

12       **MR. BABCOCK:** I WOULD SUGGEST ABOUT A MONTH, YOUR

13 HONOR. JUST MORE BECAUSE OF MY OWN -- AS THE COURT KNOWS IN

14 STATE COURT, I DON'T ALWAYS GET TO CONTROL THE SCHEDULING

15 DEPENDING ON WHETHER DEFENDANTS WAIVE TIME.

16       **THE COURT:** YES.

17       **MR. BABCOCK:** BUT I SHOULD KNOW BY THE END OF JANUARY

18 WHETHER I HAVE ANYTHING THAT'S GOING TO LOOK LIKE IT WOULD

19 INTERFERE WITH THIS TRIAL DATE, I WOULD THINK.

20       **THE COURT:** OKAY.

21       **MR. BABCOCK:** I DON'T AT THIS POINT. I DON'T HAVE

22 ANY -- THINK WE'LL BE OKAY, BUT --

23       **THE COURT:** WHAT -- IS IT -- IS IT ACCURATE THAT WHAT

24 YOU STARTED TO SAY IS THAT AT THE MOMENT YOU HAVE NO TRIALS

25 THAT WOULD CONFLICT WITH THE SCHEDULE I JUST SET?

1    **MR. BABCOCK:** THAT'S -- THAT'S TOTALLY ACCURATE. I
2  DON'T HAVE ANY TRIALS --
3    **THE COURT:** THEN I WOULD URGE YOU TO REPRESENT TO ANY
4  OTHER JUDGES THAT YOU SEE BETWEEN NOW AND THEN WHO ATTEMPT TO
5  SCHEDULE DURING THAT TIME THAT JUDGE TIGAR OF THE FEDERAL
6  COURT HAS SET YOU FOR A CASE IN HIS DEPARTMENT THAT HAS
7  ALREADY BEEN CONTINUED ONCE.
8    **MR. BABCOCK:** I WILL.
9    **THE COURT:** THANK YOU.
10   **MR. BABCOCK:** BUT HAVING -- HAVING A STATUS A LITTLE
11 WHILE BEFORE WON'T HURT.
12   **THE COURT:** NEVER DOES. HOW ABOUT --
13   **MR. BABCOCK:** WHAT'S THE COURT'S NORMAL DAY GOING TO
14 BE?
15   **THE COURT:** WELL, I DO -- SO YOUR CASE WILL BE TRIED
16 IN SAN FRANCISCO.
17   **MR. BABCOCK:** RIGHT.
18   **THE COURT:** THAT'S WHERE I DO ALL MY TRIALS. ON
19 STATUS CONFERENCES, ARE THE GOVERNMENT LAWYERS WHO ARE HERE
20 TODAY GENERALLY IN OAKLAND?
21   **MS. WEST:** I'M IN SAN FRANCISCO. MR. RHYNE'S IN
22 OAKLAND, BUT --
23   **THE COURT:** OKAY.
24   **MS. WEST:** I'M HAPPY COME WHEREVER.
25   **THE COURT:** OKAY. SO -- STARTING IN 2014, I WILL BE

```
 1   IN OAKLAND ON THE SECOND AND THIRD FRIDAY'S OF EVERY MONTH AND
 2   IN SAN FRANCISCO THE BALANCE.  AND IT'S UP TO YOU.  IT'S
 3   WHAT'S CONVENIENT FOR YOU.  FEBRUARY 14TH, I KNOW IS ALREADY
 4   TOO FULL.  WE'RE NOT SETTING A SINGLE OTHER THING ON THAT
 5   DATE.
 6       OH, AND THEN I'M GONE THE LAST TWO WEEKS IN FEBRUARY.
 7   HOW'S FEBRUARY 7TH?
 8           MS. WEST:  THAT'S FINE FOR THE -- THAT'S FINE.
 9           MR. BABCOCK:  THAT WORKS.
10           THE COURT:  OKAY.
11           MR. BABCOCK:  I'M SORRY.  IS THAT THE MORNING OR
12   AFTERNOON?
13           THE COURT:  I WOULD SAY THAT IF -- IF WE THINK THAT
14   ALL THAT'S GOING TO HAPPEN IS I DECIDE THE MOTION IN LIMINE
15   AND THEN WE CONFIRM THE TRIAL DATE, YOU MIGHT AS WELL COME IN
16   IN THE MORNING.  IF YOU THINK THAT THERE'S LIKELY TO BE
17   ANYTHING MORE SUBSTANTIVE THAN THAT, YOU SHOULD COME IN IN THE
18   AFTERNOON.  I HAVE ONE OTHER PRETRIAL CONFERENCE IN THE
19   AFTERNOON.  BUT IT'S A CIVIL CASE.  AND AS WE ALL KNOW, THEY
20   MOSTLY SETTLE, SO YOU'RE LIKELY TO HAVE MORE TIME THAT
21   AFTERNOON IF YOU NEED IT.
22                  (PAUSE IN THE PROCEEDINGS.)
23           MR. RHYNE:  SORRY, YOUR HONOR.
24           MR. BABCOCK:  SORRY.  DOES THE GOVERNMENT HAVE ANY
25   PREFERENCE?
```

