UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>  Plaintiff,<br><br>  v.<br><br>SUSAN XIAO-PING SU,<br><br>  Defendant. | Case No.  11-cr-00288-JST-1<br><br>**PRELIMINARY ORDER OF FORFEITURE**<br><br>Re: ECF No. 129 |

In this application of the United States for a Preliminary Order of Forfeiture, the United States moves for criminal forfeiture of the following types of property: (1) proceeds from Defendant Susan Su's fraudulent scheme; (2) property involved in her money laundering; and (3) property that facilitated her harboring of aliens.  ECF No. 129 at 3.  The Court will GRANT the application.

**I.    BACKGROUND**

From September 2008 to January 2011, Su created and ran Tri-Valley University, a school in Pleasanton, California that collected tuition and other fees from non-immigrant aliens in return for maintaining their student visa status.  ECF No. 129 at 1-2.  Su defrauded its students and the federal government, collecting at least $5.6 million in "tuition fees," and using those funds to purchase a number of properties.  Id. at 5-8.  On March 24, 2014, Su was found guilty on all thirty-five counts of criminal charges related to this fraudulent scheme.  Id. at 1-2.  The charges included wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), conspiracy to commit visa fraud (18 U.S.C. § 371), visa fraud (18 U.S.C. § 1546(a)), use of a false document and false statements (18 U.S.C. § 1001(a)(3)), alien harboring (18 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(A)(v)(II), (a)(1)(B)(i)), unauthorized use of a government computer (18 U.S.C. § 1030(a)(3)), and money laundering (18 U.S.C. § 1957(a)).  Id. at 2.

In its application, the United States asserts it is entitled to the criminal forfeiture of all proceeds traceable to the offenses she committed. Id. at 3-4. The United States claims all funds and real property that were related to the fraudulent scheme, and properties "involved in" the money laundering are subject to forfeiture. Id. The United States has shown through the existing record and testimony from a special agent that, as derivatives of the $5,601,844.72 in total tuition fees Su collected, a 2009 Mercedes Benz and five other real estate properties are subject to forfeiture. Id. at 6-7. Defendant has not offered any defense or opposition to the Government's application, except to ask that the decision on forfeiture be delayed until the Court rules on Defendant's motions under Federal Rules of Criminal Procedure 29 and 33. ECF No. 168.

## II.   LEGAL STANDARD

The general forfeiture statute, 18 U.S.C. § 982, was enacted to separate criminal defendants from their "ill-gotten gains." United States v. Newman, 659 F.3d 1235, 1243 (9th Cir. 2011). Forfeiture is a portion of the sentence imposed upon a person found guilty of certain crimes, and the propriety of forfeiture must be proven by a preponderance of the evidence. Libretti v. United States, 516 U.S. 29, 49 (1995). To establish criminal forfeiture, the government must prove "the requisite nexus between the property and the offense," the "nexus" being supplied by the forfeiture provision applicable to the crime. Fed. R. Crim. Pro. 32.2(b)(1)(A). The court can make its determination regarding forfeiture "on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Id., subsection (B). Once the government meets its burden of establishing that forfeiture is proper, forfeiture is mandatory – a court has no discretion, unlike other aspects of sentencing, to decide whether or in what amount to impose forfeiture. Newman, 659 F.3d at 1239-40.

A court imposes criminal forfeiture on a defendant after the government has provided notice, either through the indictment or through other means, that the government is seeking "forfeiture of property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. Pro. 32.2(a). The indictment does not need to "identify the property . . . or specify the amount of any forfeiture money judgment" the government is seeking. Id.

"The court, in imposing sentence on a person convicted of an offense in violation of section 1957 [money laundering] . . . , shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1); see also Newman, 659 F.3d at 1243.  Additionally, the court must order forfeiture of any "property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of" their fraud or false statements.  18 U.S.C. §§ 982(a)(2)(A), 982(a)(3)(B), (E), (F).  Where the defendant is convicted of alien harboring under 8 U.S.C. §1324(a)(1)(A), the court must also, in imposing sentence, order forfeiture of any real or personal property "used to facilitate, or intended to be used to facilitate, the commission of the offense."  18 U.S.C. § 982(a)(6)(A)(ii)(II), (B).

**III.    DISCUSSION**

The United States has met its burden to show that the properties it seeks to forfeit were obtained from the commission of various offenses for which Su was convicted.  The government has also provided Su with proper notice in the indictment that it would be seeking forfeiture.  ECF No. 1.

