UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SU, et al.,<br><br>　　　　　Defendant. | Case No.  11-cr-00288-JST-1<br><br>**ORDER DENYING REQUEST FOR U-VISA CERTIFICATION**<br><br>Re: Dkt. No. 214 |

The Court has received a letter from attorney Fatima Johnson.[1]  Ms. Johnson states that she represents Rebecca Rajkumari David, a former student at Tri-Valley University.  Ms. Johnson requests that the Court sign an I-918 Supplement B, U Nonimmigrant Status Certification form to enable Ms. David to qualify for a U visa.

The process for obtaining a U visa has been described as follows:

> Congress created a new classification of nonimmigrant visa, the "U" visa, when it enacted the Victims of Trafficking and Violence Protection Act of 2000 (Pub. L. No. 106-386, 114 Stat. 1464 (2000)). An alien is eligible to petition for U status under 8 U.S.C.A. § 1101(a)(15)(U)(i) if the Secretary of the Department of Homeland Security (DHS) "determines that the alien has suffered substantial physical or mental abuse" resulting from certain enumerated criminal activity. The petitioning victim must show that he or she is currently "being helpful" in prosecutorial and investigative efforts, or has been so in the past, or is likely to be so in the future. U visa application procedures set forth in 8 U.S.C.A. § 1184(p) and 8 C.F.R. § 214.14 also dictate that the alien submit a certification form signed by a qualified certifying official, which attests to the petitioner's compliance with the U visa requirements.

---

[1] Ms. Johnson is not admitted to practice in the United States District Court for the Northern District of California.  Because the Court will deny Ms. David's application, it will not address this issue further.

Samantha L. Chetrit, "Adjudication of Application for "U Visa," by Alien Eligible Under 8 U.S.C.A. § 1101(a)(15)(U), Pursuant to 8 U.S.C.A. § 1184(p)," 78 A.L.R. Fed. 2d 515 (2013).

The decision of whether or not to issue certification to qualify for U Nonimmigrant status is discretionary. United States v. Biao, No. 98CR2812-BTM, 2011 WL 607087, at *1 (S.D. Cal. Feb. 11, 2011) (citing Orosco v. Napolitano, 598 F.3d 222, 226 (5th Cir.2010). A qualified certifying official signing a Form I–918 Supplement B must state, *inter alia,* that: (1) "the applicant has been a victim of qualifying criminal activity that the certifying official's agency is investigating or prosecuting;" (2) "the petitioner possesses information concerning the qualifying criminal activity of which he or she has been a victim;" and (3) "the petitioner has been, is being, or is likely to be helpful to an investigation or prosecution of that qualifying criminal activity." 8 CFR § 214.14(c)(2)(i). A district court judge is a "qualified certifying official."

"Qualifying crimes" include "rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes." 8 C.F.R. § 214.14(a)(9). A certification may also be issued in connection with "any similar activity," which is defined to include "criminal offenses in which the nature and elements of the offenses are substantially similar to the statutorily enumerated list of criminal activities." Id. The burden of establishing U visa eligibility is on the petitioning alien. 8 C.F.R. § 214.14(c)(4).

Here, the Court concludes that Ms. David has not met her burden of establishing her entitlement to U visa certification. While Mr. Johnson states in her letter that "a tenable argument can be made that Ms. Su's crimes were substantially similar to any of [the] crimes" listed in section 214.14, she does not explain how she reaches that conclusion, and the Court is not persuaded. Ms. David was not a victim of any of the crimes listed in Part 3 of the Form I-918 Supplement B, or any similar crimes, and the Court also does not find that Ms. David suffered "substantial physical or mental abuse." While the Court acknowledges both Ms. David's status as

a victim in this case and her offer of assistance to the prosecution, this case does not fall within the specific window of eligibility drawn by the Department of Homeland Security.

Ms. David's application is denied.

**IT IS SO ORDERED.**

Dated: January 1, 2015

_____
JON S. TIGAR
United States District Judge