1  MELINDA HAAG (CABN 132612)
United States Attorney
2
DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  DAVID COUNTRYMAN (CABN 226995)
Assistant United States Attorney
5
    450 Golden Gate Avenue, 9th Floor
6   San Francisco, California 94102
    Telephone: (415) 436-7200
7   Facsimile: (415) 436-7234
    Email: david.countryman@usdoj.gov
8
9  Attorneys for United States of America

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,            ) CASE NO. 11-00288 JST
                                         )
14                      Plaintiff,       ) NOTICE AND MOTION TO DISMISS PETITION
                                         ) OF HONG S. YANG WITHOUT A HEARING
15       v.                              )
                                         ) DATE: February 12, 2015
16  SUSAN XIAO-PING SU,                  ) TIME:  2:00 PM
                                         ) LOCATION: Courtroom 9, 19th Floor
17                      Defendants.      )
                                         )
18  ─────────────────────────────────   )
                                         )
19  HONG S. YANG,                        )
                                         )
20                  Third-Party Petitioner. )
                                         )
21  ─────────────────────────────────   )

22          PLEASE TAKE NOTICE THAT ON February 12, 2015, or as soon thereafter as the matter may

23  be heard in the courtroom of the Honorable Jon S. Tigar, Courtroom 9, 19th Floor of the U.S.

24  Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 95113, the United States of

25  America, U.S. Department of Homeland Security, and Homeland Security Investigations ("HSI")

26  (collectively the "United States") moves the Court, pursuant to Fed. R. Criminal Procedure

27  32.2(c)(1)(A), for dismissal of the Petition of Hong S. Yang For Ancillary Hearing.

28

1    This Motion is based on this Notice of Motion, the following Memorandum of Points and

2    Authorities, and the records on file in this action.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

5    Petitioner Hong S. Yang filed a petition asserting an ownership interest in "50% of any portion

6    or balance of the said $100K which were transferred to any of the bank accounts being forfeited or used

7    in the purchase of any of the real estate properties being forfeited."  Docket No. 218 2:4-6.  In support of

8    the petition, Yang claims that in 2006 defendant Su transferred $100,000 from one bank account to

9    another account.  *Id.*, Exhibit A.  However, neither of these bank accounts were forfeited in the Court's

10   Order (Docket No. 199), and Yang has provided no evidence that any of these funds were transferred

11   into or used to purchase any of the property forfeited by the government.  Therefore, because Yang has

12   not asserted a legal interest in any of the forfeited property, he lacks standing to file a petition, and his

13   petition should be dismissed without a hearing.

### II.    STAUTORY FRAMEWORK OF ANCILLARY PROCEEDINGS

15   The purpose of an ancillary proceeding is to resolve any third party claims of an ownership

16   interest in forfeited property.  *United States v. Lazarenko,* 467 F.3d 642, 647-48 (9th Cir. 2007).  The

17   only issue to be determined in the ancillary proceeding is ownership of the property at issue.  It is not a

18   forum in which third parties may seek to re-litigate issues tried in the criminal case.  *See United States v.*

19   *Andrews,* 530 F.3d 1232, 1237 (10th Cir. 2008); *United States v. Porchay,* 533 F.3d 704, 710 (8th Cir.

20   2008).  The ancillary proceeding is simply a quiet title proceeding in which the court determines

21   whether the forfeited property belongs to the third party contesting the forfeiture. *See United States v.*

22   *McHan*, 345 F.3d 262, 276 (4th Cir. 2003).

23   To bring a claim under § 853(n), the petitioner must first establish standing.  *See* Federal Rule of

24   Criminal Procedure 32.2(c); *United States v. Perkins*, 382 F. Supp. 2d 146, 148 (D. Me. 2005) ("However, to

25   bring a claim under § 853(n), the petitioner must first establish standing to petition the court.); *see also*

26   *United States v. BCCI Holdings (Luxembourg) S.A. (In re Petitions of General Creditors)*, 919 F. Supp. 31

27

28

1   (D.D.C. 1996) (addressing 18 U.S.C.S. § 1963(l)(2), which contains identical language to 21 U.S.C.

2   § 853(n)). To establish standing:

> (2)     Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
>
> (3)     The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

9   21 § 853(n)(2) (<u>emphasis added</u>).

10       As can be seen from the language of § 853(n)(2), the petition must assert an interest in the

11   "property which has been ordered forfeited to the United States" and provide the nature, extent, time,

12   circumstances, and facts supporting that claim. The court has no jurisdiction in the ancillary proceeding

13   to litigate the petitioner's interest in other property of the defendant that was not subject to forfeiture.

14   *See United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1089 (D. Utah 2013) (third party a person

15   must assert a legal interest specific asset which has been ordered forfeited as opposed to a general

16   interest in an entire forfeited estate or account); *United States v. Perkins*, 382 F. Supp. 2d 146, 148-49

17   (D. Me. 2005) (third party must assert an interest in the forfeited property; court has no jurisdiction to

18   litigate claimant's lien against other property of defendant not being forfeited).

