UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN XIAO-PING SU,<br><br>Defendant. | Case No. 11-cr-00288-JST-1<br><br>**ORDER RE PETITION FOR ANCILLARY HEARING**<br><br>Re: ECF Nos. 218, 220, 223 |

Before the Court is the petition by Hong S. Yang for an ancillary hearing regarding property forfeited as a result of the conviction of his ex-wife, Susan Su. ECF No. 218. The United States has moved to dismiss Yang's petition for an ancillary hearing. ECF No. 220. For the reasons set forth below, the Court will dismiss Yang's petition and deny the United States' motion as moot.

**I.   BACKGROUND**

A jury convicted Defendant Susan Su of mail fraud, wire fraud, false statements, and other crimes in connection with her establishment of Tri-Valley University in Pleasanton, California. ECF Nos. 199, 209. TVU was a university in name only: it offered no classes, employed no teaching faculty, and had no facilities for instruction. Because TVU had the status of an accredited university, Su was able to obtain F-1 student visas, and did so for any "student" who paid tuition or other fees to TVU. Although these "students" were shown as enrolled in TVU's records, none of them attended classes. ECF No. 199. Id. Overall, Su collected more than $5 million in fees from TVU, and used those funds to purchase real estate, a luxury automobile, and other personal items. Id.

After her conviction, the United States government sought to forfeit the properties she purchased with funds she collected from her scheme, the bank accounts that held proceeds from

tuition fees, and other valuable property traceable to her crimes. ECF No. 129. On October 24, 2014, the Court entered a preliminary order of forfeiture permitting the United States to take possession of all proceeds and property traceable to her offenses. ECF No. 199. On October 31, 2014, at Su's sentencing, the Court incorporated its preliminary order into Su's sentence. ECF No. 203 at 2.

On December 31, 2014, Su's ex-husband, Dr. Hong S. Yang, petitioned the court for an ancillary hearing to assert his interest in one of Su's private bank accounts. Yang alleged that $100,000 in the account was derived from equity in a home at 3518 Ovella Way in Pleasanton, which Yang alleged was originally the couple's marital property. ECF No. 218. Yang asserted a 50% interest in that $100,000 and any property interest derived from that $100,000. Id.

The United States filed a motion to dismiss Yang's petition. ECF No. 220. The United States argued that the $100,000 Yang claimed an interest in was never held in a bank account that the Court ordered forfeited, and that Yang had not provided evidence that the $100,000 was transferred into or used to purchase any of the property the government forfeited. Id. at 2.

On February 17, 2015, the Court held an evidentiary hearing pursuant to 21 U.S.C. § 853(n) in order to consider Yang's petition and the United States' motion to dismiss. ECF No. 222. At the hearing, Yang stated that the bank accounts forfeited to the United States might contain money derived from marital property, and that any funds in those accounts that pre-existed amounts traceable to the proceeds of Tri-Valley University represented marital property in which he owned a 50% interest.[1] He presented no evidence other his own unsworn, speculative comments to the Court.

## II.     LEGAL STANDARD

After a court enters an order of forfeiture, 21 U.S.C. § 853(n) permits third parties who

---

[1] Also on February 17, 2015, Yang submitted a petition, entitled "Petition by Su's Family To Be Allowed To Purchase Forfeited Property at 1371 Germano Way." ECF No. 223. In that petition, Yang, on behalf of himself and his daughters, sought to purchase the 1371 Germano Way property for $2,000,000. Id. The mechanism by which the United States sells that property and the amount for which it sells are not matters that require a court order. See 21 U.S.C. § 853(n)(7) (vesting title of forfeited property in United States and permitting the United States to transfer good title to any subsequent transferee). Accordingly, Yang's petition at ECF No. 223 is denied.

2

may have a legal interest in the property to be forfeited to "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). "At the hearing, the petitioner may testify and present evidence and witnesses on his own behalf and cross-examine witnesses who appear at the hearing." Id., subsection (5). The court must also "consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture." Id.

> Given the evidence at the hearing, the court must determine whether
>
> > the petitioner has established by a preponderance of the evidence that—
> >
> > (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
> >
> > (B) the petitioner is a bona fide purchase for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section . . . .

21 U.S.C. § 853(n)(6). If the court concludes that either of the preceding is true, it must "amend the order of forfeiture in accordance with its determination." Id.; see also Fed. R. Crim. P. 32.2(c).

"Following the court's disposition of all petitions filed under this subsection . . . the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7).

## III.   DISCUSSION

Under 21 U.S.C. § 853(n), Yang bears the burden of proving that either (1) he had a legal right, title, or interest in the forfeited property prior to or at the time Su committed her crimes; or (2) that he was a bona fide purchaser for value of a right, title, or interest in the forfeited property after Su committed her crimes. Here, Yang has made no allegations that the latter is true; the sole question is whether he has proven, by a preponderance of the evidence, that he possessed a legal interest in any of the forfeited property at the time that Su committed her crimes.

At the hearing, Yang provided no evidence that would tend to show that he had any interest in any of the forfeited property, or that any forfeited property was traceable, in whole or in part, to a legal interest that had vested in him prior to Su's crimes. The private bank account that contained the $100,000 Yang identified in his petition was not forfeited. Yang surmised that some of the $100,000 that Su deposited in the account named in his petition could have been transferred to an account that was forfeited, but Yang provided no evidence to support this speculation.

Given that Yang produced no evidence at the hearing, but rather only speculated that he may have had an interest that could be traceable to the forfeited property, the Court finds that Yang has failed to show by a preponderance of the evidence that he is entitled to any of the property that is subject to forfeiture pursuant to the Court's October 31, 2014 order.

**CONCLUSION**

For the foregoing reasons, the Court hereby dismisses Yang's petition and finds that its October 31, 2014 order of forfeiture should not be amended to account for any third party interests.[2] Accordingly, the October 31, 2014 order of forfeiture is final. See Fed. R. Crim. P. 32.2(c)(2). The United States' motion to dismiss Yang's petition is denied as moot.

IT IS SO ORDERED.

Dated: February 27, 2015

_____
JON S. TIGAR
United States District Judge

---

[2] The time has elapsed for any other third party to assert an interest in the property to be forfeited. See 21 U.S.C. § 853(n)(2) (providing that any petition for an ancillary hearing must be filed "within thirty days of the final publication of notice or . . . receipt of notice . . ., whichever is earlier").