MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CABN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7303
    Facsimile: (415) 436-7234
    Email:  david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>         Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> SUSAN SU, ) <br> ) <br>         Defendant. ) <br> ) <br> _____ ) <br> ) <br> HONG S. YANG, ) <br> ) <br>         PETITIONER. ) <br> _____ ) | CASE NO. CR 11-0288 JST <br><br> **AMENDED FINAL ORDER OF FORFEITURE** |

      On October 24, 2014, the Court entered a Preliminary Order of Forfeiture forfeiting the following property:

      a.   A 2009 Mercedes Benz, VIN XXXXXXX; California License Plate No. 6KHC985;

      b.   Real Property located at 1087 Murrieta Boulevard, #133, Livermore, California

AMENDED FINAL ORDER OF FORFEITURE
CR 11-0288 JST                               1

(APN 097-0085-132), and its legal description follows:
THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LIVERMORE, COUNTY OF ALAMEDA, STATES OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL ONE:

AN UNDIVIDED 1/154TH INTEREST IN AND TO ALL OF TRACT 3615, FILED FEBRUARY 18TH, 197, IN MAP BOOK 93, PAGES 74 AND 75, ALAMEDA COUNTY RECORDS.

EXCEPTING THEREFROM, THE FOLLOWING:

A. ALL OF THE CONDOMINIUM UNITS, AS SHOWN ON THE CONDOMINIUM PLAN, ATTACHED AS EXHIBIT "B" TO THE DECLARATION OF RESTRICTIONS RECORDED NOVEMBER 20, 1973, SERIES NO. 73-154587, OFFICIAL RECORDS.

B. THE EXCLUSIVE RIGHT TO USE ALL THOSE RESTRICTED COMMON AREAS, DESIGNATED AS BALCONIES AND PATIOS, SHOWN ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

PARCEL TWO:

UNIT 133, AS SHOWN ON THE CONDOMINIUM PLAN REFERRED TO IN PARCEL ONE ABOVE.

PARCEL THREE:
THE EXCLUSIVE RIGHT TO USE THOSE AREAS DESIGNATED AS "EXCLUSIVE USE COMMON AREAS" AS SHOWN ON THE CONDOMINIUM PLAN REFERRED TO IN PARCEL ONE ABOVE AND DEFINED IN THE "AMENDED AND RESTATED DECLARATION ON COVENANTS, CONDITIONS AND RESTRICTIONS ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF 1085-1087 MURRIETA BOULEVARD", RECORDED APRIL 7, 2005, SERIES NO. 2005136300, OFFICIAL RECORDS.

APN: 097-0085-132

c.  Real Property Located at 405 Boulder Court, Suite 700, Pleasanton, California (APN 946-4547-296) and its legal description follows:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF PLEASANTON, COUNTY OF ALAMEDA, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL NO. 1:
A condominium consisting of: (1) a separate interest in Unit No. G1 in Condominium Building No. 1, as shown on the Condominium Plan (the "Plan") recorded on December

AMENDED FINAL ORDER OF FORFEITURE
CR 11-0288 JST                                                    2

14, 2009 as Document No. 2009-385402 in the records of Alameda County, California, and as further described in the Vision West Commerce Center Declaration of Restrictions (CC&Rs)
(the "Declaration") recorded on December 14, 2009 as Document No. 2009-385403 in the records of Alameda County, California, and as described in the Declaration; (2) an undivided 1/8th interest in the Building Common Area of Condominium Building No. 1 described in the Plan and in Section 1.6 of the Declaration; and (3) an undivided 1/28th interest in the Condominium Common Area described in the Plan and in Section 1.10 of the Declaration, which condominium is located on the real property described on the map entitled "Parcel Map 9805" (the "Map") recorded on December 14, 2009 in Book 315 of Maps, Pages 3 and 4 in the records of Alameda County, California.

EXCEPTING AND RESERVING THEREFROM THE FOLLOWING:

(i)     All of the Condominium Units in the Condominium Building described in Parcel No. 1 above other than the Unit described in Parcel No. 1 above;
(ii)    The exclusive right to use all of those areas designated as "Exclusive Use Common Area" as described in the Declaration and Plan set aside and allocated for the exclusive use of the Owners of Condominiums other than the Condominiums described in Parcel No. 1 above; and
(iii)   Easements and rights for use, enjoyment, access, ingress, egress, encroachment, maintenance, repair, replacement, drainage, support, and other purposes as described in the Declaration, including the Condominium Building easement described in Section 2.7 of the Declaration.

