MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

DAVID COUNTRYMAN (CABN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7303
    FAX: (415) 436-7234
    david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 11-00288 JST |
| Plaintiff, | **STIPULATED AGREEMENT TO POSTPONE SALE OF CERTAIN PROPERTY** |
| v. | |
| SUSAN XIAO-PING SU, | |
| Defendant. | |

    This Agreement to Postpone Sale ("Agreement") is made between Susan Su and Sophie Su (hereinafter "Owners") and the Department of Homeland Security, Homeland Security Investigations (hereinafter "Agency").

    On November 10, 2011, the Grand Jury returned a thirty-five count Superseding Indictment, charging Su with wire fraud, mail fraud, conspiracy to commit visa fraud, visa fraud, use of a false document, false statements, alien harboring, unauthorized access of a government computer, and money laundering. United States v. Su, CR 11-00288 JST, Docket No. ("ECF") 21. The Superseding Indictment also contained four forfeiture allegations seeking, in part, the forfeiture of five parcels of real property (hereinafter "Subject Properties"), described below:

///

AGREEMENT TO POSTPONE SALE
CR 11-00288 JST

      a.    1087 Murrieta Blvd., #113, Livermore, CA;

      b.    405 Boulder Court, Suite 800, Pleasanton, CA;

      c.    405 Boulder Court, Suite 700, Pleasanton, CA;

      d.    2890 Victoria Ridge Court, Pleasanton, CA;

      e.    1371 Germano Way, Pleasanton, CA.

On March 24, 2014, the jury returned guilty verdicts against Su, finding her guilty of all remaining counts charged in the Superseding Indictment. ECF 119. On October 24, 2014, the Court entered a Preliminary Order of Forfeiture that authorized the seizure and forfeiture of the Subject Property and a forfeiture money judgment. ECF 199. On November 6, 2014, the Court entered the criminal judgment against Su, which included forfeiture of the Subject Properties. While that judgment is final as to Su, the United States intends to seek a Final Order of Forfeiture from the Court to complete the forfeiture as to any third-party interests once publication is complete.

Therefore, it is hereby agreed, upon execution of the Agreement, and in compliance with all the terms and conditions stated herein, that:

1. the Owners will withdraw the pending Motion to Stay Forfeiture of Real Property Pending Appeal (*United States v. Su*, No. 14-10499 (9th Cir. Nov. 6, 2014));

2. the Agency will not sell the following properties until the resolution of defendant Susan Su's current appeal of her criminal conviction (*United States v. Su*, No. 14-10499 (9th Cir. Nov. 6, 2014)): 405 Boulder Court, Suite 800, Pleasanton, CA and 405 Boulder Court, Suite 700, Pleasanton, CA (hereinafter the "Stayed Properties");

**TERMS AND CONDITIONS**

1. It is understood by the Owners that this Agreement does not create any interest in the land or a tenancy of any kind, but rather this Agreement is a license by the Agency of the Stayed Properties subject to revocation by the Court at the discretion of the Court or for violations of the terms and conditions of this Agreement.

2. The Agency shall have the right to re-enter the Stayed Properties, with or without the consent of Owners, at reasonable times to inspect and/or appraise the property, or for any other purpose consistent with this Agreement.

AGREEMENT TO POSTPONE SALE
CR 11-00288 JST

3. Owners shall maintain the Stayed Properties at Owners' expense in the same, or better, condition and repair as when seized. The term "maintain" shall include, but not be limited to keeping the Stayed Properties free of hazards and/or structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the Stayed Properties clean and performing such necessary sanitation and waste removal; maintaining the Stayed Properties and grounds in good condition by providing snow removal, lawn mowing and all other ordinary and necessary routine maintenance.

