FILED

DEC 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> SUSAN XIAO-PING SU, AKA Susan Su, <br><br> Defendant - Appellant. | No. 14-10499 <br><br> D.C. No. 4:11-cr-00288-JST-1 <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted October 21, 2015
San Francisco, California

Before: SILVERMAN and CHRISTEN, Circuit Judges, and DUFFY,\*\* District Judge.

Susan Su appeals her jury conviction and sentence for wire fraud, mail fraud, conspiracy to commit visa fraud, visa fraud, use of a false document, false

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

statement to a government agency, alien harboring, unauthorized access of a government computer, and money laundering. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not err in denying Su's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). Su contends that (1) the government's trial evidence generally was insufficient; and (2) the district court should have granted the Rule 29 motion on three separate grounds.

Su does not provide any support on appeal for her first argument, which is in any event without merit. Viewing the evidence in the light most favorable to the government, we conclude that there was ample evidence from which a rational jury could have convicted Su. *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc).

The district court did not err in finding that sufficient evidence supports Su's convictions for alien harboring under 8 U.S.C. § 1324(a)(1)(A)(iii). Su contends that the government failed to prove that the two individuals at issue were in the United States illegally or that Su shielded them from detection. From the evidence presented at trial, a rational juror could conclude that Su employed two individuals that remained in the United States in violation of law after they failed to maintain their F-1 student status, *see Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir.

2008), and that Su shielded the individuals from government detection by creating false immigration documents.

The district court also did not err in finding that certain convictions for wire fraud under 18 U.S.C. § 1343 and visa fraud under 18 U.S.C. § 1546(a) that involve fictional aliens were not factually impossible to commit. Because defrauding a real F-1 student rather than a fictional F-1 student is not an element of wire fraud or visa fraud, Su's factual impossibility argument is without merit. *See United States v. McCormick*, 72 F.3d 1404, 1408 (9th Cir. 1995) (finding that sufficient evidence supported the essential elements of a crime so the crime was not factually impossible to commit).

Finally, Su's money laundering convictions under 18 U.S.C. § 1957(a) did not "merge" with her visa fraud convictions. *See United States v. Santos*, 553 U.S. 507, 516-17 (2008). Su purchased real estate and a car using property derived from visa fraud, but those monetary transactions were independent, and not a "'central component,'" of Su's fraudulent scheme, *United States v. Bush*, 626 F.3d 527, 535 (9th Cir. 2010) (citation omitted), and thus did not "merge" with Su's fraud convictions.

In sum, the district court's denial of Su's Rule 29 motion was not error and is affirmed.

**2.** The district court did not abuse its discretion when it denied Su's Federal Rule of Criminal Procedure 33 motion for a new trial based on newly discovered evidence and the interest of justice. *See United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). The district court correctly found that "the failure to discover the evidence sooner [was] the result of a lack of diligence on [Su's] part," *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005), and therefore did not abuse its discretion in finding that Su's post-trial psychological evaluation was not newly discovered evidence. Because Su did not raise her argument that a new trial is warranted in the interest of justice until more than fourteen days after the jury verdict, the district court did not abuse its discretion in deeming her motion as untimely. Fed. R. Crim. P. 33(b)(2); *see United States v. French*, 748 F.3d 922, 935 (9th Cir. 2014).

**3.** The district court did not err when it calculated Su's Sentencing Guidelines range, and Su's below-Guidelines sentence was not substantively unreasonable. "[W]e first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

The district court did not err when it applied sentencing enhancements under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2B1.1(b)(1)(J) (eighteen-level

4

increase for loss more than $2,500,000) and U.S.S.G. § 3C1.1 (two-level increase for obstruction of justice). The district court's determination of the amount of loss, which was based on the government's evidence at trial that $5.6 million could be traced to the fraud, was not clearly erroneous. *See United States v. Santos*, 527 F.3d 1003, 1006 (9th Cir. 2008). The district court did not err in imposing the obstruction of justice enhancement, because the judge's findings that Su was not making a competency argument and that Su urged government witnesses to give testimony that she knew was false were not clearly erroneous.[1] *See United States v. Shetty*, 130 F.3d 1324, 1333 (9th Cir. 1997).

The district court did not err in grouping Su's convictions pursuant to U.S.S.G. § 3D1.2(d) and properly calculated the offense level for the unauthorized access of a government computer conviction. *See United States v. Tank*, 200 F.3d 627, 632 (9th Cir. 2000). The convictions in the first group meet the criteria in U.S.S.G. § 3D1.2(d) and are specifically enumerated as offenses to be grouped under subsection (d). In contrast, the conviction in the second group—unauthorized access of a government computer—is expressly excluded

---

[1] Contrary to Su's argument, the district court was not required to hold a hearing on the obstruction enhancement. *See United States v. Sarno*, 73 F.3d 1470, 1503 (9th Cir. 1995) ("There is no right to an evidentiary hearing so long as the facts that prove dispositive at sentencing find support in the record.").

from grouping under subsection (d). The Guidelines calculation for group two included a cross reference under U.S.S.G. § 2B2.3(c)(1) for intent to commit visa fraud, which is also a conviction in the first group, and sentencing enhancements for role in the offense and obstruction of justice, which are also included in the first group. Because any potential overlap between the two groups accounted for more than one type of harm caused by Su's conduct, there was no impermissible double counting. *See United States v. Parker*, 136 F.3d 653, 654 (9th Cir. 1998).

Finally, the district court's sentence was not substantively unreasonable and the court did not abuse its discretion in imposing it. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Su's sentence is significantly below the Guidelines range and is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense. *See id.*; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**4.** The district court did not err in issuing a preliminary forfeiture order against Su. We reject Su's arguments concerning the loss amount and the alien harboring convictions for the reasons discussed above. Following the verdict, the district court addressed Su's objections to the preliminary forfeiture order at an

omnibus hearing. The district court therefore satisfied the requirement to hold a hearing for contested forfeiture orders. *See* Fed. R. Crim. P. 32.2(b)(1)(B).

**AFFIRMED.**