1
2
3
4                      UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                Case Nos. 11-cr-00288-JST
                                                        17-cv-02885-JST
              Plaintiff,
8
                                              **SECOND ORDER DENYING MOTION
9         v.                                  FOR RECONSIDERATION; ORDER
                                              DENYING MOTION FOR SENTENCE
10   SUSAN XIAO-PING SU,                       REDUCTION**

              Defendant.                      Re: ECF Nos. 269, 271, 275, 288, 289, 291
11

12

13        Before the Court are numerous pro se motions filed by Defendant Susan Su:  (1) a motion

14   for reconsideration of the Court's May 18, 2018 order, *see* ECF No. 262, denying Su's motion to

15   vacate her sentence under 28 U.S.C. § 2255, ECF Nos. 269, 271, 291; (2) a motion for a sentence

16   reduction under 18 U.S.C. § 3582(c)(2), ECF No. 275; and (3) two motions for bail pending

17   appeal, ECF Nos. 288, 289.  For the reasons that follow, the Court will deny the motions.[1]

18   **I.      BACKGROUND**

19        **A.      Charges and Trial**

20        From September 2008 to January 2011, Su created and ran Tri-Valley University

21   ("TVU"), a school in Pleasanton, California that collected tuition and other fees from non-

22   immigrant aliens in return for maintaining their student visa status.  ECF No. 199 at 2.  Su

23   defrauded its students and the federal government, collecting at least $5.6 million in "tuition fees,"

24

25   _____

26   [1] The record conclusively shows that Su is not entitled to relief.  Moreover, it is sufficiently
     developed to controvert the allegations Su makes in her motion for reconsideration, so the Court
27   will maintain its denial of Su's request for an evidentiary hearing.  *See United States v. Mejia-
     Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) ("The district court has discretion to deny an evidentiary
28   hearing on a § 2255 claim where the files and records conclusively show that the movant is not
     entitled to relief." (citation omitted)).

United States District Court
Northern District of California

1    and using those funds to purchase a number of properties. *Id.*

2         On March 24, 2014, after a three-week trial, the jury unanimously found Su guilty of all 31

3    counts charged against her. ECF No. 209. The charges included wire fraud (18 U.S.C. § 1343);

4    mail fraud (18 U.S.C. § 1341); conspiracy to commit visa fraud (18 U.S.C. § 371); visa fraud (18

5    U.S.C. § 1546(a)); use of a false document and false statements (18 U.S.C. § 1001(a)(3)); alien

6    harboring (18 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(A)(v)(II), (a)(1)(B)(i)); unauthorized use of a

7    government computer (18 U.S.C. § 1030(a)(3)); and money laundering (18 U.S.C. § 1957(a)).

8    ECF No. 199 at 2.[2]

9         **B.    Sentencing**

10        Subsequently, Su filed motions for a judgment of acquittal and new trial under Federal

11   Rules of Criminal Procedure 29(c) and 33. ECF Nos. 166, 167. On October 31, 2014, this Court

12   denied both motions and sentenced Su to 198 months' imprisonment. ECF No. 203. In

13   determining the sentence, the Court adopted the recommendations in the Presentence Report with

14   only minor exceptions not relevant here, and set Su's offense level at 40 under the United States

15   Sentencing Guidelines ("Guidelines"). ECF No. 213 at 58, 69-70. When applied to Su's criminal

16   history score of 0, that offense level yielded a sentencing range of 292 to 365 months. ECF No.

17   194 ¶¶ 73-80. But the Court departed downward four levels after considering the factors set forth

18   in 18 U.S.C. § 3553(a). *See* ECF No. 213 at 44, 75-78.

19        The Court also ordered restitution in the amount of $1,015,795.64 and entered a forfeiture

20   order permitting the United States to take possession of all proceeds and property traceable to her

21   offenses. *See id.*; ECF Nos. 208, 226.

22        **C.    Direct Appeal**

23        On November 3, 2014, Su appealed her convictions and sentence to the Ninth Circuit.

24   ECF No. 205. The Ninth Circuit affirmed. *United States v. Su*, 633 Fed. Appx. 635 (9th Cir.

25   2015). On May 16, 2016, the Supreme Court denied certiorari. *Su v. United States*, 136 S. Ct.

