UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. SUSAN XIAO-PING SU, Defendant. | Case No. 11-cr-00288-JST-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: ECF No. 380 |
|---|---|

Before the Court is Susan Xiao-Ping Su's pro se motion for early termination of supervised release. ECF No. 380. The Court will deny the motion.

## I. BACKGROUND

From September 2008 to January 2011, Su created and ran Tri-Valley University ("TVU"), a school in Pleasanton, California that collected tuition and other fees from individuals in return for maintaining their student visa status. ECF No. 199 at 2. The school did not provide educational content. Su collected at least $5.6 million in "tuition fees," which she used to enrich herself. *Id.*

On March 24, 2014, after a trial, the jury unanimously found Su guilty of 31 counts, including wire fraud (18 U.S.C. § 1343); mail fraud (18 U.S.C. § 1341); conspiracy to commit visa fraud (18 U.S.C. § 371); visa fraud (18 U.S.C. § 1546(a)); use of a false document and false statements (18 U.S.C. § 1001(a)(3)); alien harboring (18 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(A)(v)(II), (a)(1)(B)(i)); unauthorized use of a government computer (18 U.S.C. § 1030(a)(3)); and money laundering (18 U.S.C. § 1957(a)). *Id.*

The Court sentenced Su to a total of 198 months in prison followed by a three-year term of supervised release. ECF No. 209 at 3. On March 18, 2022, the Court granted Su's motion for

1  compassionate release and ordered her released from federal custody. ECF No. 365. Su now

2  moves to terminate her supervised release. ECF No. 380. The Government opposes the motion.

3  ECF No. 383.

## II. LEGAL STANDARD

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which provides that a court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1); *United States v. Henry*, No. 11-cr-7032-MLH, 2020 WL 4281966, at *2 (S.D. Cal. June 23, 2020). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmet*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3553(e)(1)). In making that determination, the statute directs the court to "consider[ ] the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(c). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendants" and "the need . . . to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a). It is the defendant's burden to justify the early termination of supervised release. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). The defendant is not required to demonstrate exceptional circumstances or undue hardship to prevail on a motion for early termination. *United States v. Ponce*, 22 F.4th 1045, 1047–48 (9th Cir. 2022).

## III. DISCUSSION

The Court is not persuaded that early termination of supervision is appropriate at this time. Although Su need not demonstrate "exceptional or extraordinary circumstances" or "exceptionally good behavior" to warrant early termination, *Ponce*, 22 F.4th at 1047, the § 3553(a) factors and the interests of justice clearly weigh in favor of continued supervised release.

The first factor is the seriousness of Su's crime. Su's fraudulent scheme was long in duration and massive in scope. The scheme ran from September 2008 to January 2011, allowing Su to collect at least $5.6 million in "tuition fees." ECF No. 199 at 1. Su then used those funds to purchase at least five pieces of real property and a 2009 Mercedes Benz. *Id.* at 4–5. TVU defrauded at least 939 students and the federal government, and generated at least a thousand false visas. ECF No. 213 at 71. Continued supervised release is appropriate to adequately reflect the severity and breadth of Su's fraudulent conduct. *See United States v. Hunt*, No. 22-CR-00128-JST-1, 2022 WL 19975390, at *2 (N.D. Cal. Dec. 20, 2022) (denying motion for termination of supervised release in part because of severity of defendant's criminal conduct).

Second, although Su has thus far complied with all terms of her supervised release, continued supervised release will deter Su from resuming criminal activity. *See Hunt*, 2022 WL 19975390, at *1 (denying motion for early termination of supervised release despite defendant complying with all terms of supervised release). Courts in the Ninth Circuit have recognized the deterrent value of continued supervised release. *United States v. Edrington*, No. 2:10-CV-362-JCM(PAL), 2023 WL 4587303, at *2 (D. Nev. July 18, 2023) (finding that "deterrence of future conduct and the need to protect the public both weigh in favor of supervision"); *United States v. Talksabout*, No. CR 10-79-GF-DLC-RKS, 2014 WL 103774, at *1 (D. Mont. Jan. 8, 2014) (finding that "continued supervised release will serve as a deterrent to the temptations of future alcohol abuse and protect the community"). Nor are the Court's concerns about deterrence and recidivism purely theoretical. Shortly after her arrest in this case, Su attempted to establish a new sham university called "Global University." ECF No. 213 at 73. Continued supervised release will remove any temptation to engage in similar conduct, and allow the Court to act promptly if such conduct occurs.

The Court therefore denies Su's motion for termination of her supervised release.

Su also requests that the Court delete the supervised release condition that she not leave the judicial district without permission of the court or her probation officer. She argues that this condition unnecessarily hinders her ability to work. She states that she has been writing scripts and would like to turn them into movies. ECF No. 30 at 5–6. The only evidence she provides that

3

her supervised release condition hinders this goal is her statement that "[m]any producers and directors are living in L.A." ECF No. 380 at 6. This evidence is insufficient to show that Su's travel condition is "hampering her advancement at work." *Hunt*, 2022 WL 19975390, at *2. The Court therefore denies this request.

## CONCLUSION

For the foregoing reasons, Su's motion for early termination of supervised release is denied.

**IT IS SO ORDERED.**

Dated: October 11, 2023

JON S. TIGAR
United States District Judge