United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

Plaintiff,

v.

SUSAN XIAO-PING SU,

Defendant.

Case No. 11-cr-00288-JST-1

**ORDER DENYING MOTION FOR RESTITUTION CREDIT UPON DISBURSEMENT OF FORFEITED FUNDS**

Re: ECF No. 389

Before the Court is Defendant Susan Su's motion to be released from her remaining restitution obligations upon the disbursement of funds forfeited pursuant to her conviction. ECF No. 389. The request is denied.

On March 24, 2014, Su was convicted by a jury of 31 felony counts, including wire fraud, mail fraud, visa fraud, alien harboring, and money laundering. ECF No. 119. These charges arose from Su's position as president of Tri-Valley University, a school that collected tuition and other fees from non-immigrant noncitizens in return for maintaining their student visa status. On October 31, 2014, the Court sentenced Su to 198 months' imprisonment, three years of supervised release, a $3,025 special assessment, and $904,198.84 in restitution apportioned between victims PayPal, Inc. and Total Merchant Services Inc. ECF No. 213. The parties subsequently stipulated to correct the restitution amount to $1,015,795.64. ECF Nos. 208, 209. The Court also ordered forfeiture of $5,601,844.72 in property derived from total tuition proceeds traceable to Su's crimes, including a vehicle, five real estate parcels, and any remaining funds in bank accounts identified by the government in its application for forfeiture. ECF No. 226.

Su filed an appeal that did not challenge the Court's order for restitution. *See United States v. Su*, 633 F. App'x 635 (9th Cir. 2015). She first challenged the Court's restitution order

United States District Court
Northern District of California

on May 15, 2017, in a motion pursuant to 28 U.S.C. § 2255 that also challenged her convictions. ECF Nos. 235, 244. On May 18, 2018, the Court denied Su's motion on procedural grounds. ECF No. 262. Su again challenged the Court's restitution order on April 29, 2022, in a motion to "remove" restitution which the Court denied on June 28, 2022. ECF No. 367, 373.

Su filed the instant motion on March 28, 2026. ECF No. 389. The government responded on April 14, 2026 and Su replied on April 28, 2026. ECF Nos. 392, 393. The government then moved for leave to file a surreply and Su moved for leave to file a sur-surreply. ECF Nos. 394, 395.

Su asks the Court to enforce a purported agreement with the government under which Su would waive a jury trial for forfeiture and in exchange, her restitution obligations would be satisfied by disbursements from the forfeited assets. ECF No. 389. She states that she entered into this agreement during the original proceedings leading up to her conviction, but attaches no evidence of its existence to her motion. ECF No. 389 at 1, 2; *see* Crim. L.R. 47-2(b) (requiring motions presenting issues of fact to establish those facts through competent declarations or affidavits). She also states that at the sentencing hearing on October 31, 2014, government forfeiture attorney David Countryman "reassured Ms. Su through defense attorney Mr. John Jordan that government would offset PayPal and Total Merchant Services restitution with the forfeited fund once the forfeiture was completed," but again offers no evidence. ECF No. 389 at 3. Her requests for relief rely entirely on the existence of this agreement. *Id*. at 5. Neither Su nor the government explains the procedural mechanism through which this Court could grant Su's request or the legal standard that should govern it. In any case, the request is baseless.

As the government notes, ECF No. 392 at 5, this is at least the third time that Su has argued that she should be released from her restitution obligations by virtue of the forfeiture amount, but the first time she has relied on any purported agreement to that effect. ECF No. 235 at 13, 66–68, ECF No. 367. Su offers no explanation for failing to raise this alleged agreement earlier.[1]

[1] In her reply brief on her April 29, 2022 motion to remove restitution, Su stated in passing that "all parties involved had the same understanding and agreement that the government will only take

The available evidence from Su's pretrial and trial proceedings suggests that no such agreement existed. Su waived jury review of the forfeiture issue at the final pre-trial conference on February 7, 2014. Upon the government's request "to have the defense announce on the record that they waive the jury review of the forfeiture aspect and are prepared to have the Court decide that," Su's attorney explained that he had never tried forfeiture to a jury before and that his intention was to resolve it via briefing after the verdict. ECF No. 181 at 21. When asked by the Court whether she waived her jury right on forfeiture, Su said after a brief hesitation: "Okay. We'll have the Court decide." *Id.* Neither Su, her counsel, nor the government referenced any agreement or suggested that Su's waiver was given pursuant to an agreement; in fact, Su's counsel's explanation that it was his general practice to have clients waive a jury on forfeiture suggests the absence of special circumstances like an agreement.

When the parties discussed forfeiture again at a status conference one week after trial, Su interjected: "I ask for a jury trial on forfeiture." ECF No. 160 at 7. The Court noted that she had already waived that right on the record and admonished her to speak through counsel in the future. *Id.* at 7–8. Again, Su and her counsel made no reference to an agreement with the government, (which she would apparently have been reneging on by asking for a jury trial on forfeiture).

