United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

Plaintiff,

v.

SUSAN XIAO-PING SU,

Defendant.

Case No. 11-cr-00288-JST-1

**ORDER ON MOTIONS FOR RECONSIDERATION**

Re: ECF No. 403, 404

Before the Court are two motions filed by Defendant Susan Su, asking the Court to reconsider its August 5, 2026 orders denying her prior motions for a restitution credit upon disbursement of forfeited funds and for a writ of coram nobis. ECF Nos. 403, 404.

Motions for reconsideration in criminal cases are . . . 'governed by the rules that govern equivalent motions in civil proceedings.'" *United States v. Arteaga-Centeno*, No. 18-CR-00332-CRB-1, 2019 WL 1995766, at *6 (N.D. Cal. May 6, 2019), *aff'd*, 836 F. App'x 589 (9th Cir. 2021) (quoting *United States v. Mendez*, No. CR-07-00011 MMM, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008)). Because judgment has been entered against Su, Federal Rules of Civil Procedure 59(e) and 60(b) apply. *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds,* 474 F.3d 1150 (9th Cir. 2007); *see Arteaga-Centeno*, 2019 WL 1995766, at *6 (Rule 60 proper vehicle for challenging dismissal of indictment).

Under Rule 60(b), a court can relieve a party from the effect of a judgment or order for: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994) (quoting *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Defendant Su does not satisfy any of the criteria set forth in Rule 59 or Rule 60. She has not identified any new facts or law, and she has not identified any failure by the Court to consider the facts or law she originally placed before it. For instance, her motion for reconsideration of the order denying restitution modification raises three arguments: (1) that the imposition of restitution constitutes interest charged in violation of federal law; (2) that she believed the government would waive restitution in exchange for her waiver of a forfeiture jury trial; and (3) that the government in fact agreed to waive restitution. ECF No. 403 at 2–3. The latter two arguments were considered extensively in the Court's prior order and the first is meritless. Su's motion for reconsideration of the Court's order denying a writ of coram nobis, ECF No. 402, is likewise deficient. The Court has already considered and rejected her theories that the indictment impermissibly charged regulatory fraud instead of property fraud, ECF No. 404 at 2–6; ECF No. 402 at 3–7, and that the visa fraud jury instruction permitted the jury to convict on non-criminal conduct, ECF No. 404 at 7–9; ECF No. 402 at 7–9. Her other arguments do not justify reconsideration.[1]

[1] The reconsideration motion also asserts that the Court neglected to adjudicate Su's argument, raised in her coram nobis petition, that the Court's visa fraud jury instruction erred in defining an I-20 form as one covered by 8 U.S.C. § 1546(a), when the jury should have been required to make a finding to that effect. ECF No. 404 at 6–7. The Court did not address this argument for several reasons. First, Su has not shown—in her original motion or her motion for reconsideration—that the Court's instruction defined an I-20 as a "document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States" under the statute, rather than merely identifying the I-20s as the documents towards which the jury should direct their attention. Second, Su has not shown that whether an I-20 form is covered by the statute was a fact question for the jury rather than a question of law for the Court. Third, any error was harmless because the I-20 forms unquestionably *do* satisfy the statute, and Su does not argue to the contrary.

United States District Court
Northern District of California

Both motions for reconsideration are denied in full.

**IT IS SO ORDERED.**

Dated: August 17, 2026

JON S. TIGAR
United States District Judge

---

A similar analysis applies to Su's argument that documents are not forged where an authorized agent signs on behalf of a principle. ECF No. 404 at 8–9 (citing *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 875 (9th Cir. 2008)). First, it was raised for the first time in her reply brief. ECF No. 400 at 7. Second, Su has not shown that that theory applies here, especially because (1) the evidence did not show that she was an "agent" for her own employees whose signatures she forged and (2) the evidence did show that the identity of the I-20 signatory is material to the integrity of the student visa system. *See* ECF No. 402 at 8.