1  **MS. WEST:** I DON'T THINK THERE ARE GOING TO BE ANY
2  OTHER SUBSTANTIVE ISSUES FOR THE COURT TO ADDRESS. AND IN
3  FACT, AS THE COURT MAY HAVE ALREADY GOTTEN THE GLIMPSE OF FROM
4  LOOKING AT THAT PRETRIAL MOTION, IT IS UNOPPOSED, AND IT'S
5  PROBABLY SOMETHING THE COURT COULD DECIDE ON THE PAPERS IF THE
6  COURT SO CHOSE.
7  BUT I THINK IT'S PROBABLY STILL USEFUL FOR US TO MEET. I
8  JUST DON'T THINK IT'S GOING TO BE A PARTICULARLY LENGTHY
9  APPEARANCE.
10  **THE COURT:** OKAY. ALL RIGHT. LET'S SET YOU ON THE
11  MORNING. 9:30 A.M. IN SAN FRANCISCO, FRIDAY, FEBRUARY 7TH.
12  **MR. BABCOCK:** AND THE -- THE MARCH DATES, YOUR HONOR,
13  THOSE WILL BOTH BE AT 8:30?
14  **THE COURT:** YES.
15  **MR. BABCOCK:** THE JURY SELECTION AND --
16  **THE COURT:** YES.
17  **MR. BABCOCK:** OKAY.
18  **THE COURT:** WE'RE NOT USUALLY ABLE TO GET THE JURORS
19  UP THERE EXACTLY AT 8:30, BUT THAT'S OKAY. WE USUALLY HAVE
20  THINGS TO TALK ABOUT WITH EACH OTHER WHILE WE'RE WAITING.
21  AND --
22  **MR. BABCOCK:** DOES THE COURT -- SINCE IT HASN'T --
23  SORRY. I DIDN'T MEAN TO INTERRUPT -- BUT INDICATED IT HASN'T
24  PICKED A FEDERAL JURY YET.
25  **THE COURT:** IN A CRIMINAL CASE.

1         **MR. BABCOCK:** DOES THE COURT HAVE ANY NOTION AS FAR
2 AS VOIR DIRE GOES WHAT ITS PROCEDURE IS GOING TO BE?
3         **THE COURT:** WELL, I WAS JUST THINKING THAT IT MIGHT
4 MAKE SENSE FOR US ACTUALLY TO GET TO TOGETHER ON THE THIRD
5 EVEN THOUGH WE'RE NOT PICKING A JURY AND TALK ABOUT THAT OR
6 OTHERWISE TO SET A PRETRIAL CONFERENCE NOT JUST TO ADDRESS
7 VOIR DIRE BUT BECAUSE USUALLY COUNSEL HAVE LOTS OF OTHER
8 QUESTIONS ABOUT HOW DOES THIS PARTICULAR JUDGE CONDUCT A
9 TRIAL?
10         **MR. BABCOCK:** EXACTLY.
11         **THE COURT:** WHAT'S THE PROCEDURE FOR JURY SELECTION?
12 HOW DO YOU REQUIRE COUNSEL TO EXERCISE PEREMPTORIES? CAN
13 PEOPLE BRING COKES INTO THE COURTROOM, YOU KNOW, A MILLION
14 THINGS. SO LET'S HAVE THAT HEARING -- GIVE ME JUST A SECOND.
15         (PAUSE IN THE PROCEEDINGS.)
16         **THE COURT:** LET'S GO OFF THE RECORD.
17         (OFF-THE-RECORD DISCUSSION.)
18         **THE COURT:** LET'S GO BACK ON THE RECORD.
19    LET'S -- LET'S MEET AT 9:00 A.M. ON MONDAY THE 3RD OF
20 MARCH TO GO OVER VOIR DIRE AND ANY OTHER TRIAL MANAGEMENT OR
21 TRIAL PRACTICE QUESTIONS COUNSEL HAVE.
22         **MR. BABCOCK:** FAIR ENOUGH.
23         **THE COURT:** I HAVE MANY OTHER MATTERS ON CALENDAR
24 THAT DAY, BUT IF YOUR TRIAL IS STILL ON CALENDAR, ALL OF THOSE
25 THINGS ARE GOING TO BE VACATED.