Under 18 U.S.C. § 982(a)(3)(B), all proceeds gained from Su's fraudulent scheme are subject to criminal forfeiture.  The United States examined bank records, invoices, and receipts for payments made to Tri-Valley University, and traced movement of tuition payments between Su's bank accounts to determine the total amount of fraud proceeds in her possession.  ECF No. 129 at 5; ECF No. 125 at 7-18.  Adding up all the funds seized from several of Defendant's accounts, the government has shown from documents in the record that the total of the fraud proceeds is approximately $5,601,844.72.  ECF No. 129 at 5-6.  Those proceeds are subject to forfeiture.  18 U.S.C. § 982(a)(3)(B).

Under 18 U.S.C. Sections 982(a)(1)-(3), the government is also entitled to the criminal forfeiture of properties Su obtained through money laundering and wire fraud.  The government has demonstrated, using evidence already in the record, that Su committed money laundering by using those proceeds to purchase real property.  Id. at 7-8; ECF No. 125 at 32-37, 39-55.  The properties involved in Defendant's money laundering and wire fraud are: (1) a 2009 Mercedes

3

Benz; (2) 1087 Murrieta Blvd., #113, Livermore, CA; (3) 405 Boulder Court, Suite 700, Pleasanton, CA; (4) 405 Boulder Court, Suite 800, Pleasanton, CA; (5) 2890 Victoria Ridge Court, Pleasanton, CA; and (6) 1371 Germano Way, Pleasanton, CA. ECF No. 129 at 7-8.

The government asserts that Su used two of the subject properties, suites 700 and 800 at 405 Boulder Court, Pleasanton, CA, to facilitate her commission of alien harboring under 8 U.S.C. § 1324(a)(1)(A), and that the properties are subject to forfeiture on that additional basis. At trial, the government provided evidence that Su employed several of the aliens she harbored, and those aliens worked at 405 Boulder Court, in suites 700 and 800. Accordingly, the Court finds that Defendant used the properties at 405 Boulder Court to facilitate her crime. United States v. Sabhnani, 599 F.3d 215, 261-62 (2d Cir. 2010) (holding that where harbored aliens were employed within the office of a home, the entire home was subject to forfeiture, as it was used to facilitate the commission of the alien-harboring offense by concealing the aliens within, although the aliens did not live at the home). Accordingly, the Court finds that, pursuant to 18 U.S.C. § 982(a)(6)(A)(ii)(II), suites 700 and 800 at 405 Boulder Creek are subject to forfeiture.

**IV.     CONCLUSION**

Having considered the application for a preliminary order of forfeiture filed by the United States and the guilty verdict pursuant to trial on March 24, 2014, and good cause appearing,

IT IS HEREBY ORDERED the following property is forfeited to the United States:

1. Approximately $5,601,844.72 in property derived from total tuition proceeds traceable to Defendant's crimes, including:

    a. a 2009 Mercedes Benz, VIN XXXXXXX;

    b. 1087 Murrieta Blvd., #113, Livermore, CA;

    c. 405 Boulder Court, Suites 700 and 800, Pleasanton, CA;

    d. 2890 Victoria Ridge Court, Pleasanton CA;

    e. 1371 Germano Way, Pleasanton, CA; and

    f. any remaining funds in bank accounts identified in the government's application for forfeiture, ECF No. 129 at 6-7, which the government calls "Bank Proceeds,"

1      g.  any interest or appreciation accrued on the aforementioned property, and

2      h.  a monetary judgment in the amount of the difference between

3  $5,601,844.72 and the total value of the aforementioned property subject to

4  forfeiture, if the total value of the aforementioned property is less than

5  $5,601,844.72,

6 pursuant to Title 18, United States Code, Sections 982(a)(1) - (3).

7   IT IS FURTHER ORDERED that the United States, through its appropriate agency, shall

8 seize the forfeited property forthwith and publish on www.forfeiture.gov, a government website

9 for at least thirty days, notice of this Order, notice of the government's intent to dispose of the

10 property in such manner as the Attorney General may direct and provide notice that any person,

11 other than the defendant, having or claiming a legal interest in the property, must file a petition

12 with the Court and serve a copy on government counsel within thirty days of the final publication

13 of notice or of actual receipt of notice, whichever is earlier.

14   IT IS FURTHER ORDERED that the government may conduct discovery to identify,

15 locate, or dispose of property subject to forfeiture in accordance with Rule 32.2(b) of the Federal

16 Rules of Criminal Procedure; and

17   IT IS FURTHER ORDERED that the Court retain jurisdiction to enforce the Preliminary

18 Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure

19 32.2(e).

20   IT IS SO ORDERED this 24th day of October, 2014.

_____
      JON S. TIGAR
      United States District Judge