19       Federal Rule of Criminal Procedure 32.2 sets out, *inter alia*, the "ancillary proceeding" to be

20   used when a third party files a petition in a criminal forfeiture proceeding. Subsection (c)(1) of the rule

21   establishes the following procedure:

> If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.
>
> (A)     In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.
>
> (B)     After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.

1   Fed. R. Crim. P. 32.2(c)(1).  The Advisory Committee's notes state that although "it would not be

2   appropriate to make the Civil Rules applicable in all respects," there are  "several fundamental areas in

3   which procedures analogous to those in the Civil Rules may be followed," including "the filing of a

4   motion to dismiss a claim" and "disposing of a claim on a motion for summary judgment."  Fed. R.

5   Crim. P. 32.2(c) advisory committee's note.  The rule, "[w]here applicable, . . . follows the prevailing

6   case law on the issue." *Id.*

7        Once a petitioner has established standing, in order to prevail in an ancillary hearing a petitioner

8   has the burden of proving one prong of the two pronged test in 21 U.S.C. § 853(n)(6).  The applicable

9   test in Section 853(n)(6) depends on whether the third party's interest in the forfeited property arose

10  *before* or *after* the criminal activity giving rise to forfeiture. If petitioner claims a property interest

11  arising before the criminal activities, then that petitioner must prove that it is more likely so than not so

12  that petitioner had a vested property interest in the forfeited property at the time of the commission of

13  the acts giving rise to the forfeiture, or had a superior right, title or interest in the forfeited property to

14  that of defendant at the time of the commission of the acts giving rise to the forfeiture. 21 U.S.C. §

15  853(n)(6)(A) (*before*-acquired interest test); *see, e.g., United States v. Hooper,* 229 F.3d 818, 821 (9th

16  Cir. 2000).  If petitioner claims a property interest arising after the criminal activities, then petitioner

17  must prove that petitioner was a *bona fide* purchaser for value who was reasonably without cause to

18  believe that the property was subject to forfeiture. 21 U.S.C. § 853(n)(6)(B) (*after*-acquired interest test);

19  *see e.g., United States v. Nava,* 404 F.3d 1119, 1125 (9th Cir. 2005).

20       Significantly, Congress placed the burden of proving a *before* or *after*-acquired property interest on

21  the third party petitioner by a preponderance of the evidence.  *See* 21 U.S.C. § 853(n)(6).  If petitioner

22  succeeds, then the court modifies its final order of forfeiture to account for the third party's property rights.

23  If not, the court denies the petition and the property remains forfeited to the United States when the final

24  order of forfeiture is issued. Fed. R. Crim. P. 32.2(c).

25  ///

26  ///

27  ///

28

**YANG'S PETITION HAS NOT ESTABLISHED AN OWNERSHIP OR POSSESSORY INTEREST IN ANY OF THE ASSETS FORFEITED BY THE UNITED STATES**

Yang's petition provides no factual connection to any of the property that is listed in the order of forfeiture.  Yang claims that in November 2006, eight years ago, he and defendant Su refinanced 3518 Ovella Way, and $100,000 of that loan was withdrawn from Bank of America Account No. 12353-81969 and deposited into Citibank Account number 400359225011.  Docket No. 218, Exhibit A.  However, the seizures in this case did not occur until 2011, more than four years later, and neither of these bank accounts nor 3518 Ovella Way was forfeited.  Docket Nos. 199 and 218 2:1-3.  Yang has asserted no facts to connect any of the property included in the Court's Order of Forfeiture to the $100,000 which was transferred between two unrelated accounts in 2006.  Therefore, because Yang has established no factual connection to the forfeited property, Yang lacks standing to challenge any of the forfeited property, and his petition should be dismissed.

### III.    CONCLUSION

Accordingly, the government requests that the Court dismiss Yang's petition for lack of statutory standing.


DATED: January 8, 2015                                  Respectfully submitted,
                                                        MELINDA HAAG
                                                        United States Attorney


                                                               /s/
                                                        DAVID COUNTRYMAN
                                                        Assistant United States Attorney

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that she is an employee of the Office of the United States

Attorney for the Northern District of California and is a person of such age and discretion to be

competent to serve papers.  The undersigned further certifies that she caused a copy of

- Notice and Motion to Dismiss Petition of Hong S. Yang Without a Hearing

to be served this date via United States first class mail delivery upon the person(s) below at the place(s)

and address(es) which is the last known address(es):

Hong S. Yang
3518 Ovella Way
Pleasanton, CA 94566


I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct to the best of my knowledge.

Executed this 8th  day of January, 2015, at San Francisco, California

_____/s/_____
CAROLYN JUSAY
Asset Forfeiture Unit
FSA Paralegal