SUBJECT TO:
Non-exclusive rights of ingress, egress and support through the Common Area.

PARCEL NO. 2:
Non-exclusive rights of ingress, egress and support in, through and over the Common Area of the Condominium Building described in Parcel No. 1 above.

PARCEL NO. 3:
An exclusive right to use the area(s) designated as Exclusive Use Common Area(s) and appurtenant to Parcel No. 1 above as described in the Declaration and the Plan.

PARCEL NO. 4
Easements on, in, over and through the Association Property described in Sections 2.3, 2.4, 2.5, 2.6 and 2.7 of the Declaration, for access to and use of any Exclusive Use Common Area situated thereon and appurtenant to Parcel No. 1 as described in the Declaration, and for support from the land under and adjacent to the Improvements within Parcel No. 1 above, all of which are subject to the covenants, conditions, restrictions, right, duties benefits and burdens described in the Declaration.

Assessor's Parcel No 946-4547-296 (New)
formerly 946-4547-267-01 (Portion)

   d. Real Property Located at 405 Boulder Court, Suite 800, Pleasanton, California (APN 946-4547-297) and its legal description follows:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF PLEASANTON, COUNTY OF ALAMEDA, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

AMENDED FINAL ORDER OF FORFEITURE
CR 11-0288 JST                                              3

PARCEL NO. 1:
A condominium consisting of: (1) a separate interest in Unit No. H1 in Condominium Building No. 1, as shown on the Condominium Plan (the "Plan") recorded on December 14, 2009 as Document No. 2009-385402 in the records of Alameda County, California, and as further described in the Vision West Commerce Centre Declaration of Restrictions (CC&Rs) (the "Declaration") recorded on December 14, 2009 as Document No. 2009-385403 in the records of Alameda County, California, and as described in the Declaration; (2) an undivided 1/8th interest in the Building Common Area of Condominium Building No. 1 described in the Plan and in Section 1.6 of the Declaration; and (3) an undivided 1/28th interest in the Condominium Common Area described in the Plan and in Section 1.10 of the Declaration, which condominium is located on the real property described on the maps entitled "Parcel Map 9805" (the "Map") recorded on December 14, 2009 in Book 315 of Maps, Pages 3 and 4 in the records of Alameda County, California.

EXCEPTING AND RESERVING THEREFROM THE FOLLOWING:

(i) All of the Condominium Unites in the Condominium Building described in Parcel No. 1 above other than the Unit described in Parcel No. 1 above;
(ii) The exclusive right to use all of those areas designated as "Exclusive Use Common Area" as described in the Declaration and Plan set aside and allocated for the exclusive use of the Owners of Condominiums other than the Condominiums described in Parcel No. 1 above; and
(iii) Easements and rights for use, enjoyment, access, ingress, egress, encroachment, maintenance, repair, replacement, drainage, support, and other purposes as described in the Declaration, including the Condominium Building easement described in Section 2.7 of the Declaration.

SUBJECT TO:
Non-exclusive rights of ingress, egress and support through the Common Area
.
PARCEL NO. 2:
Non-exclusive rights of ingress, egress and support in, through and over the Common Area of the Condominium Building described in Parcel No. 1 above.

PARCEL NO. 3:
An exclusive right to use the area(s) designated as Exclusive Use Common Area(s) and appurtenant to Parcel No. 1 above as described in the Declaration and the Plan.

PARCEL NO. 4:
Easements on, in, over and through the Association Property described in Sections 2.3, 2.4, 2.5, 2.6 and 2.7 of the Declaration, for access to and use of any Exclusive Use Common Area situated thereon and appurtenant to Parcel No. 1 as described in the Declaration, and for support from the land under and adjacent tot he Improvements within Parcel No. 1 above, all of which are subject to the covenants, conditions, restrictions, right, duties, benefits and burdens described in the Declaration.