4. Owners shall maintain casualty and fire insurance equal to the full replacement cost of the Stayed Properties and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from use of the Stayed Properties, or activities or conditions thereon, in the minimum amount of [Appraised value]. Additionally, Owners shall arrange for a rider to all abovementioned policies naming the United States as a loss payee and additional insured for the life of the Agreement. Owners shall deliver proof of such insurance to the Agency no later than the seventh calendar day following the execution of this Agreement.

5. Owners shall timely pay any and all mortgage, home equity loan, rent, utilities, sewer, trash, maintenance, cable television, tax and/or other obligations, otherwise necessary and due on the Stayed Properties, for the life of this Agreement. Moreover, Owners shall abide by all laws, codes, regulations, ordinances, covenants, rules, bylaws, binding agreements and/or stipulations or conditions pertaining to the care, maintenance, control and use of the Stayed Properties.

6. Owners shall not convey, transfer, sell, lease, or encumber in any way, title to the Stayed Properties. Nor shall they permit any person to occupy the Stayed Properties without the express written approval of the Agency.

7. Owners shall not remove, destroy, alienate, transfer, detract from, remodel or alter in any way, the Stayed Properties or any fixture, which is part of the Stayed Properties, ordinary wear excepted, without express written consent of the Agency.

8. Owners shall not use the Stayed Properties for any illegal purposes or permit the use of the Stayed Properties for such purposes; use the Stayed Properties so that they pose a danger to the

AGREEMENT TO POSTPONE SALE
CR 11-00288 JST

health or safety of the public or a danger to law enforcement; or use the Stayed Properties so that they adversely affect the ability of the Agency or its designee to manage the Stayed Properties.

9. If Owners violate any term or condition of this Agreement, the Agency shall notify Owners that they have ten (10) days to correct the violation(s). If Owners fail to correct the violation(s) cited by the Agency within that period, the Agency upon notice to Owners and all parties to the forfeiture action, may immediately petition the Court for directions to remove Owners, and all other persons occupying the property, pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims, Rule E(4)(d).

10. Owners, on behalf of themselves, their heirs, statutory survivors, executors, administrators, representatives, successors and assignees ("potential claimants"), agrees that they do hereby release the United States, its agencies, agents, assigns and employees ("potential federal defendants") in their official and individual capacities, from any and all pending or future claims for injuries, demands, damages, suits and causes of actions arising from Owners' possession, maintenance, occupancy and/or use of the property.

11. Owners, on behalf of himself/herself and other potential claimants, further agrees to indemnify the United States, and other potential federal defendants, as to any and all pending or future claims, demands, damages, suits and causes of actions regarding any damage or personal injuries incurred on, or as a result of, the Stayed Properties.

12. Owners acknowledge that violation of the contents of this Agreement as it pertains to the removal or destruction of property under the care, custody, or control of the Agency constitutes a violation of federal criminal law, specifically, 18 U.S.C. § 2233 entitled "Rescue of Seized Property." That section provides for a fine not exceeding $2,000, or imprisonment not exceeding two (2) years, or both.

13. Owners agree to protect, feed and provide all reasonable and necessary veterinary care for any domestic animals permitted by the Agency to remain upon the seized property.

14. This Agreement shall be construed in accordance with federal law, and any conflict over the terms and conditions of this Agreement must be decided by the Court as part of the forfeiture action.

AGREEMENT TO POSTPONE SALE

| | | |
|---|---|---|
| 1 | Dated: | _____ |
| 2 | | DAVID COUNTRYMAN |
| 3 | | Assistant United States Attorney |
| 4 | Dated: 4/9/2015 | _____ 04/09/2015 |
| 5 | | SUSAN SU |
| 6 | | Defendant and Owner of Subject Real Properties |
| 7 | Dated: 4/14/2015 | _____ |
| 8 | | SOPHIE SU |
| 9 | | Property Manager of Stayed Properties |
| 10 | Dated: 4/9/2015 | _____ |
| 11 | | JOHN JORDAN, ESQ. |
| | | Attorney for Susan and Sophie Su |

AGREEMENT TO POSTPONE SALE
CR 11-00288 JST