26   2043 (2016); ECF No. 235 at 79.

27

28   [2] During the trial, the Court dismissed three money laundering counts and one alien harboring
     count on the Government's motion. ECF. No. 112.

**D.    Procedural History**

On May 15, 2017, Su filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255.

ECF No. 235.[3]  The Court denied the motion on May 18, 2018, holding that all of Su's claims

were either procedurally barred or non-reviewable; the Court also declined to issue a certificate of

appealability.  ECF Nos. 262, 265.

On May 30, 2018, Su filed a notice of appeal.  ECF No. 267.  She then filed a motion for

reconsideration with this Court on June 15, 2018.  ECF No. 269.[4]  The Court initially denied the

motion because it concluded that it lacked jurisdiction to decide the motion due to Su's pending

appeal.  ECF No. 270.

On July 11, 2018, while that appeal was pending, Su filed a motion for a reduction in

sentence under 18 U.S.C. § 3582(c)(2).  ECF No. 275.

On November 5, 2018, the Ninth Circuit concluded that the notice of appeal did not divest

the Court of jurisdiction over Su's motion for reconsideration and remanded Su's appeal "for the

limited purpose of permitting [this Court] . . . to consider the June 15, 2018 motion on its merits,"

while holding the appeal in abeyance.  ECF No. 290 at 2.

With this guidance, the Court now considers Su's motion for reconsideration on the merits.

Because, as explained below, Su's motion for a sentence reduction also seeks to amend her

pending § 2255 petition, the Court resolves that motion in this same order.

**II.    MOTION FOR RECONSIDERATION**

The Court first considers Su's motion for reconsideration.  ECF Nos. 269, 271.

---

[3] Su filed a memorandum in support of her motion to vacate under 28 U.S.C. § 2255 on May 16,
2017.  ECF No. 237.  She then filed a second amended memorandum on August 1, 2017.  ECF
No. 244.  These memoranda are substantially identical.  This order reconsiders the issues raised in
both filings.

[4] On June 12, 2018, Su also filed an addendum to her motion for reconsideration, ECF No. 271,
which contains a motion substantially similar to her initial motion for reconsideration, ECF No.
269.  The exhibits and attachments to which Su refers in both motions were attached to the
addendum.  *See* ECF No. 271-1.

3

1     **A.      Legal Standard**

2          The Ninth Circuit has stated that "[m]otions for reconsideration after a final order are . . .

3     available in § 2255 cases." *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000).

4     Further, the Ninth Circuit has suggested that "it makes sense to conclude that a motion for

5     reconsideration of an order finally resolving a § 2255 petition must meet the time limits set in Rule

6     59(e)" of the Federal Rules of Civil Procedure. *Id.*  The Ninth Circuit's remand in this case, which

7     cites Federal Rule of Appellate Procedure 4(a)(4), further confirms that the Court should treat Su's

8     motion as a "motion[] under the Federal Rules of Civil Procedure" subject to "the time allowed by

9     those rules." Fed. R. App. P. 4(a)(4)(A).

10         Because Su's motion for reconsideration was filed within 28 days, the Court therefore

11    construes it as motion to alter or amend a judgment under Rule 59(e). *See Am. Ironworks &*

12    *Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

13         A motion under Rule 59(e) "should not be granted, absent highly unusual circumstances,

14    unless the district court is presented with newly discovered evidence, committed *clear error*, or if

15    there is an intervening change in the law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.

16    1999) (emphasis in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th

17    Cir. 1999)).  A district court does not commit clear error warranting reconsideration when the

18    question before it is a debatable one. *See McDowell*, 197 F.3d at 1256 (district court did not abuse

19    its discretion in denying reconsideration where question whether it could enter protective order in

20    habeas action limiting Attorney General's use of documents from trial counsel's file was

21    debatable).

22         Courts construing Rule 59(e) have noted that a motion to reconsider is not a vehicle

23    permitting the unsuccessful party to "rehash" arguments previously presented, or to present

24    "contentions which might have been raised prior to the challenged judgment." *Costello v. United*

25    *States*, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991).  These holdings "reflect[ ] district courts'

26    concerns for preserving dwindling resources and promoting judicial efficiency." *Id.*

27

28

1    **B.    Discussion**

2        **1.        Original § 2255 Motion**

3        In her original § 2255 motion, Su raised four challenges to her convictions.  First, Su

4  argued that her mail and wire fraud convictions should be vacated because her conduct fell outside

5  the scope of the statutes.  ECF No. 244 at 3.  She claimed that, for the purposes of 18 U.S.C.