Finally, neither the trial transcripts; the sentencing transcript; the parties' sentencing memoranda; the parties' filings related to sentencing, restitution, and forfeiture; the judgment; nor the Court's final order of forfeiture reference an agreement to satisfy the restitution amount using forfeiture funds. *See* ECF No. 392 at 4 (citing ECF Nos. 129, 131, 144–56, 168, 195, 196, 198, 199, 200, 207, 208, 209, 213, 218, 220, 223–28). Had an agreement to satisfy restitution from the forfeiture amount been in place, Su's counsel would presumably have raised it in the sentencing memorandum to strengthen Su's argument that the victims would not ultimately be harmed.

In her reply, Su raises several arguments purporting to establish the existence of an agreement.[2] She first argues that the plea agreement offered to her by the government contained a

---

what the left over balance in the accounts—that is after off-set the restitutions," ECF No. 372 at 5, but she offers no further explanation about this agreement or evidence of its existence.

[2] "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Seeking to address these new arguments, the

provision for no restitution. ECF No. 393 at 3. Even if this were true, Su rejected the plea agreement. And the plea agreement Su attached to her reply in fact required Su to agree to pay "restitution in an amount to be determined by the Court" and to "make a good faith effort to pay any fine, forfeiture, or restitution [she is] ordered to pay." ECF No. 393-1 at 9. An annotation to the document, apparently added by Su, states "[t]here is no way I can pay any [restitution] after the forfeiture," suggesting that she understood that restitution could be imposed separately from forfeiture under the terms of the plea agreement. *Id*.

Second, Su states that "the bargain actually happened during" the pretrial conference of February 7, 2014, the relevant portion of which the Court recounted already in this order. ECF No. 393 at 4. She explains that when the Court offered to "take pleas in some other cases" to give Su time to think, she was reminded of the plea agreement offered to her earlier and decided to accept it. *Id*. Of course, that plea agreement did not contain any provision allowing the restitution obligation to be satisfied from the forfeiture amount. And even if it did, nothing about what Su said or did on February 7, 2014 evinced an intent to accept the plea bargain. Su never accepted the plea bargain, but instead went to trial.

Third, Su points to evidence that all parties understood her to have waived her right to a forfeiture jury, but that waiver is uncontested and does not by itself suggest the existence of an agreement for forfeiture funds to be used to cover restitution. ECF No. 393 at 5. The same is true of the fact that her defense attorney asked the Court to hold her restitution obligations satisfied from the forfeiture funds. *Id*. at 6 (citing ECF No. 198 at 24). Nothing about that request suggests the existence of an agreement. Rather, one would reasonably expect Su's attorney to have raised such an agreement to justify his request had one been in place. *Id*.

---

government moves for a surreply. ECF No. 394. Although surreplies are generally disfavored, they are appropriate to address new issues or new evidence raised in a reply brief. *See Laub v. Horbaczewski*, No. CV 17-6210-JAK (KSX), 2020 WL 5092452, at *1 (C.D. Cal. June 24, 2020) (citing *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040–41 (9th Cir. 2003)). The motion for leave to file a surreply is granted. The Court considers both Su's new reply arguments and the government's surreply responses to those arguments. Su also files a motion for leave to file a sur-surreply, although she cites no authority authorizing her to do so. ECF No. 395. In any case, none of the arguments raised therein would affect the Court's resolution of this motion. The motion for leave to file a sur-surreply is denied.

Finally, Su again cites the statement of David Countryman to the effect that the "government would offset PayPal and Total Merchant Services restitution with the forfeited fund once the forfeiture was completed," which she argues he would not have said absent an agreement to that effect. ECF No. 393 at 7. The transcript of that hearing does not contain such a statement. ECF No. 213. In any case, Su's assertion that one AUSA told her that her restitution would be offset using forfeited funds is simply not enough for the Court to conclude that the government entered an agreement with Su to which it can now be bound via judicial order.

Su also attaches a declaration to her reply stating that her defense attorney and another attorney at the same law firm explained to her that the plea agreement she was offered contained an offer to pay any restitution from the forfeiture funds. ECF No. 393-2 at 1–2. This written testimony is contradicted by the terms of the plea agreement and is irrelevant given that Su rejected the plea agreement. Su also declares that she explained in court that her waiver of a forfeiture jury was in exchange for not having to pay restitution separate from the forfeiture funds, but the transcript of proceedings shows that she said no such thing. *Compare* ECF No. 393-2 at 3 *with* ECF No. 181 at 20–21.

In light of the absence of any evidence of the purported agreement with the government, Su's belated contention that the government agreed to use forfeiture funds to satisfy any restitution obligation appears baseless. The motion is denied.

**IT IS SO ORDERED.**

Dated: August 5, 2026

JON S. TIGAR
United States District Judge