1       **MR. BABCOCK:** AND I THINK I HEARD FROM YOUR CLERK BUT
2  JUST TO CONFIRM FOR SCHEDULING OTHER MATTERS, TRIAL WILL BE
3  MONDAY THROUGH THURSDAYS.
4       **THE COURT:** CORRECT.
5       **MR. BABCOCK:** OKAY.
6       **THE COURT:** VERY GOOD. ANYTHING ELSE?
7       **MR. BABCOCK:** THE ALAMEDA COUNTY SCHEDULE.
8       **THE COURT:** RIGHT. YEAH. ALTHOUGH I HAVE THE
9  PLEASURE OF A COMPLETELY MIXED DOCKET IN FEDERAL COURT WHICH I
10 NEVER HAD IN ALAMEDA COUNTY. IT WAS ALWAYS --
11      **MR. BABCOCK:** ONE OR THE OTHER.
12      **THE COURT:** -- CHOCOLATE OR VANILLA, BUT NEVER THE
13 SAME -- YOU KNOW, NEVER BOTH AT THE SAME TIME.
14     ANYTHING ELSE FOR THE GOVERNMENT?
15           (OFF-THE-RECORD DISCUSSION.)
16      **MR. RHYNE:** YOUR HONOR, THINK THE ONLY THING LEFT
17 WOULD BE THE SPEEDY TRIAL ACT, AND I THINK THAT BASED ON THE
18 COMPLEXITY OF THE CASE, 35 COUNTS, THE VOLUMINOUS AMOUNT OF
19 DISCOVERY, THE NUMBER OF WITNESSES THAT'S REQUIRED TO PREPARE
20 THIS CASE, I THINK THAT A TIME EXCLUSION FOR EFFECTIVE
21 PREPARATION BETWEEN NOW AND THE DATE OF JURY SELECTION ON THE
22 4TH OF MARCH WOULD BE APPROPRIATE.
23      **THE COURT:** DOES THE DEFENDANT AGREE?
24      **MR. BABCOCK:** THE DEFENDANT DOES. AND IT'S --
25      **THE COURT:** THE COURT -- THE COURT WILL SO ORDER THAT

1 TIME BE EXCLUDED FOR THOSE REASONS.

2     THE COURT WOULD PREVIOUSLY NOTE THAT TIME HAS ALREADY BEEN

3 EXCLUDED THROUGH AND INCLUDING THE TRIAL DATE OF FEBRUARY

4 24TH. BUT FOR THE REASONS STATED BY MR. RHYNE, I CONCLUDE

5 THAT IT IS APPROPRIATE TO EXCLUDE TIME THROUGH MARCH THE 3RD

6 WHEN WE WILL EFFECTIVELY COMMENCE THE TRIAL IN THIS CASE.

7     ANYTHING ELSE FOR THE DEFENDANT?

8     **MR. BABCOCK:** NO, YOUR HONOR.

9     **THE COURT:** WOULD THE GOVERNMENT PREPARE A TIME

10 EXCLUSION ORDER?

11     **MR. RHYNE:** WE WILL.

12     **THE COURT:** ALL RIGHT. THANK YOU ALL.

13     **MS. WEST:** THANK YOU.

14     **MR. BABCOCK:** THANK YOU, JUDGE. HAVE A GOOD HOLIDAY.

15     **THE COURT:** SAME TO YOU ALL.

16     **MR. RHYNE:** NICE TO MEET YOU.

17     (PROCEEDINGS WERE CONCLUDED AT 2:34 P.M.)

18     --O0O--

**CERTIFICATE OF REPORTER**

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER. I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN, AND FURTHER THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

_Raynee H. Mercado_

RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR

TUESDAY, OCTOBER 14, 2014