Assessor's Parcel No. 946-4547-297 (New)
formerly 946-4547-267-01

e. Real Property located at 2890 Victoria Ridge Court, Pleasanton, California (APN 946-4580-018), and its legal description follows:

AMENDED FINAL ORDER OF FORFEITURE
CR 11-0288 JST                                                    4

       THE LAND DESCRIBED HEREIN IS SITUATED ON THE STATE OF CALIFORNIA, COUNTY ALAMEDA, CITY OF PLEASANTON, AND DESCRIBED AS FOLLOWS:

       LOT 18, TRACT 5908, FILED DECEMBER 28, 1988, MAP BOOK 181, PAGE 23, ALAMEDA COUNTY RECORDS.

       APN: 946-4580-018

    f. Real Property located at 1371 Germano Way, Pleasanton, California (APN 950-29-18), and its legal description follows:

       LOT 14, OF TRACT 7156, FILED JUNE 27, 2000, IN MAP BOOK 251, AT PAGES 57-62, ALAMEDA COUNTY RECORDS
.
EXCEPTING THEREFROM:
ALL OIL, MINERALS, GAS, CASINGHEAD GAS, ASPHALTUM AND OTHER HYDROCARBONS AND ALL CHEMICAL GAS, NOW OR HEREAFTER FOUND, SITUATED OR LOCATED IN ALL OR ANY PART OR PORTION OF THE REAL PROPERTY ABOVE-DESCRIBED, LYING MORE THAN FIVE HUNDRED (500) FEET BELOW THE SURFACE THEREOF, TOGETHER WITH THE RIGHT TO SLANT DRILL OR MINE FOR, AND REMOVE ALL OR ANY PORTION OF SAID SUBSTANCES LYING BELOW A DEPTH OF MORE THAN FIVE HUNDRED (500) FEET BELOW THE SURFACE THEREOF, AND THE RIGHT TO GRANT LEASES FOR ALL OR ANY OF SAID PURPOSES; BUT WITHOUT ANY RIGHT WHATSOEVER TO ENTER UPON THE SURFACE OF SAID LAND OR UPON ANY PART OF SAID LAND WITHIN FIVE HUNDRED (500) FEET VERTICAL DISTANCE BELOW THE SURFACE

ALSO EXCEPTING THEREFROM:
THE RIGHT TO DRILL FOR, EXTRACT, PUMP AND USE ALL WATER NOW OFHEREAFTER FOUND, SITUATED OR LOCATED IN ALL OR ANY PART OR PORTION OF THE REAL PROPERTY ABOVE-DESCRIBED; BUT WITHOUT ANY RIGHT WHATSOEVER TO ENTER UPON THE SURFACE OF SAID LAND OR UPON ANY PART OF SAID LAND WITHIN FIVE HUNDRED (500) FEET VERTICAL DISTANCE BELOW THE SURFACE THEREOF.

    g. Any remaining funds in bank accounts identified in the government's application for forfeiture, ECF No. 129 at 6-7, which the government calls "Bank Proceeds,"

    h. Any interest or appreciation accrued on the aforementioned property, and

    i. A monetary judgment in the amount of the difference between $5,601,844.72 and the total value of the aforementioned property subject to forfeiture, if the total value of aforementioned property is less than $5,601,844.72

pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(6)(A)(ii), 28 U.S.C. § 2461(c) and the procedures outlined in the Rule 32.2 of the Federal Rules and Criminal Procedure.

      The United States represents that it has complied with the publication notice requirements of the

AMENDED FINAL ORDER OF FORFEITURE
CR 11-0288 JST                       5

Preliminary Order.

On December 31, 2014, Dr. Hong S. Yang, petitioned the Court for an ancillary hearing to assert his interest to one of Susan Su's private bank account. On February 17, 2015, Dr. Hong S. Yang filed another petition on behalf of himself and his daughters to purchase the forfeited Real Property at 1371 Germany Way, Pleasanton, CA. On February 27, 2015, the Court denied both petitions.

UPON CONSIDERATION of the foregoing, it is by the Court on this ___ day of _____ 2015,

ORDERED that the above-described property shall be forfeited to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(6)(A)(ii), 28 U.S.C. § 2461(c) and the procedures outlined in the Rule 32.2 of the Federal Rules and Criminal Procedure. All right, title, and interest in said property is vested in the United States of America. The appropriate federal agency shall dispose of the forfeited property according to law.

HONORABLE JON S. TIGAR
United States District Judge