6  §§ 1341, 1343, money or property must be obtained from the deceived party, and the I-17 and I-20

7  forms that were fraudulently obtained from the Department of Homeland Security (DHS) were

8  certificates that did not constitute "property" in the hands of the DHS.  *Id.* at 3, 5-24.  Su asserted

9  the jury instructions did not properly require the jury to determine whether the deceived party

10  suffered a pecuniary loss.  *Id.* at 23-24.

11        Second, Su argued that her visa fraud convictions should be vacated because the I-20

12  forms employed in her scheme were not among the documents covered under 18 U.S.C. § 1546(a).

13  *Id.* at 24-25, 27-29.  She asserted that an element of the offense was identification of the I-20 as a

14  document prescribed by statute and that this determination should have been submitted to the jury.

15  *Id.* at 29-31.  Su took the position that this alleged error created a constructive amendment

16  triggering automatic reversal.  *Id.* at 32-33.

17        Third, Su argued that her alien harboring convictions should be vacated because the two

18  individuals she shielded from immigration authorities were not "illegal aliens."  *Id.* at 34, 36-40.

19  She claims these individuals maintained valid F-1 visa status during the relevant period because

20  they were rightfully employed on TVU's campus as permitted by 8 C.F.R. § 214.2(f)(6)(i)(H).  *Id.*

21  at 37-39.

22        Fourth, Su argued that her money laundering convictions should be vacated because they

23  presented an intrinsic merger problem with her other convictions.  *Id.* at 40, 42-54.  She claimed

24  the jury was not properly instructed that, under the money laundering statute, "proceeds" are to be

25  interpreted as "profits."  *Id.* at 52-53.  Su asserted this instruction did not permit the jury to

26  determine whether her purchases of real estate and a car were integral components of her other

27  convictions.  *Id.*  Su also argued that it was error for the Court to allow these purchases to be used

28

5

as evidence of criminal intent in her other convictions. *Id.* at 48.[5]

The Court rejected those claims. The Court concluded that the first and second claims failed because "Su is procedurally barred from presenting her arguments challenging the mail fraud, wire fraud, and visa fraud convictions because she failed to raise them on direct appeal and also fails to demonstrate cause and prejudice to overcome the procedural default." ECF No. 262 at 5 (citing *Sanchez-Llamas v. Oregon,* 548 U.S. 331, 351 (2006); *Su*, 633 F. App'x at 635). Moreover, the Court rejected Su's reply argument that actual innocence excused her procedural default because she presented no new evidence in support. ECF No. 262 at 6.

The Court concluded that the third and fourth claims were not reviewable because Su had unsuccessfully raised these arguments to the Ninth Circuit on direct appeal. *See United States v. Currie,* 589 F.2d 993, 995 (9th Cir. 1979); *see also Su*, 633 F. App'x at 637.[6]

### 2.    Motion for Reconsideration

In her motion for reconsideration,[7] Su first disputes the Court's application of the procedural bar to her first and second claims. Su contends that the Court committed clear error because the "[d]octrine of procedural default does not apply to [a] claim of jurisdictional error." ECF No. 269 at 3 (citation omitted). Su argues that her third and fourth claims were likewise jurisdictional challenges and that the Court therefore clearly erred in finding them not reviewable. *Id.* at 6; ECF No. 291 at 8, 10. Su previously raised this argument in her reply brief in support of her original motion, and the Court rejected it, concluding that "it would find that the superseding indictment sufficiently stated offenses against federal law and vested the Court with jurisdiction

---

[5] Su also argued that the Court's forfeiture and restitution orders were flawed, ECF No. 244 at 54-57, but then conceded that those challenges were not properly brought in a § 2255 motion, ECF No. 260 at 22. *See also* ECF No. 262 at 7.

[6] The Ninth Circuit held that "a rational juror could conclude that Su employed two individuals that remained in the United States in violation of law after they failed to maintain their F-1 status," and that Su's money laundering convictions "were independent, and not a 'central component' of Su's fraudulent scheme, and thus did not 'merge' with Su's fraud convictions." *See Su*, 633 Fed. Appx. at 637 (citation omitted).

[7] After the Ninth Circuit remanded Su's appeal for the Court to decide this motion, Su filed a motion to supplement the record containing additional legal argument, substantially similar to her preceding motions and briefs. ECF No. 291. In light of Su's pro se status, the Court GRANTS the motion and considers these arguments as well.

1    over this matter."  ECF No. 262 at 6 n.5 (citing ECF No. 21 at 4-12; *United States v. Rider*, 282

2    F.2d 476 (9th Cir. 1960)).

3            Moreover, these arguments lack merit.  Whether the conduct charged satisfies the elements

4    of an offense is not an unwaivable jurisdictional question.  A court "has jurisdiction of all crimes

5    cognizable under the authority of the United States . . . [and][t]he objection that the indictment

6    does not charge a crime against the United States goes only to the merits of the case."  *United*

7    *States v. Cotton*, 535 U.S. 625, 631 (2002) (alterations in original) (quoting *Lamar v. United*

8    *States*, 240 U.S. 60, 65 (1916)).  Indeed, "courts have consistently determined that the

9    jurisdictional element of federal crimes does not present a pure question of the court's subject-

10   matter jurisdiction."  *United States v. Ratigan*, 351 F.3d 957, 963 (9th Cir. 2003).  Accordingly,

11   claims that various forms were not "property" under 18 U.S.C. § 1341, or "documents" covered in

12   18 U.S.C. § 1546(a), are not "true jurisdictional question[s]" exempt from procedural default,

13   *Ratigan*, 351 F.3d at 962.  The same is true for claims that two individuals were not "illegal

14   aliens" under 8 U.S.C. § 1324, or that Su's money laundering convictions "merged" with her visa

15   fraud convictions as a matter of law.  Because Su's claims are "simple question[s] of the legal

16   sufficiency of the government's evidence of one element of the charged offense," they may be

17   "barred by procedural default," *Ratigan*, 351 F.3d at 964, or found unreviewable.

18           Su's reliance on *United States v. Mitchell*, 867 F.2d 1232 (9th Cir. 1989) does not assist

19   her.  *See* ECF No. 291 at 4.  There, an intervening Supreme Court decision established a different

20   interpretation of the criminal statute that applied retroactively.  *See Mitchell*, 867 F.2d at 1232

21   (citing *McNally v. United States*, 483 U.S. 350 (1987)).  In concluding that the defendant's

22   "failure before trial and on direct appeal to challenge the indictment on the ground now asserted

23   does not bar collateral attack," the *Mitchell* court stated that if the defendant's "claim were correct,

24   the indictment would fail to state an offense against the United States and the district court would

25   be deprived of jurisdiction."  *Id.* at 1233 n.1 (citation omitted).  To the extent *Mitchell* indicates

26   that defects in the indictment are jurisdictional (and that this is relevant to Su's claims), it cannot

27   be reconciled with the Supreme Court's later guidance in *Cotton*.  *See* 535 U.S. at 631 ("Insofar as

28   it held that a defective indictment deprives a court of jurisdiction, [*Ex parte Bain*, 121 U.S. 1

7

1    (1887),] is overruled."); *see also United States v. Velasco-Medina*, 305 F.3d 839, 845-46 (9th Cir.

2    2002) (holding that an argument that "the indictment's failure to allege the specific intent required

3    for attempted reentry deprived the district court of jurisdiction because the indictment failed to

4    charge him with an offense against the United States" was "untenable in light of the Supreme

5    Court's recent decision in [*Cotton*]").

6          Therefore, the Court concludes that it did not clearly err in applying the doctrine of

7    procedural default to Su's first and second claims.  The Court likewise concludes that it did not

8    clearly err in holding that Su's third and fourth claims were unreviewable because they had been

9    rejected by the Ninth Circuit on direct appeal.  Moreover, as previously stated, even if the Court

10   were to conclude that Su's claims raised jurisdictional questions, "it would find that the

11   superseding indictment sufficiently stated offenses against federal law and vested the Court with

12   jurisdiction over the matter."  ECF No. 262 at 6 n.5 (citing ECF No. 21 at 4-12).

13         Second, Su argues that the Court clearly erred in rejecting her theory of actual innocence.

14   ECF No. 271 at 5-6.  The core of Su's "actual innocence" argument is a reprise of her statutory

15   interpretation arguments that her conduct did not meet the elements of various offenses.  "One

16   way a petitioner can demonstrate actual innocence is to show in light of subsequent case law that

17   he cannot, as a legal matter, have committed the alleged crime."  *Vosgien v. Persson*, 742 F.3d

18   1131, 1134 (9th Cir. 2014).  Su relies on a line of cases where, consistent with this exception,

19   binding authority issued after the petitioners' final judgments reinterpreted an essential element of

20   an offense.  *See Bousley v. United States*, 523 U.S. 614, 618 (1998) (intervening prior Supreme

21   Court decision); *United States v. Avery*, 719 F.3d 1080, 1081 (9th Cir. 2013) (intervening Supreme

22   Court decision); *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011) (intervening

23   Ninth Circuit en banc decision).

24         Su has identified no such case here.  The only intervening case cited by Su in support of

25   this argument, *see* ECF No. 271 at 6, is *United States v. Thomsen*, 830 F.3d 1049, 1059-63 (9th

26   Cir. 2016).  The Court previously rejected Su's argument based on *Thomsen*, and Su has not

27   shown that this was clear error.  *See* ECF No. 262 at 5 n.4.

28         Su also argues that additional evidence submitted with her motion for reconsideration

8

1    supports her actual innocence claim. ECF No. 271 at 6-9. The 500-plus pages of exhibits she

2    submitted relate to the operation of TVU. *See* ECF No. 271-1. This evidence is not convincing.

3    First, Su has not shown that this is "newly discovered evidence" that emerged after her original

4    § 2255 motion, such as would justify granting this motion for reconsideration under Rule 59(e).

5    *McDowell*, 197 F.3d at 1255. Second, even if Su had presented this evidence with her first

6    motion, the Court would not have concluded that "in light of new evidence, it is more likely than

7    not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt."

8    *Jones v. Taylor*, 763 F.3d 1242, 1247 (9th Cir. 2014) (alteration in original) (quoting *House v.*

9    *Bell*, 547 U.S. 518, 537 (2005)).[8] Su's evidence consists of putative TVU records, and given that

10   the Government's evidence controverted TVU's appearance of legitimacy despite similar records,

11   these additional records do not meet the "extraordinarily high" bar to show that Su was actually

12   innocent. *Id.* at 1246 (citation omitted).

13        The Court therefore DENIES Su's motion for reconsideration of her § 2255 motion.

14   **III.    MOTION FOR SENTENCE REDUCTION**

15        The Court next turns to Su's motion for a sentence reduction. ECF No. 275.

16        **A.    Jurisdiction**

17        As an initial matter, Su's appeal of her § 2255 motion is still pending at the Ninth Circuit,

18   although held in abeyance pending the Court's above resolution of her motion for reconsideration.

19   *See* ECF No. 290 at 2. The Ninth Circuit remanded that appeal for "the limited purpose" of

20   permitting the Court to address on the merits Su's motion for reconsideration of that order. ECF

21   No. 290 at 2. Therefore, the Court may lack jurisdiction to grant Su's motion for a sentence

22   reduction. *See United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015) (holding district

23   court lacked jurisdiction to grant motion for sentence reduction while conviction was on direct

24   appeal); Fed. R. Crim. P. 37 advisory committee's note. The Court need not decide the question,

25   however, because the Court retains jurisdiction to deny the motion on the merits, and it does so

26

27   _____

     [8] Because the Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief
     based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392

28   (2013), the Court assumes without deciding that such a claim is cognizable and applies this
     standard. *See Jones*, 763 F.3d at 1246.

1  here.  *See United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984); Fed. R. Crim. P. 37(a)(2); Fed.

2  R. Civ. P. 62.1(a)(2).[9]

3       **B.**     **Legal Standard**

4       A federal court generally "may not modify a term of imprisonment once it has been

5  imposed," though Congress has opened an exception for a defendant whose sentence is based on a

6  Guidelines range the Sentencing Commission has subsequently lowered.  18 U.S.C. § 3582(c).

7  When the Commission makes an amendment *and* designates it as retroactive, § 3582(c)(2)

8  authorizes a court to reduce an otherwise-final sentence based on the amended provision:

9          Because the Commission has statutory authority [under 28 U.S.C. §
10          994(u)] both to amend the Guidelines and to "determin[e] whether
           and to what extent an amendment will be retroactive . . . [a] court's
11          power under § 3582(c)(2) . . . depends in the first instance on the
           Commission's decision not just to amend the Guidelines but to make
12          the amendment retroactive."

13  *United States v. Navarro*, 800 F.3d 1104, 1110 (9th Cir. 2015) (quoting *Dillon v. United States,*

14  560 U.S. 817, 826 (2010)).  Section 1B1.10(d) of the 2016 Guidelines Manual identifies the

15  amendments a court may apply retroactively to reduce an already-imposed sentence.

16       At the first step in § 3582(c)(2)'s limited inquiry, a court should consider the sentence it

17  would have originally imposed had the Guidelines, as amended, been in effect at that time.

18  U.S.S.G. §1B1.10(b)(1).  At step two, a court revisits 18 U.S.C. § 3553(a) to see if its factors

19  warrant the reduction.  28 U.S.C. § 3582(c)(2).  But consulting § 3553(a) "is appropriate only at

20  the second step of this circumscribed inquiry, [so] it cannot serve to transform the proceedings

21  under § 3582(c)(2) into plenary resentencing proceedings."  *Dillon*, 560 U.S. at 828.  In other

22  words, these provisions cannot properly "be used as a 'full resentencing' that reconsiders a

23  sentence based on factors unrelated to a retroactive Guidelines amendment."  *United States v. Fox*,

24  631 F.3d 1128, 1132 (9th Cir. 2011) (quoting U.S.S.G. § 1B1.10(a)(3)).

25

26

27  ⁹ Because the potentially applicable criminal and civil provisions are identical, the Court also need
   not decide which one applies. *Cf. Kingsbury v. United States*, 900 F.3d 1147, 1151 (9th Cir. 2018)
28  (holding that a specific provision of the civil rules applies to § 2255 proceedings but declining to
   "reach a conclusion about the civil or criminal nature of § 2255 proceedings generally").

**C.     Discussion**

Su contends that "amendments and clarifications" to the 2016 Guidelines authorize a twelve-level reduction of her sentence. ECF No. 275 at 2. The Court disagrees.

Su relies on Amendment 791 and Amendment 792. ECF No. 275 at 5-8. Amendment 791 adjusted § 2B1.1's monetary tables. *See* U.S.S.G., Supplement to Appendix C, Amendment 791. Amendment 792 changed the benchmark for § 2B1.1(b)(2)(C)'s six-level increase from offenses that "involved 250 or more victims" to offenses that "resulted in substantial financial hardship to 25 or more victims." U.S.S.G., Supplement to Appendix C, Amendment 792. The Court cannot modify Su's sentence based on either amendment because the Sentencing Commission did not designate them as retroactive. *See Navarro*, 800 F.3d at 1110; *cf.* U.S.S.G. § 1B1.10(d).

Su argues that the Court may nonetheless apply certain provisions of Amendment 791 and Amendment 792 because they are clarifying (as opposed to substantive). ECF No. 286 at 8-12. Even were the Court to accept this characterization, it is immaterial. Su's reliance on cases that involve the retroactive application of clarifying amendments on direct appeal is misplaced. *See, e.g.*, *United States v. Aquino*, 242 F.3d 859, 865 (9th Cir. 2001). A sentence modification under 18 U.S.C. § 3582(c)(2) must be "consistent with applicable policy statements issued by the Sentencing Commission." The Commission has explicitly stated that a reduction "is not consistent with [its] policy statement . . . and therefore not authorized under 18 U.S.C. § 3582(c)(2) if . . . [n]one of the amendments listed [as expressly retroactive] is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2); *see also United States v. Mercado-Moreno*, 869 F.3d 942, 949 n.1 (9th Cir. 2017) ("Because § 3582(c)(2) motions must be based on a retroactive Guidelines amendment, § 1B1.10 functions as a gatekeeper, specifying which amendments apply retroactively and thus give rise to a sentence reduction motion under § 3582(c)(2)."). Su's argument therefore lacks merit.

Su's remaining arguments dispute the calculation of the economic loss figure, ECF No. 275 at 3-6, the application of an "obstruction of justice" increase, *id.* at 7-8, and the denial of an "acceptance of responsibility" decrease, *id.* at 8-11. These claims are not based on any

11

1    amendments to the Sentencing Guidelines, let alone a retroactive one, and therefore are not

2    properly before the Court in this motion. *See Dillon*, 560 U.S. at 826.

3          Accordingly, the Court DENIES Su's motion to reduce her sentence under § 3582(c)(2).

4    **IV.    REQUEST TO CONSTRUE AS MOTION TO AMEND § 2255 PETITION**

5          In her reply brief in support of her 18 U.S.C. § 3582(c)(2) motion, Su requests that, to the

6    extent her arguments are barred, the Court construe it as a motion under 28 U.S.C. § 2255. ECF

7    No. 286 at 14-21. Although the Court "generally disfavors arguments raised for the first time on

8    reply," *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 1070116, at \*9 (N.D. Cal.

9    Feb. 27, 2018), it will address this request in light of Su's pro se status.

10         Ordinarily, were the Court to construe Su's motion as a § 2255 motion, it would be a

11   second or successive motion, and the Court would be unable to consider it because Su has not

12   obtained certification from the Ninth Circuit. *See* 28 U.S.C. § 2255(h). The Ninth Circuit has

13   instructed, however, that when an original habeas petition is pending, a district court should

14   construe a second "*pro se* habeas petition as a motion to amend [the] pending habeas petition."

15   *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008). The Court therefore construes Su's request as

16   a motion to amend her original § 2255 motion.[10]

17         Because the one-year statute of limitations had run when Su filed her reply brief, *see* 28

18   U.S.C. § 2255(f), Su may not raise her new claims if they are "supported by facts that differ in

19   both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650

20   (2005).

21         First, Su raises an ineffective assistance of counsel claim, arguing that her counsel was

22   ineffective at sentencing and on appeal for failing to raise various challenges to her sentence. ECF

23   No. 286 at 15. These arguments are unavailing. The facts underlying Su's contention that counsel

24   should have requested the full content of the emails demonstrating that Su "contacted witnesses

25

26   ─────────────────
     [10] Though *Woods* involved a § 2254 petition that was pending before the *district court*, the *Woods*
27   court expressly followed a Second Circuit decision where a § 2255 motion was pending on appeal
     and a second petition was filed with the district court. *See* 525 F.3d at 889 (citing *Ching v. United*
28   *States*, 298 F.3d 174, 176 (2d Cir. 2002)). Given the Ninth Circuit's limited remand in this case,
     the Court concludes that it has jurisdiction to address this petition and deny Su's motion to amend.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    before and during the trial, and urged them to give false testimony," ECF No. 213 at 56 – the basis

2    for the obstruction of justice enhancement – "differ in both time and type" from whether Su was

3    guilty of the crimes charged, the subject of her original § 2255 motion. *Mayle*, 545 U.S. at 650.

4    Moreover, amendment would be futile because (1) her counsel did review the emails, *see* ECF No.

5    213 at 55, and so was not ineffective; and (2) Su was not prejudiced because the Ninth Circuit did

6    address her obstruction of justice argument on direct appeal and rejected it, *see Su*, 633 F. App'x

7    at 638.

8          Similarly, whether Su accepted responsibility for her crimes after the fact does not relate

9    back to the facts of the illegality of her conduct that form the basis for her original motion.

10   Alternatively, amendment would be futile because Su had not taken responsibility at sentencing,

11   *see* ECF No. 213 at 75, and still has not done so now. Therefore, counsel was not ineffective for

12   failing to raise this meritless argument, nor was Su prejudiced.

13         Whether counsel failed to argue the 18 U.S.C. § 3553(a) factors at sentencing likewise

14   does not relate back, and in the alternative, amendment would be futile because counsel actually

15   did so. ECF No. 213 at 60-63.

16         Even if the facts underlying the "sophisticated means" enhancement and loss amount

17   arguably share a common core of operative facts with Su's challenges to her convictions,

18   amendment would be futile. Counsel did object to sophisticated means, ECF No. 213 at 50, and

19   the underlying claim is meritless, *id.* at 53-54. Similarly, Su's brief makes clear that she is

20   attempting to raise the same loss amount argument counsel already raised, ECF No. 286 at 11,

21   which was rejected by this Court and the Ninth Circuit, *see Su*, 633 F. App'x at 638.

22         Su's second new claim is that her sentence violated the Eighth Amendment because it was

23   grossly disproportionate. *See* ECF No. 286 at 16-17 (citing *Solem v. Helm*, 463 U.S. 277 (1983)).

24   It appears to the Court that Su's proportionality argument, which focuses on sentences given in

25   similar cases, ECF No. 286 at 16-17, does not share a common core of operative facts sufficient

26   for relation back. *See Alfaro v. Johnson*, 862 F.3d 1176, 1184 (9th Cir. 2017) (holding that new

27   claim based on "systemic delay" in state capital system did not relate back to claim based on "the

28   procedural history of [petitioner's] own case, and the delay she has personally experienced").

13

1    But even were the Court to permit amendment, it would reject this claim on the merits.

2    "Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, [a]

3    court will not overturn it on Eighth Amendment grounds." *United States v. Albino*, 432 F.3d 937,

4    938 (9th Cir. 2005) (per curiam) (quoting *United States v. Parker*, 241 F.3d 1114, 1117 (9th Cir.

5    2001)). Su's below-Guidelines sentence – which the Ninth Circuit has already affirmed as not

6    substantively unreasonable, *see Su*, 633 F. App'x at 638 – is not one of the "exceedingly rare"

7    cases in which the sentence is "grossly disproportionate to the gravity of [the] offense." *United*

8    *States v. Meiners*, 485 F.3d 1211, 1213 (9th Cir. 2007) (per curiam).[11]

9    Finally, Su repeats her "jurisdictional" and "actual innocence" arguments advanced in

10    support of her motion for reconsideration. ECF No. 286 at 17-21. These arguments do not raise

11    new claims, but nonetheless fail for the reasons described above.

12    Accordingly, the Court DENIES Su's motion to amend her § 2255 petition because her

13    new claims are untimely and do not relate back, or futile, or both.

14    **V.    MOTIONS FOR BAIL PENDING APPEAL**

15    Finally, Su has filed a motion for bail pending the appeal, ECF No. 288, and a "motion for

16    enlargement pursuant to [Federal Rule of Appellate Procedure] 23," ECF No. 289. The two

17    motions are substantially identical and the Court construes both as requests for relief under

18    Appellate Rule 23(b)(3), which provides that "[w]hile a decision not to release a prisoner is under

19    review, the court or judge rendering the decision . . . may order that the prisoner be: . . . (3)

20    released on personal recognizance, with or without surety." Because Su has "not demonstrated her

21    appeal is an extraordinary case involving 'special circumstances' or presents a 'high probability of

22    success,'" *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994), *as amended* (Feb. 8, 1995)

23    (quoting *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989) (per curiam)), the Court DENIES Su's

24    motions for bail pending appeal.

25

26

27    [11] "Because this is not the 'rare case in which a threshold comparison of the crime committed and
the sentence imposed leads to an inference of gross disproportionality,' [the Court] need not

28    conduct an inter– and intra-jurisdictional analysis." *Meiners*, 485 F.3d at 1213 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991)).

14

1

**CONCLUSION**

2    For the foregoing reasons, the Court (1) denies Su's motion for reconsideration of the

3  Court's order denying Su's 28 U.S.C. § 2255 motion to vacate her sentence; (2) denies Su's

4  motion to reduce her sentence under 18 U.S.C. § 3582(c)(2); (3) denies Su's constructive motion

5  to amend her § 2255 motion; and (4) denies Su's motions for bail pending appeal.

6    Pursuant to the Ninth Circuit's intervening guidance in *Kingsbury v. United States*, 900

7  F.3d 1147, 1150 (9th Cir. 2018), the Court will enter judgment regarding Su's § 2255 motion in a

8  separate document.

9    **IT IS SO ORDERED.**

10  Dated:  March 20, 2019



11

JON S. TIGAR
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court<br>Northern District of California

15